CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (*pro hac vice*)
Kevin J. Orsini (*pro hac vice*)
Lauren M. Rosenberg (*pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel.: (212) 474-1000
Fax: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
lrosenberg@cravath.com

QUINN EMANUEL URQUHART & SULLIVAN LLP
Michael E. Liftik (CA Bar No. 232430)
Sarah Heaton Concannon (*pro hac vice*)
1300 I Street, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
michaelliftik@quinnemanuel.com
sarahconcannon@quinnemanuel.com

[Additional Counsel Included on Signature Page]

*Counsel for Defendants Dfinity USA Research LLC, Dfinity Foundation, and Dominic Williams*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL VALENTI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DFINITY USA RESEARCH LLC, DFINITY FOUNDATION and DOMINIC WILLIAMS,<br><br>Defendants. | Case No.: 3:21-cv-06118-JD<br><br>**DEFENDANTS' RESPONSE TO NOTICE OF PENDENCY OF OTHER ACTION PURSUANT TO LOCAL RULE 3-13**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rule 3-13(c), Defendants Dfinity USA Research, LLC, Dfinity Foundation and Dominic Williams (together, "Defendants") hereby submit this response to Lead Plaintiff Henry Rodriguez's and named plaintiff Daniel Valenti's (together, the "*Valenti* Plaintiffs'") Notice of Pendency of Other Action Pursuant to Local Rule 3-13. (ECF No. 66).

Defendants agree that *Ocampo v. Dfinity USA Research LLC et al.*, 21-cv-03843 (San Mateo Cnty. Super. Ct.) ("the *Ocampo* Action") overlaps significantly with this action, but do not request formal coordination at this time. Both the *Ocampo* Action and this action are brought on behalf of the same proposed classes, name the same Defendants and bring many of the same claims. In the *Ocampo* Action, as in this action, Plaintiff Daniel Ocampo, on behalf of a purported class, brings claims under Sections 5, 12(a)(1) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77*l*(a)(1), 77*o*, against the named Defendants in this action. Unlike Plaintiffs in this action, however, no additional claims are brought in the *Ocampo* Action for violations of Sections 10(b), 20(a) and 20A of the Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t-1, 78t(a). Plaintiffs in both actions allege that the Dfinity Foundation's sale of ICP tokens on or after May 10, 2021 was an unregistered securities offering, allegations that Defendants vigorously dispute.

As the *Valenti* Plaintiffs note, the *Ocampo* Action is currently in the pleading stage. The state court in the *Ocampo* Action recently sustained Defendants' demurrer with leave to amend.[1] *Ocampo v. Dfinity USA Research LLC*, 21-Civ-03843 (Cal. Sup. Ct. Apr. 7, 2022) (ECF No. 65-2). Plaintiff filed an amended complaint in the *Ocampo* Action on May 24, 2022, and a status conference was held on June 16, 2022.

Defendants further agree with the *Valenti* Plaintiffs that, *at present*, there is no need for formal coordination between this action and the *Ocampo* Action, particularly since the state court has sustained Defendants' demurrer with leave to amend. However, Defendants note that this action is currently subject to a discovery stay pursuant to the Private Securities Litigation Reform Act ("PSLRA") and reserve all rights to request coordination of discovery if both actions proceed beyond the Motion to Dismiss stage (or Demurrer stage, for the *Ocampo* Action) and

---

[1] While the *Ocampo* Court did not sustain Defendants' demurrer on statute of repose grounds, the Court sustained Defendants' demurrer as to all of Plaintiff's claims.

| | |
|---|---|
| 1 | such discovery stay is lifted. 15 U.S.C. § 77z-1(b)(1). Defendants anticipate that discovery will |
| 2 | overlap substantially if both cases proceed, so coordination of discovery may be appropriate to |
| 3 | both conserve party resources and promote an efficient determination of both actions. *See e.g.*, |
| 4 | *Remington v. Mathson*, No. CV 09-4547 NJV, 2010 WL 1233803, at *10 (N.D. Cal. Mar. 26, |
| 5 | 2010) (recognizing that discovery should be coordinated to the extent possible "to promote |
| 6 | efficiency and effectuate the speedy resolution of both cases"); *Hopkins v. Dow Corning Corp.*, |
| 7 | No. C88-4703 CEH, 1992 WL 176560, at *1 (N.D. Cal. May 27, 1992) (agreeing that |
| 8 | coordination of the discovery phases of related cases would promote the interests of efficiency |
| 9 | and judicial economy). |

| | | |
|---|---|---|
| 1 | Dated: June 17, 2022 | Respectfully Submitted, |
| 2 | | CRAVATH, SWAINE & MOORE LLP |

 /s/ Kevin J. Orsini
Antony L. Ryan (*pro hac vice*)
Kevin J. Orsini (*pro hac vice*)
Lauren M. Rosenberg (*pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel.: (212) 474-1000
Fax: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
lrosenberg@cravath.com

QUINN EMANUEL URQUHART & SULLIVAN LLP

 /s/ Michael E. Liftik
Michael E. Liftik (CA Bar No. 232430)
Sarah Heaton Concannon (*pro hac vice*)
1300 I Street, Suite 900
Washington, D.C. 20005
Tel.: (202) 538-8000
michaelliftik@quinnemanuel.com
sarahconcannon@quinnemanuel.com

Emily C. Kapur (CA Bar No. 306724)
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Tel.: (650) 801-5000
emilykapur@quinnemanuel.com

*Counsel for Defendants*