# EXHIBIT 5

# ECF 88

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COREY HARDIN and CHASE WILLIAMS, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>TRON FOUNDATION, JUSTIN SUN, and ZHIQIANG (LUCIEN) CHEN,<br><br>     Defendants. | CASE NO. 1:20-cv-02804-VSB |

### NOTICE OF MOTION TO WITHDRAW AS COUNSEL

PLEASE TAKE NOTICE that Kyle W. Roche, Esq. of Roche Freedman, LLP ("RF") respectfully moves the Court pursuant to Local Rule 1.4 to withdraw as one of the attorneys for the Proposed Class. Mr. Roche is no longer involved in RF's class action practice. Accordingly, pursuant to Local Rule 1.4, Mr. Roche respectfully requests to no longer receive docketing notifications *via* the ECF system. Mr. Roche also asks that the Court approve this withdrawal.

DATED: August 31, 2022                    Respectfully Submitted,


                                          **ROCHE FREEDMAN LLP**


                                          */s/ Kyle W. Roche*
                                          Kyle W. Roche
                                          99 Park Avenue, 19th Floor
                                          New York, NY 10016
                                          kyle@rochefreedman.com

                                          *Co-Lead Counsel and Attorneys for Plaintiffs*
                                          *and the Proposed Class*

SO ORDERED this _____ day of _____, 2022.

_____

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on August 31, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Kyle W. Roche*
Kyle W. Roche

# ECF 89



555 California Street        415.875.2300
12th Floor                   Fenwick.com
San Francisco, CA 94104

Dean S. Kristy
dkristy@fenwick.com | 415.875.2387

September 13, 2022

VIA ECF

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     _Clifford et al. v. TRON Foundation et al._, Case No. 1:20-cv-02804-VSB

Dear Judge Broderick:

We represent defendants TRON Foundation and Justin Sun. We write in response to plaintiffs' August 31, 2022 Motion for Kyle Roche to Withdraw as Attorney. ECF No. 88.

This case is one of several cryptocurrency-related class actions filed in this district by Mr. Roche's firm, Roche Freedman LLP ("Roche Freedman"). Mr. Roche filed a motion to withdraw in four of those cases on the same day, this action being one of them. The other cases are _In re Tether & Bitfinex Crypto Asset Litig._, No. 19-cv-9236-KPF, _Messieh v. HDR Global Trading Ltd._, No. 20-cv-3232-ALC, and _Lee v. Binance,_ No. 20-cv-2803-ALC. In the _Tether_ and _Messieh_ cases, defendants have responded by seeking removal of the Roche Freedman firm as interim class counsel based on public statements attributed to Mr. Roche concerning his motivations for bringing cryptocurrency-related litigation, which suggest that the actions were brought for purposes unrelated to the merits. In the wake of these comments, the other plaintiff firms involved in _Tether_ and _Messieh_ have also sought to remove the Roche Freedman firm as co-lead counsel (not just Mr. Roche individually). In _Messieh_, the Roche Freedman firm consented to withdraw after the named plaintiffs in that action requested that the firm do so. ECF No. 109. In a fifth case, _Williams v. Block.one_, No. 20-cv-2809-LAK, the Roche Freedman firm moved to withdraw altogether, citing "restructuring of its class action practice." ECF No. 154. For the same reasons discussed in these parallel actions, Roche Freedman should be removed from this action.

As Mr. Roche's comments have already been subject to extensive submissions in these similar cases, we will not repeat them all here.[1] In short, on August 26, 2022, the Crypto Leaks website published a report which included a series of video clips. Those clips show

---

[1] We have attached a number of the most relevant submissions from those cases, including defense opening and reply submissions (Ex. A), responses from Roche Freedman and Mr. Roche (Ex. B), and submissions by other plaintiffs' counsel (Ex. C).

Hon. Vernon S. Broderick
September 13, 2022
Page 2


Mr. Roche (1) discussing his financial interest in a third-party cryptocurrency company; (2) discussing his misuse of class action litigation as a "strategic instrument" or "tool" to benefit that personal financial interest and harm cryptocurrency competitors, which is "a completely different way than being a lawyer"; and (3) making other derogatory comments about both class members and jurors.

Mr. Roche has submitted a declaration in at least one of the cases indicating that he was intoxicated when he made the comments and describing this footage as "illegally taken without my knowledge or consent." *In re Tether*, No. 19-cv-9236-KPF, ECF No. 232-1. His firm has said the meeting that captured the footage was a "set up" and some statements made there were "intended to impress" but untrue. *Id.* at ECF No. 232 (included as Ex. B). Mr. Roche and his firm have not, however, denied that he made the statements. In *Tether,* Judge Failla has scheduled an October 3, 2022 hearing to take up these issues.

