# EXHIBIT 7

# ECF 105

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRETT MESSIEH and DREW LEE, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | CASE NO. 1:20-cv-03232-ALC |
| v. | |
| HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, ARTHUR HAYES, BEN DELO, and SAMUEL REED, | |
| Defendants. | |

**NOTICE OF MOTION TO WITHDRAW AS COUNSEL**

PLEASE TAKE NOTICE that Kyle W. Roche, Esq. of Roche Freedman, LLP ("RF") respectfully moves the Court pursuant to Local Rule 1.4 to withdraw as one of the attorneys for the Proposed Class. Mr. Roche is no longer involved in RF's class action practice. Accordingly, pursuant to Local Rule 1.4, Mr. Roche respectfully requests to no longer receive docketing notifications *via* the ECF system. Mr. Roche also asks that the Court approve this withdrawal.

DATED: August 31, 2022                    Respectfully Submitted,


**ROCHE FREEDMAN LLP**


*/s/ Kyle W. Roche*
Kyle W. Roche
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rochefreedman.com

*Interim Lead Counsel for*
*Plaintiffs and the Proposed Class*

SO ORDERED this _____ day of _____, 2022.


_____

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 31, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Kyle W. Roche
Kyle W. Roche

# ECF 106

**ALLEN & OVERY**

September 2, 2022

Allen & Overy LLP
1221 Avenue of the Americas
New York, NY 10020

Tel                212 610 6300
Fax               212 610 6399
Direct line      212 756 1130
todd.fishman@allenovery.com

BY ELECTRONIC CASE FILING

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

     Re:     *Messieh v. HDR Global Trading Ltd. et al.*, No. 1:20-cv-3232 (ALC)

Dear Judge Carter:

     We represent HDR Global Trading Limited, ABS Global Trading Limited, 100x Holdings Limited, Shine Effort Inc Limited and HDR Global Services (Bermuda) Limited in the referenced action.[1]  We write on behalf of Defendants to respond to the motion of Kyle Roche, one of Plaintiffs' attorneys, to withdraw as counsel in this action.  (Dkt. 105.)  Though it is not customary for counsel to take a position on such matters, we believe it is important to bring to the attention of the Court certain publicly-reported information that, we believe, provides greater context for Mr. Roche's motion to withdraw.  Given the number of concerns raised by this information, including information that calls into question representations made to this Court as part of the application of Mr. Roche's law firm to be appointed as interim class counsel, we request that the Court reconsider its prior Order appointing Roche Freedman LLP as interim class counsel.

     Mr. Roche's motion to withdraw follows a report published by the Crypto Leaks website on August 26, 2022 that includes a series of video clips in which Mr. Roche, a founding partner of the Roche Freedman firm, makes a number of statements about his financial interest in Ava Labs, a blockchain platform, and his misuse of class action litigation.[2]  Among other things, Mr. Roche states that:

---

[1]  The individual defendants in this action are Ben Delo, Arthur Hayes, Samuel Reed and Greg Dwyer, each represented by separate counsel.

[2]  *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman*, CRYPTO LEAKS (Aug. 26, 2022), available at https://cryptoleaks.info/case-no-3 [https://perma.cc/N433-63SC].

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA number 401323). Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.
Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Beijing, Belfast, Boston, Bratislava, Brussels, Budapest, Casablanca, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Los Angeles, Luxembourg, Madrid, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Rome, San Francisco, São Paulo, Seoul, Shanghai, Silicon Valley, Singapore, Sydney, Tokyo, Warsaw, Washington, D.C. and Yangon.

- He owns approximately 1% of the Avalanche tokens ("AVAX") issued by Ava Labs, as well as 1% of the equity in Ava Labs. Based on current estimates of AVAX tokens, it is possible that this financial interest is worth tens of millions of dollars.

- He agreed with a statement that he uses litigation as "a strategic instrument to support Ava Labs," which is "a completely different way than being a lawyer." He employs litigation as "a strategic tool to competition."

- Ava Labs does not file complaints against its competitors, but instead "they have me do that on behalf of the class."

- By filing lawsuits against competitors of Ava Labs, Mr. Roche "deal[s] with making sure that . . . the SEC and the CFTC have other magnets to go after."

In addition, Mr. Roche describes members of putative plaintiff classes whom he seeks to represent as "100,000 idiots out there" and refers to juries as "10 idiots" who "control the flow of all the money that happens in American class actions."

