# EXHIBIT 10

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Case No. 22-11150-GG

L.T. Case No. 9:18-cv-80176-BB

---

IRA KLEIMAN, as the Personal Representative of the Estate of David Kleiman,
*plaintiff-appellant*,

v.

CRAIG WRIGHT,
*defendant-appellee*.

---

## MOTION TO DISQUALIFY ROCHE FREEDMAN LLP

---

Andrés Rivero
Alan H. Rolnick
Robert J. Kuntz, Jr.
RIVERO MESTRE LLP
2525 Ponce de León Blvd.,
Suite 1000
Miami, FL 33134
Tel: (305) 445-2500
Fax: (305) 445-2505
E-mail: arivero@riveromestre.com
Counsel for appellee

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and

Eleventh Circuit Rule 26.1, Appellee Dr. Craig Wright ("Dr. Wright"), respectfully

submits the following Certificate of Interested Persons[1] and Corporate Disclosure

Statement:

1. The Honorable Judge Beth Bloom, *U.S. District Judge*

2. Boies Schiller Flexner LLP, *Counsel for Plaintiff-Appellant*

3. Brenner, Andrew, *Counsel for Plaintiff-Appellant*

4. BTCN 1610-491 LLC (CE)

5. Delich, Joseph, *Counsel for Plaintiff-Appellant*

6. Devine Goodman & Rasco, LLP, *Counsel for non-party Andrew O'Hagan*

7. Economides, Constantine Philip *Counsel for Plaintiff-Appellant*

8. Estate of David Kleiman, *Plaintiff-Appellant*

9. Fernandez, Amanda Lara, *Counsel for Defendant-Appellee*

10. Fernandez, Michael Alexander*, Counsel for Defendant-Appellee*

11. Freedman, Velvel, *Counsel for Plaintiff-Appellant*

12. Glaser, Patricia, *Counsel for non-party John Doe*

13. Glaser Weil Fink Howard Avchen & Shapiro LLP, *Counsel for nonparty*

---

[1] Based on the facts set forth in this motion, Ava Labs and Emin Gun Sirer appear
to be interested persons.

*John Doe*

14. Harrison, Laselve, *Counsel for Plaintiff-Appellant*

15. Henry, Allison, *Counsel for Defendant-Appellee*

16. *Holtzman, Alexander, *Counsel for Plaintiff-Appellant*

17. Kass, Zalman, *Counsel for Defendant-Appellee*

18. Kleiman, Ira, *Plaintiff-Appellant*

19. Kuntz, Robert, *Counsel for Defendant-Appellee*

20. Lagos, Stephen, *Counsel for Plaintiff-Appellant*

21. Licata, Samantha, *Counsel for Plaintiff-Appellant*

22. *Lohr, Whitney, *Counsel for Defendant-Appellee*

23. *Markoe, Zaharah*, Counsel for Defendant-Appellee*

24. McGovern, Amanda *Counsel for Defendant-Appellee*

25. Mestre, Jorge, *Counsel for Defendant-Appellee*

26. Payne, Darrell Winston, *Counsel for non-party John Doe*

27. Pritt, Maxwell, *Counsel for Plaintiff-Appellant*

28. Rasco, Guy Austin, *Counsel for non-party Andrew O'Hagan*

29. The Honorable Judge Bruce Reinhart, *U.S. District Magistrate Judge*

30. Rivero, Andres, *Counsel for Defendant-Appellee*

31. Rivero Mestre LLP, *Counsel for Defendant-Appellee*

32. Roche Freedman LLP, *Counsel for Plaintiff-Appellant*

33. Roche, Kyle, *Counsel for Plaintiff-Appellant*

34. Rolnick, Alan, *Counsel for Defendant-Appellee*

35. Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., *Counsel for non-party John Doe*

36. Wright, Craig, *Defendant-Appellee*

37. Zack, Stephen, *Counsel for Plaintiff-Appellant*

\* = no longer involved in representation

Appellee certifies that no other judges, attorneys, persons, associations of persons, firms, partnerships, or corporations have an interest in the outcome of this appeal.