Mr. Roche's statements are deeply troubling and raise serious issues regarding the bona fides of this lawsuit, which TRON and Mr. Sun have moved to dismiss. Accordingly, as in these other cases, we believe it is appropriate to remove the Roche Freedman firm (not just Mr. Roche) as co-counsel for plaintiffs in this case. We are prepared to address this matter at the Court's convenience and suggest doing so after the matter is resolved in *Tether*.[2]

Sincerely,

FENWICK & WEST LLP

/s/ Dean S. Kristy

Dean S. Kristy


DSK:jat

---

[2] As discussed in detail in the pending motion to dismiss, plaintiffs' amended complaint is fatally flawed. Among other deficiencies, the claims are all time-barred, TRON is not a statutory seller under Section 12 of the Securities Act, and the federal securities laws do not apply extraterritorially to the claims, which involve sales of digital assets in 2017 completely outside the United States.

# ECF 92



September 19, 2022

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

Dear Judge Broderick:

We write in response to Defendants' September 13, 2022 letter asking the Court to disqualify Roche Freedman LLP (the "Firm") as co-lead counsel for Plaintiffs. Dkt. 89. The Court should deny Defendants' request.

In making their request, Defendants attached letters from other cases that reflect similar motions and the Firm's opposition. The Firm therefore presumes the Court is familiar with the background, the evidence refuting any impropriety beyond the false and inappropriate statements one lawyer made while intoxicated, and the steps the Firm has taken to address any concern raised by those statements. *See* Dkt. 89-2.

As an initial matter, the Firm respectfully submits that when weighing these issues, the Court should provide significant weight to the views of the named plaintiffs, who do not want the Firm removed. Named plaintiff Corey Hardin has submitted a declaration stating that he both (i) "strongly oppose[s] Defendants' request and believe[s] it is not in the best interest of the class," and (ii) believes that the Firm's removal would "result in prejudice to me and the class." Hardin Decl. ¶ 8. Named plaintiff Chase Williams has likewise authorized the Firm to convey to the Court that he does not want to submit a declaration but is happy for things to remain as is, *i.e.*, with Roche Freedman as counsel. And, while this is a proposed class action, as to the lead Plaintiffs, it remains true that "[d]isqualification denies a party's right to representation by the attorney of its choice." *Total Asset Recovery Servs., LLC v. Huddleston Capital Partners VIII LLC*, No. 1:21-CV-2466-ALC, 2022 WL 1125924, at *1 (S.D.N.Y. Apr. 15, 2022) (quotations omitted).

As to the specific issues Defendants raised, the notion that the Firm decided to pursue this case at the request of, or to support, Ava Labs is as false and nonsensical here as it was in other cases. *See* Dkt. 89-2. Instead, and as the Amended Complaint makes clear, Defendants face liability due to their own actions: promoting an unregistered security, plagiarizing several sections of other crypto-asset white papers for their own use, and misrepresenting partnerships in order to create the impression that TRX was a then-usable asset instead of a bet on Defendants' future

The Honorable Vernon Broderick
September 19, 2022
Page 2 of 3

efforts. In other words, Defendants are defendants because of actions they took, not any other reason. Of course, the factual basis for these well-founded allegations is detailed in the 209-page Amended Complaint. *See* Dkt. 29.

Despite the lack of support for disqualification, Defendants' request is unsurprising: the Firm is a preeminent class action law firm in the cryptoasset space. Recognizing that Mr. Roche made inappropriate comments, the Firm has already screened him from the case, but there are 24 other lawyers who were not involved in those comments. It is understandable that Defendants would prefer not to litigate against those attorneys – who have specialized cryptoasset expertise, understand the technology, and include the lawyers who helped draft and conceive of the theories of liability in this case. Indeed, the attempted disqualification of opposing counsel in class actions is a well-worn strategic tactic with a high "potential for abuse" where courts apply "particularly strict scrutiny." *Scantek Medical, Inc. v. Sabella*, 693 F. Supp. 2d 235, 238 (S.D.N.Y. 2008). This is because "[i]t is in a defendant's best interest to object to class counsel who are, in fact, best suited to protect the class" in the hopes that "new class counsel [] will more readily compromise the claim." *In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 48 (S.D.N.Y. 2012). Due to the "presumption of strategic behavior by class action defendants," courts generally "preclude, or severely limit, their ability to raise alleged ethical violations in the context of class certification." *Id.*; *see also Universal City Studios, Inc. v. Reimerdes*, 104 F. Supp. 2d 334, 358 (S.D.N.Y. 2000), *on reconsideration*, 2000 WL 1016649 (S.D.N.Y. 2000) ("[E]xcept in rare cases, ethical issues regarding attorneys are properly dealt with in professional disciplinary bodies rather than by motions to disqualify counsel, which are subject to abuse.").