In a statement, Mr. Roche has characterized the videos as "illegally obtained, highly edited video clips that are not presented with accurate context."[3] Mr. Roche, however, does not deny that the reported statements were in fact made. Moreover, taken at face value, those statements contradict a series of statements made in Plaintiffs' motion to appoint interim class counsel. For example, Mr. Roche asserted that given his "excellent credentials" "the proposed Class will be represented by a highly capable and dedicated team of litigators." (Dkt. 21 at 3.) In addition, Mr. Roche's statements about advancing Ava Labs' interests through acting "on behalf of the class" directly impeach his "ability to fairly and adequately represent the interests of the class." (Dkt. 21 at 7.) Notably, in Plaintiffs' appointment papers, Mr. Roche touted that his firm and co-counsel were "recently appointed as interim class counsel" in another class action in this District against Bitfinex and Tether. (Dkt. 21 at 9.) Citing the Crypto Leaks report and Mr. Roche's application to withdraw as attorney, a motion has been made to remove Roche Freedman LLP as counsel in that action as well. *See In re Tether & Bitfinex Crypto Asset Litig.*, No. 19 Civ. 9236 (KPF) (S.D.N.Y.), Dkt. 230 (Aug. 31, 2022).

In his motion to withdraw, Mr. Roche states that he "is no longer involved in [Roche Freedman's] class action practice." (Dkt. 105.) This statement is hard to accept given that Mr. Roche is a founder of Roche Freedman LLP and, based on his prior declaration (Dkt. 23-1 at 5), the "class action practice" appears to comprise a majority of his firm's work.

Accordingly, Defendants respectfully request that, in response to Mr. Roche's motion to withdraw, the Court reconsider its prior Order appointing Roche Freedman LLP as interim class

---

[3] *Crypto Lawyer Kyle Roche Withdraws From Tether, Bitfinex, TRON and BitMEX Lawsuits After CryptoLeaks Scandal*, COINBASE (Aug. 31, 2022), available at https://www.coindesk.com/business/ 2022/08/31/crypto-lawyer-kyle-roche-withdraws-from-tether-bitfinex-tron-and-bitmex-lawsuits-after- cryptoleaks-scandal.

counsel.  Removing the Roche Freedman firm would not prejudice Plaintiffs, as they would remain represented by an experienced firm, Selendy Gay Elsberg PLLC.

       We appreciate the Court's consideration of this matter.

                           Respectfully submitted,

                           */s/ Todd S. Fishman*

                           Todd S. Fishman

Copy:  David C. Esseks
       All Counsel of Record (by ECF)

# ECF 107



September 6, 2022

<u>Via ECF</u>

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:     *Messieh and Lee v. HDR Global Trading Limited, et al.*, No. 20-cv-3232 (ALC)

Dear Judge Carter:

        Selendy Gay Elsberg PLLC ("<u>Selendy Gay Elsberg</u>") writes in response to the motion of
Kyle Roche to withdraw as counsel in this action, ECF No. 105, and Defendants' response
requesting that the Court remove Roche Freedman LLP ("<u>Roche Freedman</u>") as interim co-lead
counsel, ECF No. 106. Lead Plaintiff Drew Lee and Selendy Gay Elsberg both believe that Roche
Freedman's continued involvement in the litigation is not in the best interests of the class.[1]
Accordingly, on behalf of Lead Plaintiff Drew Lee and the class, we respectfully request that the
Court terminate Roche Freedman's status as interim co-lead counsel. Selendy Gay Elsberg is ready
and willing to continue representing the class as interim lead counsel.

        Selendy Gay Elsberg first became aware of video recordings of Kyle Roche, a founding
and name partner of Roche Freedman, when those recordings were published online on August
26.[2] In the recordings, Mr. Roche makes statements regarding the blockchain industry and his
approach to class action litigation. On August 31, 2022, Mr. Roche (though not Roche Freedman)
filed a motion to withdraw as counsel. ECF No. 106. On September 2, Defendants submitted a
letter asking the Court to terminate Roche Freedman as counsel for the class. ECF No. 106.

        Given the content of the recordings—and the fact that Mr. Roche, in an August 29, 2022
public response, did not deny the recordings' authenticity[3]—Selendy Gay Elsberg has asked Roche
Freedman to withdraw as counsel to protect the interests of the class. Roche Freedman has refused
to withdraw.