## MOTION TO DISQUALIFY ROCHE FREEDMAN LLP

In a shocking series of extraordinary, recorded statements, opposing counsel Kyle W. Roche, of Roche Freedman LLP ("the Firm"), has confessed to misusing the legal system for the purpose of unlawfully advancing the commercial interests of AVA Labs ("Ava"), by suing Ava's competitors and notables in the cryptocurrency industry.

Roche recently confessed on camera to bringing fraudulent, purported class actions in the names of investors he referred to as "idiots." Roche admitted that his business plan is never to settle a case, irrespective of his purported clients' interests, and instead to take all cases to trial, where they will be decided by juries he also referred to as "idiots." He admitted that he does this to harm Ava's competitors and enforce the personal vendettas of Emin Gun Sirer ("Gun")—its CEO—and to keep regulators from investigating Ava, by keeping the SEC and CFTC busy investigating Ava's competitors (but not Ava) for, among other things, selling unregistered securities.

On camera, Roche admits at length to a serious conflict of interest, undisclosed principals, a course of conduct that is unlawful on its face, and a fraud on the court in every case in which his firm has appeared, including this one. He admits that he not only brings cases for manifestly improper purposes and ignores the interests of his purported clients to further his and Ava's undisclosed interests,

but also leverages the litigation process to learn (and misuse) for Ava's benefit the confidential information and trade secrets of those he sues. He admits that he does all this for the express purpose of advancing the interests of the Firm and his benefactor Ava, to enforce personal vendettas of Ava's Gun, as well as "for sport."

In the days since Roche's on-camera statements were posted by a cryptocurrency whistleblower site ("Crypto Leaks"), Ava Labs proclaimed its innocence, Roche claimed he was drunk and taken out of context when (apparently on separate occasions) he made these damning admissions, **which he does not deny**, and attempted to personally withdraw as counsel from his fraudulent class actions, where his Firm now faces motions to disqualify.[2] His admissions of wrongdoing demonstrate the Firm's unlawful "business plan" and its ongoing efforts to subvert the fair administration of justice, which heap scorn and disrepute upon the legal profession and every court (including this one) in which the Firm has appeared. Mr. Roche and his Firm should be dismissed from further

---

[2] On August 31, 2022, one group of defendants in *In re Tether and Bitfinex Crypto Asset Litig.,* 1:19-cv-1936 (S.D.N.Y), moved to disqualify Roche Freedman. *See* Debevoise & Plimpton letter, attached as part of Composite Exhibit A. On September 1, 2022, a second group of defendants in that case moved for disqualification. *See id.* On September 2, 2022, Roche Freedman opposed disqualification. *See id.* Also on September 2, 2022, the first group of defendants replied in support of disqualification. *See id.* On September 2, 2022, Roche Freedman's co-counsel moved to terminate Roche Freedman as putative class counsel, noting that Roche Freedman had refused their request to withdraw. *See id.*

representation in this matter.[3] Dr. Wright has standing to bring this motion,[4] which should be granted in the interests of justice.

## I.  <u>ARGUMENT</u>

On Saturday, August 27, 2021, extraordinary video recordings of appellant's counsel, Kyle Roche, were released on the internet. On camera, Roche expressly admitted to conduct that violates his fundamental obligations as a lawyer. His statements amount to admissions of his and his firm's conflicts of interest under Rule 1.7 of the New York Rules of Professional Conduct.[5] On camera, Roche admitted to bringing purported class actions in the names of purported class

---

[3] Appellant Ira Kleiman, as personal representative of the Estate of David Kleiman, also is represented by attorneys from the well-respected firm of Boies, Schiller, et al. Removing Roche Freedman will not prejudice appellant or delay this appeal.