In sum, Defendants seek disqualification of an entire firm based on the improper statements of one lawyer. But the Firm has already taken action to ensure there is no appearance of impropriety by removing Mr. Roche from its class action practice, causing him to withdraw from this case, and erecting an ethical and financial screen around this case (and others) to ensure Mr. Roche is completely screened from any decisions or benefit associated with this case. This is the correct remedial action. *See, e.g.*, *TI Payments LLC v. New U Life Corp.*, Case No. 19-cv-01816-APG-DJA, 2021 WL 139989, at *9-11 (D. Nev. Jan. 14, 2021) (refusing to disqualify firm where firm took the same remedial actions the Firm has taken here).[1]

Finally, to the extent the Court is considering a formal request to disqualify Roche Freedman from this matter, we respectfully request that the Court first schedule a conference to address these issues and allow the Firm to submit additional evidence to address any specific concerns that the Court may have.

---

[1] Moreover, to the extent Defendants intend to create a distraction on this issue, the Firm's removal will not prevent them from pursuing these efforts against co-counsel or any subsequent counsel.

The Honorable Vernon Broderick
September 19, 2022
Page 3 of 3

Respectfully submitted,

/s/ Velvel (Devin) Freedman
Devin "Vel" Freedman
Edward Normand
Jordana Haviv
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
vel@rochefreedman.com
tnormand@rochefreedman.com
jhaviv@ rochefreedman.com

# ECF 93



Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Jordan Goldstein
Partner
212.390.9008
jgoldstein@selendygay.com

September 20, 2022

<u>Via ECF</u>

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Hardin, et al. v. Tron Foundation, et al.*, No. 1:20-cv-02804-VSB

Dear Judge Broderick:

Selendy Gay Elsberg PLLC ("Selendy Gay Elsberg") writes in response to the motion of Kyle Roche to withdraw as counsel in this action, ECF No. 88, Defendants' response requesting that the Court remove Roche Freedman LLP ("Roche Freedman") as co-lead counsel, ECF No. 89, and Roche Freedman's response, ECF No. 92. Having given due consideration to the important issues involved, Selendy Gay Elsberg believes that Roche Freedman's continued involvement in the litigation is not in the best interests of the class. Accordingly, on behalf of the class, we respectfully request that the Court terminate Roche Freedman's status as co-lead counsel. Selendy Gay Elsberg is ready and willing to continue representing the class as lead counsel.

Selendy Gay Elsberg first became aware of video recordings of Kyle Roche, a founding and name partner of Roche Freedman, when those recordings were published online on August 26.[1] In the recordings, Mr. Roche makes statements regarding the blockchain industry and his approach to class action litigation. Given the content of the recordings—and the fact that Mr. Roche, in an August 29, 2022 public response, did not deny the recordings' authenticity[2]— Selendy Gay Elsberg immediately asked Roche Freedman to withdraw as counsel to protect the interests of the class. Unfortunately, Roche Freedman has refused to withdraw.

Selendy Gay Elsberg is not able to evaluate the credibility of Mr. Roche's statements concerning Ava Labs, AVAX tokens, or Mr. Roche's position at his firm or his financial interest in this litigation. However, Roche Freedman's continued involvement as counsel in the case is contrary to the best interests of the class. Roche Freedman's continued representation of the class

---

[1] *See Ava Labs (Avalanche) attacks Solana & cons SEC in evil conspiracy with bought law firm, Roche Freedman*, Crypto Leaks (Aug. 26, 2022), *available at* https://cryptoleaks.info/case-no-3.

[2] *See* https://medium.com/@kyleroche/my-response-b691563c255b.

would likely spawn significant discovery and motion practice as to the veracity and/or import of the allegations. These issues are likely to unnecessarily distract from the merits of this dispute and can be avoided, or at least significantly mitigated, by the removal of Roche Freedman as class counsel.

Selendy Gay Elsberg is experienced and capable of serving as lead class counsel, with expertise in litigation concerning digital assets. For example, Selendy Gay Elsberg has been appointed as co-lead counsel in numerous class actions in this District where the plaintiffs' allegations involve the technical details of dozens of different crypto-assets.

To protect the interests of the proposed class, we respectfully request that the Court terminate Roche Freedman's appointment as co-lead counsel.[3]

Respectfully submitted,

*s/ Jordan A. Goldstein*
Jordan A. Goldstein
Oscar Shine
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue, 17th Floor
New York, NY 10104
jgoldstein@selendygay.com

*Attorneys for Plaintiffs and the Proposed Class*

---

[3] We note that neither lead plaintiff has stated that he is unwilling to continue serving as lead plaintiff in the event that Roche Freedman is terminated as co-lead counsel.

2