---

[1] Selendy Gay Elsberg has provided Lead Plaintiff Messieh with a copy of this letter. As of the
filing of this letter with the Court, Mr. Messieh has not indicated his position on it.

[2] *See Ava Labs (Avalanche) attacks Solana & cons SEC in evil conspiracy with bought law firm,
Roche Freedman*, Crypto Leaks (Aug. 26, 2022), *available at* https://cryptoleaks.info/case-no-3.

[3] https://medium.com/@kyleroche/my-response-b691563c255b.

Selendy Gay Elsberg is not able to evaluate the credibility of Mr. Roche's statements concerning Ava Labs, AVAX tokens, or Mr. Roche's position at his firm or his financial interest in this litigation. However, Roche Freedman's continued involvement as counsel in the case is contrary to the best interests of the class. Roche Freedman's continued representation of the class would likely spawn significant discovery and motion practice as to the veracity and/or import of the allegations. These issues are likely to unnecessarily distract from the merits of this dispute, and can be avoided by the removal of Roche Freedman as class counsel. Lead Plaintiff Drew Lee joins in this request that Roche Freedman be removed as class counsel. *See* Exhibit A (Declaration of Drew Lee).

Selendy Gay Elsberg is experienced and capable of serving as interim class counsel, with expertise in litigation concerning digital assets. For example, Selendy Gay Elsberg has been appointed as co-lead counsel in numerous class actions in this District where the plaintiffs' allegations involve the technical details of dozens of different crypto-assets.

To protect the interests of the putative class, we respectfully request that the Court terminate Roche Freedman's appointment as interim co-lead counsel.

Respectfully submitted,

*s/ Jordan A. Goldstein*
Jordan A. Goldstein
Oscar Shine
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue, 17th Floor
New York, NY 10104
jgoldstein@selendygay.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

# ECF 108

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Jordan Goldstein
Partner
212.390.9008
jgoldstein@selendygay.com

September 9, 2022

<u>Via ECF</u>

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:**     *Messieh and Lee v. HDR Global Trading Limited, et al.*, No. 20-cv-3232 (ALC)

Dear Judge Carter:

We write on behalf of Plaintiffs and the proposed class in response to the motion of Kyle Roche to withdraw as counsel in this action, ECF No. 105, and Defendants' response requesting that the Court remove Roche Freedman LLP ("<u>Roche Freedman</u>") as interim co-lead counsel, ECF No. 106.

On September 6, 2022, we submitted to the Court a declaration on behalf of Lead Plaintiff Drew Lee requesting that the Court terminate Roche Freedman's status as interim co-lead counsel. ECF Nos. 107 & 107-1. Lead Plaintiff Brett Messieh now joins in Lead Plaintiff Lee's request that the Court terminate Roche Freedman's status as interim co-lead counsel. *See* Exhibit A (Declaration of Brett Messieh).

In order to protect the interests of the proposed class, and for the reasons stated in our prior correspondence and the declarations of the Lead Plaintiffs, we respectfully request that the Court terminate Roche Freedman's appointment as interim co-lead counsel and designate Selendy Gay Elsberg PLLC as sole interim lead counsel.

Respectfully submitted,

*s/ Jordan A. Goldstein*
Jordan A. Goldstein
Oscar Shine
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue, 17th Floor
New York, NY 10104
jgoldstein@selendygay.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

# ECF 109



September 9, 2022

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

**Re:** *Messieh and Lee v. HDR Global Trading Limited, et al.*, No. 20-cv-3232 (ALC)

Dear Judge Carter:

We write in response to both Defendants' letter dated September 2, 2022, and our co-counsel's letters dated September 6, 2022 and September 9, 2022, asking the Court to terminate Roche Freedman LLP ("Firm") as co-lead counsel for Plaintiffs. Dkts. 106-08. While we strongly disagree with the Defendants' request, we understand that co-counsel has discussed this matter with the named plaintiffs who would prefer we withdraw from the matter. As we respect the clients' right to choose counsel in this matter, we consent to withdraw, and seek the Court's permission to do so (while preserving our rights to apply to the Court to receive fair compensation for our contributions to this matter should there be an eventual recovery).