[4] *E.g., Brown & Williamson Tobacco Corp. v. Daniel Int'l Corp.*, 563 F.2d 671, 673 (5th Cir. 1977) ("[A]ppellant has standing to seek disqualification even though it is not an aggrieved client because its attorneys are authorized to report any ethical violations committed in the case."). Decisions of the former Fifth Circuit rendered prior to October 1, 1981, such as *Brown*, are binding in this Court. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[5] Copy attached as part of Composite Exhibit B. This Court applies the professional conduct rules of the state where a lawyer is licensed, to the extent they do not conflict with the Model Rules. Rule 1.A., 11th Cir. R. Addendum Eight (Rules Governing Attorney Discipline in the U.S. Court of Appeals for the Eleventh Circuit). Roche is licensed in New York (Bar No. 5517776), and appeared pro hac vice below. New York's version of Rule 1.7 does not conflict with Model Rule 1.7. *Compare* N.Y. RULES OF PROF'L CONDUCT R. 1.7 (Ex. B), *with* MODEL RULES OF PROF'L CONDUCT R. 1.7 (also attached as part of Composite Exhibit B).

representatives, but actually acting on behalf of Ava, an undisclosed interested party, and bragged about having an enormously valuable financial stake in Ava. He also admitted that he files lawsuits to advance the financial interests, enforce the vendettas, and for the entertainment, of his undisclosed benefactor and principal, Gun, Ava's CEO, as well as "for sport." In sum, on camera, Roche admitted to motives and conduct that plainly violate his fundamental obligation as a lawyer to not put his own interests before those of his clients.[6]

In the days since the recordings were posted: (1) Ava Labs released a statement claiming it would never "engage in the unlawful, unethical and just plain wrong behavior claimed in these self-serving videos . . . ," Emin Gün Sirer, *My Statement about the Crypto Leaks lies*, MEDIUM (Aug. 29, 2022), https://el33th 4x0r.medium.com/my-statement-about-the-crypto-leaks-lies-ef2005da752; (2) Roche publicly confirmed that the recordings are genuine, claiming he was "exploit[ed] using leading questions," and his statements were taken "out of context," Kyle Roche, *My Response*, MEDIUM (Aug. 29, 2022), https://medium. com/@kyleroche/my-response-b691563c255b; (3) Roche filed motions to personally withdraw from two of his firm's class actions against Ava's

---

[6] Because "there is a significant risk that [Roche's] professional judgment on behalf of a client will be adversely affected by [his] own financial, business, property or other personal interests," he has an express conflict of interest under New York Rule 1.7(a)(2).

competitors; and (4) at least two of those competitors moved to disqualify him and his Firm in the *Tether* case. *See* Composite Exhibit A.

In his Motion to Withdraw from the *Tether* case, Roche stated that he "is no longer involved in [Roche Freedman's] class action practice." *See* Roche's Motion to Withdraw in *In re Tether,* 1:19-cv-1936 (S.D.N.Y) (D.E. 229 at 1), attached  as part of Composite Exhibit A. Because Roche is a founder of Roche Freedman and his firm's practice concentrates on plaintiffs' class actions, this drastic step undermines his claim that the recordings misrepresented "the context" of his statements, and both underscores and heightens the disqualifying nature of those statements. Two *In re Tether* defendants have moved to disqualify Roche and the Firm. *See* Comp. Ex. A. Other such motions in other cases surely will follow.

Because Kyle Roche's own statements, now widely distributed on the internet by many outlets, are open and notorious, demonstrate a serious conflict of interest that calls into question the fair administration of justice in this matter, Dr. Wright and his counsel are compelled to seek the disqualification of Roche and Roche Freedman LLP.

## A.    THE FACTS

In 25 video clips released on August 27, 2022, Kyle Roche discloses and describes his Firm's close, improper, and previously undisclosed ties to Ava and its CEO, Gun. Roche says he founded the Firm the same day that Ava launched, on

August 21, 2019, sharing the same co-working space. Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 1) (Aug. 26, 2022), https://d33wubrfki0l68.cloud front.net/1a432cb907f50390478d5c7b5c2c30c24547d110/5ca00/videos/c3-00-office-ava-labs-launch.mp4. Roche says he was the third shareholder in Ava (after its founders, Gun and COO Kevin Sekniqi). Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 2) (Aug. 26, 2022), https://d33wubrfki0l68. cloudfront.net/ba470e47132c5cb938f344be9ffd8261adc0eca2/6c3ea/videos/c3-01-office-deal-for-perc-token-supply.mp4.