A. **RELEVANT BACKGROUND**

On January 27, 2022, Mr. Roche attended a meeting in London to facilitate a potential venture capitalist investment. Mr. Roche believed he was attending that meeting to pursue the interests of a technology start-up initiative. But it now appears the meeting was a setup orchestrated by a defendant in a different class action the Firm is pursuing. Roche Decl. ¶ 2. At that meeting, Mr. Roche made untrue statements apparently intended to impress the participants at the meeting. He also made inappropriate remarks disparaging jurors and class members.

The statements Defendants cite as grounds for disqualifying the Firm are *demonstrably* false. Nonetheless, to protect against even the appearance of impropriety, and to avoid any distraction, Mr. Roche withdrew from this case. Moreover, the Firm removed him from its entire class action practice, screened him from every class action (this case included), and caused him to forfeit any financial interest in this litigation.

The Honorable Andrew Carter
September 9, 2022
Page 2 of 6

 Defendants seek to turn Mr. Roche's inappropriate statements into a litigation windfall by seeking the disqualification of the entire Firm, including three other partners (and numerous associates) who were not present for Mr. Roche's statements, do not agree with them, and have invested many hours in this case for the benefit of the clients and the Class. Defendants' strategy is transparent: The Firm has one of the leading litigation practice groups in this space, understands the technology exceptionally well, originated the case theory, and drafted and filed the original complaint. Defendants thus seek to handicap the case, to their benefit, by removing numerous qualified attorneys.

**B.**   **THE STATEMENTS**

 1. **The Firm did not use this litigation as a strategic instrument to support Ava Labs and did not file this action at Ava Labs' request, and any interest in Ava Labs or AVAX tokens doesn't present a conflict.**

 The notion that the Firm decided to pursue this case at the request of, or to support, Ava Labs is false and nonsensical. *First*, Mr. Roche has now sworn that is not true. *Second*, Ava Lab's CEO has likewise denied it.[1] *Third*, it is illogical. The result of this lawsuit would not have any particularized effect (good or bad) on Ava Labs or the AVAX cryptoasset. Ava Labs and AVAX do not compete with Defendants. In fact, Defendants leverage AVAX tokens in derivative products and otherwise facilitate the sale of AVAX on their platform.[2]

 Instead, and as the Amended Complaint makes clear, Defendants face liability in this action due to their egregious wrongdoing, comprised of price manipulation and other deceptive practices including insider trading and market manipulation. Dkt. 53. Defendants face liability because of their own conduct, and their attempted deflection is an astounding failure to accept responsibility, especially given that the four Individual Defendants have already pled guilty to violating the Bank Secrecy Act,[3] and the CFTC imposed a fine of $100 million for, *inter alia*, BitMEX's violation of 7 U.S.C. § 6 *et seq.*[4]

---

[1] https://el33th4x0r.medium.com/my-statement-about-the-crypto-leaks-lies-ef2005da752 ("[n]either I, nor anyone else at Ava Labs ever directed Roche in his selection of cases.").

[2] https://blog.bitmex.com/new-linear-perpetual-contracts/.

[3] *See* Judgment, *United States v. Hayes*, 20-cr-500-1, Dkt. 344 (S.D.N.Y. May 26, 2022); Judgment, *United States v. Delo*, 20-cr-500-2, Dkt. 360 (S.D.N.Y. June 30, 2022); Judgment, *United States v. Reed*, 20-cr-500-3, Dkt. 383 (S.D.N.Y. July 25, 2022); Minute Entry Noting Change of Plea to Guilty, *United States v. Dwyer*, 20-cr-500-4 (S.D.N.Y. Aug. 8, 2022).

[4] https://www.cftc.gov/PressRoom/PressReleases/8412-21.

The Honorable Andrew Carter
September 9, 2022
Page 3 of 6

In addition, Defendants' suggestion that the Firm has a disqualifying conflict of interest because some partners may have an ownership interest in AVAX tokens or Ava Labs is factually and legally irrelevant. From a factual standpoint, this litigation would have no effect on Ava Labs or the AVAX cryptoasset. From a legal standpoint, there would not be a disqualifying conflict even if Defendants *were* competitors of Ava Labs or AVAX (they are not). Lawyers that sue Microsoft on behalf of a class do not need to disclose that they hold shares in Apple. That is because "the mere existence of financial or business interests does not warrant disqualification." *Power Play 1 LLC v. Norfolk Tide Baseball Club, LLC*, No. 17CV4831, 2017 WL 5312193, at *4 (S.D.N.Y. Nov. 13, 2017). "Rather, there must be a 'significant risk' that these interests will 'adversely affect[ ]' the lawyer's exercise of professional judgment on behalf of the client." *Id.* (citing N.Y. Rule of Prof'l Conduct 1.7(a)(2) (finding that even though a lawyer's financial arrangement simply seemed "unseemly," the movant failed to explain how the lawyer's "financial and business interests . . . would impair his professional judgment or how it was adverse to Defendants' interests"). Defendants have done nothing to show such a "significant risk" in this case, because there is none.