On camera, Roche says he owns 1% of Ava Labs tokens and shares, which are worth tens, if not hundreds, of millions of dollars.[7] Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 3) (Aug. 26, 2022), https://d33wubrfki0l68.cloud front.net/96d2fbedbfb4ac619f2656ce923aa707cfca9cbe/3d59f/videos/c3-02-office-i-got-1-point-on-both.mp4. He admits his personal bias to favor Ava, and states that he has "the same interest, same goals" as Gun and Sekniqi, whom he "trust[s]

---

[7] The market capitalization of AVAX tokens currently is $5.7 billion and has been as high as $30 billion in the past year. Avalanche Price (AVAX/USD) | Today's Price, TIME https://time.com/nextadvisor/investing/cryptocurrency/price/ avalanche-avax/.

like brothers." Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 5) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/61dabcad45d46c6207e4acded4ab 34a49a0aa163/fc7a7/videos/c3-04-office-same-interests-same-goals.mp4.

> KR: Obviously, I'm biased. I have an interest in Ava Labs and I . . .
> Q: You have a stake in Ava Labs?
> KR: Yes.
> Q: How big?
> KR: I can't . . .  A big one. I did very well.

Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 3) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/96d2fbedbfb4ac619f2656ce923aa707cfca9c be/3d59f/videos/c3-02-office-i-got-1-point-on-both.mp4. Roche says he now lives with Sekniqi in Miami for tax purposes. Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 7) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/ 789531f0f9b4b55626c52801967703b1968bca18/b171a/videos/c3-06-office-i-live- with-kevin-in-miami.mp4.

### 1.    The Firm Sues Ava's Competitors Using Straw Plaintiffs

Roche said he uses litigation as a "strategic instrument to support" Ava. Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 6) (Aug. 26, 2022),

https://d33wubrfki0l68.cloudfront.net/a799bb8bcde3170c313e3ad7662a41148621

c4d1/2fbf3/videos/c3-05-office-litigation-is-a-strategic-instrument.mp4. He

expressly admits that he sued Ava Labs' competitors, including Solana and

Dfinity, without naming Ava Labs as a plaintiff, using purported class

representatives to conceal his undisclosed principals, who, along with himself, are

real parties in interest in these actions:

> Q: Has Ava Labs filed a complaint against one of their
> competitors?
> KR: **No, they have me to do that on behalf of the class Their
> name was never** . . .
> X: Explain.
> KR: **So, I can sue Solana** . . .
> X: Yeah.
> KR: **but a plaintiff will purchase Solana**.
> X: And what about Dfinity?
> KR: Oh yeah.

Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil

Conspiracy with Bought Law Firm, Roche Freedman* (video 19) (Aug. 26, 2022),

https://d33wubrfki0l68.cloudfront.net/b4a2e7900f289e01ce2b25dfa5a254850a224

96d/e7035/videos/c3-17-i-can-sue-solana.mp4 (emphasis added); Cryptoleaks, *Ava

Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought

Law Firm, Roche Freedman* (video 17) (Aug. 26, 2022), https://d33wubrfki0l68.

cloudfront.net/b660cb79f51a071ece800cda7fc3521e5e21a59d/0467e/videos/c3-

16-0-dfinity-is-a-competitor-to-avalanche.mp4 (Dfinity also is a competitor of

Ava).