At bottom, none of the co-lead counsel in this case is pursuing this litigation for any collateral purpose, and there is no basis for that assertion beyond Mr. Roche's improper and false statements (which themselves do not even specifically reference this case).

**2. Mr. Roche's comments do not reflect the Firm's beliefs about jurors, class members, or class actions.**

The inappropriate comments Mr. Roche made regarding (i) jurors and class members, and (ii) his approach to class actions and intention on how and why to resolve them, do not reflect the view of the Firm or any of the other 24 other lawyers practicing at the Firm. Indeed, Mr. Roche only made these comments under the influence of alcohol. Nonetheless, these statements are one of the reasons he has promptly withdrawn from this case and the Firm's other class actions and has been screened from them.

_____

In sum, none of the alleged factual impropriety that Defendants frame as the foundation for their request to disqualify the Firm has actually occurred, and any optical issue is cured based on Mr. Roche's withdrawal, screening, and forfeiture.

**C. DEFENDANTS' LETTER REVEALS THEIR TRUE CONCERN IS LITIGATING AGAINST THE FIRM**

The Honorable Andrew Carter
September 9, 2022
Page 4 of 6

Defendants' request to disqualify the entire Firm is unsurprising: the Firm is a preeminent class action law firm in the cryptoasset space that Defendants understandably would prefer not to litigate against. Indeed, the attempted disqualification of opposing counsel in class actions is a well-worn strategic tactic with a high "potential for abuse" where courts apply "particularly strict scrutiny." *Scantek Medical, Inc. v. Sabella*, 693 F. Supp. 2d 235, 238 (S.D.N.Y. 2008). This is because "[i]t is in a defendant's best interest to object to class counsel who are, in fact, best suited to protect the class" in the hopes that "new class counsel [] will more readily compromise the claim." *In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 48 (S.D.N.Y. 2012). Due to the "presumption of strategic behavior by class action defendants" courts generally "preclude, or severely limit, their ability to raise alleged ethical violations in the context of class certification." *Id.*; *see also Universal City Studios, Inc. v. Reimerdes*, 104 F. Supp. 2d 334, 358 (S.D.N.Y. 2000), *on reconsideration*, 2000 WL 1016649 (S.D.N.Y. 2000) ("except in rare cases, ethical issues regarding attorneys are properly dealt with in professional disciplinary bodies rather than by motions to disqualify counsel, which are subject to abuse.").

Defendants' request is a prime example of just that sort of a strategic maneuver. Defendants' arguments are easily rebutted or simply inapposite.

*First*, they argue Mr. Roche's statements "contradict numerous statements made in Plaintiffs' motion to appoint interim class counsel." Yet Defendants cannot cite a single contradiction—instead, they misquote the motion by claiming the Firm sought appointment based solely on Mr. Roche's "excellent credentials," when in fact it sought appointment for the "team [which] consists of attorneys with excellent credentials including in matters involving crypto-assets and other complex matters." *Compare* Dkt. 106 at 2 *with* Dkt. 21 at 3. It is also unclear how Defendants have any standing, or good faith, to raise concerns over this Firm's abilities in the cryptoasset space.

*Second*, Defendants argue that Mr. Roche's statements concerning Ava Labs' interests "directly impeach *his* ability to fairly and adequately represent the interest of the class." Dkt. 106 at 2 (emphasis added). That concern, to the extent it had any legitimacy, has been resolved. Mr. Roche has withdrawn from the case, has been screened from it, and has no financial interest in this litigation.[5] Defendants have no basis to assert that any other attorney at the Firm has any conflict, much less a disabling conflict, with representing the Class.