## 2.    The Firm Uses Other Improper Tactics to Benefit Ava

On camera, Roche brags about harassing "Emre Crypto,"[8] a Turkish "top competitor" of Gun and AVA, causing him to be "tagged" coming into the United States and recording that service of process, which Roche says Gun "enjoys" watching "once a month." Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 14) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/ccce812b0d07fc6c1bb9928 d1a7a99db011ed1af/13125/videos/c3-13-gun-watches-video-once-a-month.mp4. He also boasts that **"I took down one of Gun's biggest arch-nemeses. The guy who claimed to be Satoshi, Craig Wright."** Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 15) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/54 bcd83ef86e546fa4f97c2e481fba064e228c8d/483a3/videos/c3-14-gun-goes-after-craig-wright.mp4 (emphasis added).

On camera, Roche further admits that the Firm has developed and executed a strategic plan to feed tips against Ava's competitors to regulatory authorities in such volume that the regulators are drawn away from scrutinizing Ava's activities.

---

[8] In the videos, Roche refers to him as "Emre Crypto." His actual name is Emre Aksoy, and he goes by the assumed name of "Kripto Emre." *See* Roche Freedman's press release about serving him at Miami Int'l Airport: https://www.rochefreedman.com/crypto-thought-leader-cant-duck-ceos-defamation-claims/

Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 10) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/1edf92baa6d2ec8203a8568c7869ef5e4b326a71/428f7/videos/c3-09-magnets-for-sec-and-competitive-attacks.mp4 ("KR: yes, yeah, I deal with making sure that the SEC has . . . the SEC and the CFTC have other magnets to go after. . . ."); Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 11) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/91987bc2f582f24ecb688ab4c137a485d139dfe1/b4646/videos/c3-10-office-theres-no-such-thing-as-regulation.mp4 (". . . . since [Gun] signed me up, I've ensured that there's no such thing as regulation for what they want to do.").

### 3. Roche Elevates His Personal Interests Above His Clients' Interests

On camera, Roche brazenly states that "I'm a crazy motherf\*cker and I have resources and I will take you to the end [in a lawsuit]." Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 18) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/2f1313a474fff7dedbb5432d16e848725ce51e04/4f9ab/videos/c3-16-im-a-crazy-motherfucker.mp4. He says "that is power and that is what I think is a tool that has not been unlocked by very many . . . ." *Id.* He also says that because of his personal stake in Ava, "I have to ability to say 'look it's not about the money

anymore for me it's about taking you guys to trial and **the sport of it**.'"

Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil*

*Conspiracy with Bought Law Firm, Roche Freedman* (video 19) (Aug. 26, 2022),

https://d33wubrfki0l68.cloudfront.net/b4a2e7900f289e01ce2b25dfa5a254850a224

96d/e7035/videos/c3-17-i-can-sue-solana.mp4 (emphasis added).

Roche says he does not "think there's any reason to settle for less than half a

billion to a billion but . . . if we get $100 million settlement we are in the front

page of all the legal press and so it's good for me and my partners and my firm."

Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil*

*Conspiracy with Bought Law Firm, Roche Freedman* (video 23) (Aug. 26, 2022),

https://d33wubrfki0l68.cloudfront.net/6ab1d54cf47b4b43a28ec4d52d2a12be5078b

5d7/8826b/videos/c3-21-no-reason-to-settle-less-than-500m.mp4. Completely

absent from Roche's explanation of his approach to litigation is any consideration

of his clients' interests or their right to decide to settle or not settle.

### 4. Roche Demonstrates Utter Contempt for the Administration of Justice

By his own admission, Roche operates without respect for his role as an

attorney or his duties as an officer of the Court. Discussing jury trials like the one

in the case that spawned this appeal, he says "what you do is, metaphorically, you

pull down your pants and you tell your jury, 'here is my c*ck, now you talk . . .

pull down your pants a little bit . . . .'" Cryptoleaks, *Ava Labs (Avalanche) Attacks*

*Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 21) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/251c0d83886 aba0804637ca9f8819e12adb26238/ab979/videos/c3-19-show-me-your-cock.mp4.