---

[5] The fact that the Tether Defendants have likewise sought to disqualify an entire firm due to the misstatements by one partner does not buttress Defendants' point—instead, it further demonstrates that Defendants in this space are justifiably concerned about facing the Firm's preeminent crypto-litigation practice and seek the same litigation advantage as Defendants to avoid the rest of the able litigators the Firm employs.

ROCHE FREEDMAN LLP
99 Park Avenue, Suite 1910, New York, NY 10016 | (t) (646) 350-0527 | www.rochefreedman.com

The Honorable Andrew Carter
September 9, 2022
Page 5 of 6

*Third*, Defendants posit that Mr. Roche and the Firm are misleading the Court in stating he is no longer part of the Firm's class action practice. *Id.* There is no truth to Defendants' outrageous insinuation. Indeed, Mr. Roche's statements were simultaneously linked to an article noting his numerous withdrawals in crypto-asset litigation. A simple PACER search would reveal that Mr. Roche has withdrawn from *every* class action he was involved in at the firm, regardless of its connection to cryptocurrency. The only evidence Defendants offer to justify their grave accusation that the Firm would permit a false filing is that Mr. Roche's prior practice focused on class actions.

In sum, Defendants seek disqualification of an entire firm—which includes 24 other highly qualified attorneys—based on the improper statements of one lawyer. The Firm takes Mr. Roche's inappropriate comments very seriously and has already, on its own initiative, removed him from his class action practice and erected an ethical and financial screen around them. This is the correct remedial action. *See, e.g.*, *TI Payments LLC v. New U Life Corp.*, Case No. 19-cv-01816-APG-DJA, 2021 WL 139989, at *9-11 (D. Nev. Jan. 14, 2021) (under the "high standard" for disqualification, the disqualification of a law firm for an individual lawyer's possession of information from a prior client was not "necessary" where the lawyer withdrew from the case, the firm screened the lawyer, and the lawyer did not share in any of the fees).[6]

## D. NOTWITHSTANDING THE ABOVE, AND THAT WE BELIEVE IT IS IN THE BEST INTERESTS OF THE CLASS FOR US TO STAY ON, THE FIRM WILL WITHDRAW IN ACCORDANCE WITH THE NAMED PLAINTIFFS' WISHES

### 1. The Firm's continued participation in this case is in the best interests of the class.

The Firm's participation as co-lead counsel will continue to benefit the proposed class. The Firm's lawyers who would remain working on the case include the principal lawyers who helped formulate the original complaint, *i.e.*, Vel Freedman, Ted Normand, and Joseph Delich. In addition to those three attorneys, many of the lawyers from the Firm that would remain on this case have the most institutional knowledge of the facts and law underlying the case. Their contribution of many hundreds of hours on the case to date has been invaluable, and their removal from the case would be detrimental to the Class's interest.

In addition, these same attorneys are those working on the Firm's many other crypto-related cases and class actions. These facts thus stand to continue to benefit the named Plaintiffs and the proposed class. The Court carefully appointed two firms to represent the named Plaintiffs,

---

[6] Moreover, to the extent Defendants intend to create a distraction or spend further time on this issue, the Firm's removal from this action will not prevent them from pursuing these efforts against co-counsel or any subsequent counsel.

The Honorable Andrew Carter
September 9, 2022
Page 6 of 6

considering their respective resources and areas of expertise, and those rationales continue to counsel in favor of the team that has been working effectively to date.

**2. The Firm will nonetheless withdraw to respect the named plaintiffs' request.**

While the Firm believes strongly in its ability to successfully litigate this case on behalf of the putative class, and that its response to Mr. Roche's comments sufficiently addressed the situation, the Firm has reviewed the declarations of Mr. Lee and Mr. Messiah and must adhere to the wishes of the named plaintiffs.

Accordingly, and without conceding any of the above points, the Firm respectfully agrees to withdraw from this matter, and seeks permission to do so while reserving its rights to seek fair compensation for its contributions to this matter in the event of a recovery.[7]

Respectfully submitted,

/s/ Velvel (Devin) Freedman

Devin "Vel" Freedman
Edward Normand
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
vel@rochefreedman.com
tnormand@rochefreedman.com
jdelich@ rochefreedman.com

---

[7] In compliance with Local Rule 1.4, the Firm is asserting a charging lien.

ROCHE FREEDMAN LLP
99 Park Avenue, Suite 1910, New York, NY 10016 | (t) (646) 350-0527 | www.rochefreedman.com