Of the jury, Roche derisively states "that 10 idiots control the flow of all the money that happens in American class actions." Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 22) (Aug. 26, 2022), https://d33wubrfki0l68.cloud front.net/f580f15300ae3305352a21a810a4cbce4b1247a7/73e42/videos/c3-20-ten-idiots-control-the-flow.mp4. About putative class members, as to whom he is a fiduciary, he says that "I go to the Court, and I say, hey 'I got $100 million for these 100,000 idiots out here. Give me . . . give me $30 million and I will administer . . . .'" Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 24) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/ca154b2403c4f503206afd0666cf46 94c23c8dd3/de306/videos/c3-22-these-100000-idiots.mp4.

## B.   THE LAW

On camera, Roche repeatedly emphasized that his personal interests come before his clients, which violates New York Rule of Professional Conduct 1.7(a)(2), prohibiting representation of a client when "there is a significant risk that

- 15 -

the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests."[9]

When Roche says he will not settle any case and insists on going to trial to extract a larger settlement, or settles because of publicity for the Firm, he admits to expressly putting his interests ahead of those of his clients. The plain import of his claim that his newfound wealth frees him from the constraints on plaintiffs' lawyers is that his wealth allows him to disregard his clients' interests in the settlement process. Indeed, in this case, after multiple mediations, settlement offers were made, which Roche and his Firm made public by breaching mediation confidentiality rules, then rejected. This perfectly conforms to Roche's admissions of the unlawful motives and methods by which the Firm does its business.

On camera, Roche states directly and unequivocally that he sues Ava's competitors (at its behest) in the names of straw plaintiffs and does so by filing class actions. This is, at a minimum, Rule 404(b) evidence that Roche is engaged in a pattern and practice of secretly representing Ava's and Gun's interests by

---

[9] The New York Rules of Professional Conduct apply to Roche in this Court, unless and to the extent they conflict with the Model Rules. *See supra,* note 4. Both Model Rule 1.7(a)(2) and New York Rule 1.7(a)(2) compel the conclusion that Roche's elevation of Ava's interests over those of his purported clients is a conflict of interest. Further, the New York Rule expands on (but does not conflict with) the Model Rule in declaring a conflict of interest where "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person *or by a personal interest of the lawyer.*" *See* Comp. Ex. B (emphasis added).

using straw plaintiffs to conceal the real parties in interest. After Roche's on-camera admissions, there is a sound basis for concluding that in attempting to "take down" Gun's arch-nemesis, Dr. Craig Wright, Roche has been acting for the benefit of Ava and Gun, who were undisclosed interested parties. Roche's admitted conduct as to "Emre Crypto," discussed above in Section 1.A.2, demonstrates an abuse of process akin to what appears to have happened here.

On camera, Roche admitted to other improper conduct in furtherance of Ava's interests, including sharing with Ava the discovery obtained in the Firm's class actions against Ava's competitors (surely in violation of confidentiality orders), distracting regulators from Ava by feeding them incriminating information about Ava's competitors, and, as noted, harassing Gun's "nemeses"—such as videotaping service of process on "Emre Crypto," Gun's principal Turkish competitor—for Gun's viewing pleasure. Roche's discussion of Dr. Wright (Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 15) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/54bcd83ef86e546fa4f97c2e481fba064e228c8d/483a3/videos/c3-14-gun-goes-after-craig-wright.mp4), strongly suggests that this action was motivated by Gun's rivalry with Dr. Wright.

In addition to demonstrating fundamental conflicts that Rule 1.7 prohibits, Roche's admitted, serial misconduct flouts and fundamentally offends the core

responsibilities imposed on every lawyer to uphold the dignity of the courts, and to treat litigants and other counsel forthrightly and with respect. New York Rule 8.4 (like the corresponding Model Rule) embodies these obligations, which Roche has, through his statements, expressly abjured.

Both New York's Rule 8.4(c) (attached as part of Comp. Ex. B), and Model Rule 8.4(c) bar attorneys from engaging "in conduct involving dishonesty, fraud, deceit, or misrepresentation." Roche has now confessed to bringing pretextual lawsuits, for improper purposes, on behalf of undisclosed shadow clients. Both New York's Rule 8.4(d) and Model Rule 8.4(d) prohibit "conduct that is prejudicial to the administration of justice." But Roche—in a shameful display that inherently prejudices the administration of justice in any court where he appears— has publicly denounced his purported clients and all jurors as "idiots," declared himself "crazy," and denigrated the entire jury-trial and class-action system as nothing more than a cynical competitive tool.

The Court has the absolute authority to decide which attorneys may practice before it. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1990) (A federal court's inherent power includes the authority to "control admission to its bar and to discipline attorneys who appear before it."); *In re Herman*, 632 F. App'x 580, 584 (11th Cir. 2015) (The court did not abuse its discretion in suspending an attorney from practicing before it where good cause was shown.); *Brown & Williamson*

*Tobacco Corp. v. Daniel Int'l Corp.*, 563 F.2d 671, 673 (5th Cir. 1977) (Opposing party "has standing to seek disqualification even though it is not an aggrieved client because its attorneys are authorized to report any ethical violations committed in the case."); *accord Greene v. Greene*, 47 N.Y.2d 447, 451-453 (1979) (applying New York law); *In re Liberty Music & Video, Inc.*, 54 B.R. 799, 803-805 (Bankr. S.D.N.Y. 1985) (same). Here, the continued presence of Roche and the Firm in this matter would be an ongoing affront and insult to the Court, to the judges and lawyers who labor there, and to the litigants who come before it seeking a dignified process aimed at justice.

Lastly, Roche's misconduct must be imputed to the Firm. New York Rule 1.10 (attached as part of Comp. Ex. B), states that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9 . . . ." Model Rule 1.10 is identical but does not reference Rule 1.8 (not relevant here).

Roche directs the affairs of the boutique Firm that bears his name, which lists 24 lawyers on its website as of this writing. He "lead[s] the Roche Freedman team appointed as lead counsel in over 15 class actions" and "build[s its] legal strategies." *See* https://www.rochefreedman.com/attorneys/kyle-roche/, last visited Sept. 5, 2022. Roche ran the case below in the unlawful manner he admitted to Crypto Leaks, which included improperly disclosing a settlement offer to get

- 19 -

publicity for the Firm, then rejecting it to go to trial, irrespective of his named clients' interests. His conflicts of interest are properly imputed to the Firm.

Disqualification of Kyle Roche and the Firm will not leave appellant without adequate representation. Andrew Brenner of Boies, Schiller is a highly capable lawyer who has been co-counsel to the Firm throughout this case, and the Firm's client will suffer no harm whatsoever from the fully warranted removal of the Firm from any further role in this matter.

## II.    <u>CONCLUSION</u>

For all these good and sufficient reasons, the Court should disqualify and remove Kyle Roche and Roche Freedman LLP from any further involvement in this matter and should order such other and further relief as is warranted.


Date: September 6, 2022.                    Respectfully submitted,


                                           By: <u>s/ Andrés Rivero</u>
                                           ANDRÉS RIVERO
                                           Florida Bar No. 613819
                                           ALAN H. ROLNICK
                                           Florida Bar No. 715085
                                           ROBERT J. KUNTZ, JR.
                                           Florida Bar No. 94668

                                           **RIVERO MESTRE LLP**
                                           2525 Ponce de Leon Boulevard,
                                           Suite 1000
                                           Miami, Florida 33134
                                           Telephone: (305) 445-2500

Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: arolnick@riveromestre.com
Email: rkuntz@riveromestre.com
Email:receptionist@riveromestre.com

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P.

27(d)(2)(A) because it contains 3,742 words. This motion also complies with

typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements

of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a

proportionally spaced typeface using Microsoft Word Office Version 2013 and 14-

point Times New Roman type style.

/s/ Andrés Rivero

## CERTIFICATE OF SERVICE

I CERTIFY that on September 6, 2022, I electronically filed this document

with the Clerk of the Court using CM/ECF. I also certify that this document is

being served this day on all counsel of record by transmission of Notices of

Electronic Filing generated by CM/ECF.

/s/ Andrés Rivero

- 21 -