CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone:  (212) 309-6000
Facsimile:  (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone:  (202) 739-3000
Facsimile:  (202) 739 3001

MORGAN, LEWIS & BOCKIUS LLP
Donn P. Pickett (SBN 72257)
donn.pickett@morganlewis.com
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK<br><br>DEFENDANT QUALCOMM INCORPORATED'S SUPPLEMENTAL CASE MANAGEMENT STATEMENT<br><br><br>Date:          April 19, 2017<br>Time:          10:30 AM PDT<br>Courtroom: 8, 4th Floor<br>Judge:         Hon. Lucy H. Koh |

1    Pursuant to the Court's April 13, 2017 Order denying a stay of the

2 commencement of discovery and "invit[ing] Defendant to propose a shorter case schedule" in

3 light of that ruling, Dkt. 72 at 1, Defendant Qualcomm Incorporated ("Qualcomm") hereby

4 submits this Supplemental Case Management Statement.  Qualcomm has met and conferred with

5 Plaintiff Federal Trade Commission ("FTC") in an attempt to reach agreement on a revised

6 schedule, but the parties have been unable to reach agreement.

7    Qualcomm's revised proposed case schedule is set forth in Exhibit A.  Consistent

8 with the Court's April 13, 2017 Order, Qualcomm's revised proposal is more compressed than

9 its prior proposal and has party discovery of both Qualcomm and the FTC commence

10 immediately.  The revised proposed case schedule reflects Qualcomm's best estimate of the

11 minimum time it would take Qualcomm to prepare adequately for trial given the following:

12 • The breadth of discovery, as evidenced by the FTC's Rule 26(a)(1) initial

13   disclosures, which identify Qualcomm's current and former employees,

14   officers and directors, "including" an illustrative list of thirty-nine (39)

15   named individuals, as well as forty-four (44) third-party entities, as

16   persons likely to have discoverable information that the FTC may use to

17   support its claims;

18 • The fact that over half of the third-party entities identified by the FTC as

19   having relevant information are headquartered outside of the United

20   States, and therefore may require that discovery be served through the

21   processes of the Hague Convention; and

22 • The unusually complex factual and economic issues in the case that both

23   parties agree will require significant expert discovery.

24 Notwithstanding these complicating factors, Qualcomm has proposed a close of fact discovery of

25 June 29, 2018, less than 15 months from now.

26    To ensure a fair and efficient process with respect to third-party discovery,

27 Qualcomm proposes two important modifications to the timing and sequencing of fact discovery

28

---

1

DEFENDANT QUALCOMM INCORPORATED'S SUPPLEMENTAL CASE MANAGEMENT
STATEMENT - 5:17-CV-0220-LHK

not previously addressed in the parties' Joint Case Management and Rule 26(f) Conference Statement, Dkt. 71 ("Joint Case Management Statement"). These proposals are intended to address the current informational deficit facing Qualcomm. The FTC has had over two years of pre-Complaint discovery of documents and testimony from third parties as part of its non-public investigation, whereas Qualcomm has had no such discovery and, to date, has not had access to any of the third-party information that the FTC has obtained. To be able to participate meaningfully in third-party discovery, Qualcomm needs a short period of time in which to review and analyze the potentially extensive third-party information that the FTC has already collected. Such a short review period would also facilitate coordination and prevent duplication of discovery efforts and the imposition of unnecessary burdens on third parties.

To facilitate and streamline the process, Qualcomm therefore proposes (1) that the FTC produce to Qualcomm all third-party documents and third-party testimony from the FTC's non-public investigation of Qualcomm immediately upon the parties' reaching agreement on, or the Court's entry of, a proposed Protective Order; and (2) that third-party discovery open two months after Qualcomm receives the third-party materials collected by the FTC, so that Qualcomm can review those materials and prepare for the third-party discovery to be taken in this case. Qualcomm has asked the FTC for information regarding the volume of third-party documents and testimony it has collected to date, so that Qualcomm could more accurately estimate the time it would need to review those materials, but as of the time of filing, the FTC has not provided this information to Qualcomm; the proposed two-month period therefore represents Qualcomm's current good-faith estimate of the necessary review period.[1]

---

[1] The FTC has indicated to Qualcomm that it is subject to certain notice requirements before providing Qualcomm with third-party information it has collected. Qualcomm does not know whether the FTC has yet provided any required notices. Any delay in Qualcomm's receipt of third-party information, such as delays due to objections raised by third parties, could affect the proposed revised case schedule.

1      Qualcomm respectfully submits that prompt disclosure of the third-party materials

2 to Qualcomm, followed by an opportunity for Qualcomm to review those materials, will allow it

3 to coordinate discovery with the FTC in order to minimize any burden on third parties.  The FTC

4 will suffer no prejudice by promptly producing to Qualcomm the third-party documents and

5 testimony already in its possession.  Nor will this proposal delay resolution of the case; any

6 necessary party discovery will begin immediately, and the brief deferral of third-party discovery

7 would allow Qualcomm to more efficiently tailor its requests to third parties.  Contingent on the

8 above, Qualcomm believes that should this case proceed to trial, Qualcomm could be ready for

9 such trial by mid-2019, as reflected in the revised proposed case schedule submitted herewith.

10      Qualcomm raised these issues with the FTC after receiving the Court's April 13,

11 2017 Order.  In its response this morning, the FTC stated that it would not agree to modify the

12 discovery schedule it proposed in the Joint Case Management Statement.  Instead, the FTC

13 indicated that it would be willing to meet and confer with Qualcomm, on a case-by-case basis,

14 "to discuss an appropriate time period to defer [the] service, by the FTC and Qualcomm, of

15 discovery on any particular third party" that, in the FTC's view, had produced a "substantial

16 number of documents" during the investigation.  (*See* 4/17/17 Email from J. Milici, attached

17 hereto as Exhibit B.)

18      The FTC's response does not address Qualcomm's concerns.  *First*, it would not

19 provide any assurance as to when Qualcomm will receive the third-party materials that it needs

20 to be able to engage in discovery effectively.  And the process the FTC has described—which

21 would require the entry of a Protective Order, then the provision of notice to third parties, and

22 then the resolution of any objections by third parties—could delay Qualcomm's access to third-

23 party materials by months.  Qualcomm respectfully submits that it would be inequitable to

24 establish a firm one-year end-date for fact discovery, with no corresponding certainty as to when

DEFENDANT QUALCOMM INCORPORATED'S SUPPLEMENTAL CASE MANAGEMENT STATEMENT - 5:17-CV-0220-LHK

the FTC will provide Qualcomm with the third-party materials that the FTC has already collected and reviewed and that Qualcomm needs.[2]

*Second*, the FTC's proposal does not account for the fact that, in order to participate in coordinated and efficient third-party discovery with the FTC, Qualcomm needs a brief period to review the existing third-party investigative record, so that it can pursue third-party discovery with an informed view as to what is already in the record. Qualcomm should not be forced to commence third-party discovery before having an opportunity to review the third-party materials that the FTC has had in its possession for at least several months. The FTC's proposal to set a firm schedule that does not allow Qualcomm any review period, coupled with a vague promise to meet and confer about review periods for certain unspecified third parties, is insufficient. The baseline schedule should allow Qualcomm a short review period that would provide Qualcomm with the opportunity to get up to speed as to all third parties. The parties can then meet and confer, as necessary, regarding any remaining issues, including the circumstances surrounding any specific third party.

*Third*, the timeline proposed by the FTC would require Qualcomm to complete fact discovery in less than a year—and to complete third-party discovery in far less than that, given the potential for delay in Qualcomm gaining access to the third-party materials the FTC has already collected. This truncated period is not sufficient given the scope of the case, the number of third parties potentially involved, and the fact that many of the third parties (twenty-five entities, by the FTC's assessment) are located abroad.

For these reasons, Qualcomm respectfully requests the Court so-order Qualcomm's revised proposed schedule as set forth in Exhibit A.

---

[2] Qualcomm would be willing to limit this production to outside counsel of record in this action and three (3) in-house lawyers at Qualcomm responsible for managing this litigation (and their support staffs) until the FTC has had an opportunity to give notice to third parties and allowed them the opportunity to dispute production.

Dated: April 17, 2017                        /s/ Gary A. Bornstein

                                Gary A. Bornstein
                                Yonatan Even
                                CRAVATH, SWAINE & MOORE LLP
                                    Worldwide Plaza
                                    825 Eighth Avenue
                                    New York, NY 10019
                                    Tel: (212) 474-1000
                                        Fax: (212) 474-3700
                                            gbornstein@cravath.com
                                            yeven@cravath.com

                                Richard S. Taffet
                                MORGAN, LEWIS & BOCKIUS LLP
                                    101 Park Avenue
                                    New York, NY 10178-0060
                                    Tel: (212) 309-6000
                                        Fax: (212) 309-6001
                                            richard.taffet@morganlewis.com

                                Willard K. Tom
                                MORGAN, LEWIS & BOCKIUS LLP
                                    1111 Pennsylvania Ave. NW
                                    Washington, DC 20004-2541
                                    Tel: (202) 739-3000
                                        Fax: (202) 739 3001
                                            willard.tom@morganlewis.com

                                Donn P. Pickett
                                Geoffrey T. Holtz
                                MORGAN, LEWIS & BOCKIUS LLP
                                    One Market, Spear Street Tower
                                    San Francisco, CA 94105-1126
                                    Tel: (415) 442-1000
                                        Fax: (415) 442-1001
                                            donn.pickett@morganlewis.com
                                            geoffrey.holtz@morganlewis.com

                                *Attorneys for Qualcomm Incorporated*

DEFENDANT QUALCOMM INCORPORATED'S SUPPLEMENTAL CASE MANAGEMENT
STATEMENT - 5:17-CV-0220-LHK

**Exhibit A**

**Qualcomm's Proposed Discovery Plan and Schedule for FTC Action Only**

| Event | Plaintiff's Position[3] | Defendant's Position (Revised) |
|---|---|---|
| Commencement of Fact Discovery | Immediate | Immediately for party discovery |
| Deadline for Defendant's Response to the Complaint | April 3, 2017 | April 3, 2017 |
| Rule 26(a)(1) Initial Disclosures | April 12, 2017 | April 12, 2017 |
| Protective Order | April 26, 2017 | April 26, 2017 |
| Provision of FTC case file to Qualcomm | | April 26, 2017[4] |
| Deadline for Plaintiff to File Opposition to Rule 12 Motion | May 12, 2017 (per stipulated order) | May 12, 2017 (per stipulated order) |
| Deadline for Defendant to File Reply in Support of Rule 12 Motion | June 2, 2017 (per stipulated order) | June 2, 2017 (per stipulated order) |
| Hearing on Defendant's Rule 12 Motion | June 15, 2017 | June 15, 2017 |
| Commencement of Third Party discovery | | June 30, 2017 |
| Close of Fact Discovery | March 30, 2018 (12 months) | June 29, 2018 (12 months from the commencement of third-party discovery) |
| Plaintiff's Rule 26(a)(2) Merits Expert Reports | April 20, 2018 (3 weeks) | July 16, 2018 (17 days) |
| Defendant's Merits Expert Reports | May 25, 2018 (5 weeks) | August 27, 2018 (6 weeks) |

[3] This reflects the FTC's position as stated in the parties Joint Case Management and Rule 26(f) Conference Statement, Dkt. 71.

[4] All subsequent dates, except for the schedule on the pending Rule 12 Motion, are contingent on timely receipt by Qualcomm of all third-party documents and third-party testimony from the FTC's non-public investigation of Qualcomm.

| Event | Plaintiff's Position[3] | Defendant's Position (Revised) |
|---|---|---|
| Plaintiff's Merits Expert Rebuttal Reports and Commencement of Expert Depositions | June 22, 2018 (4 weeks) | September 24, 2018 (4 weeks) |
| End of Expert Depositions & Close of Expert Discovery | July 20, 2018 (4 weeks) | November 5, 2018 (6 weeks) |
| Last day to file Summary Judgment and *Daubert* Motions | August 10, 2018 (3 weeks) | December 14, 2018 (5.5 weeks) |
| Summary Judgment and *Daubert* Oppositions | September 21, 2018 (6 weeks) | January 25, 2019 (6 weeks) |
| Summary Judgment and *Daubert* Replies | October 12, 2018 (3 weeks) | February 22, 2019 (4 weeks) |
| Hearing on Summary Judgment and *Daubert* Motions | TBD by the Court | TBD by the Court |
| Pretrial Disclosures | November 16, 2018 (5 weeks) | April 5, 2019 (6 weeks) |
| Pretrial Conference | TBD (~6 weeks after pretrial disclosures) | TBD (~6 weeks after pretrial disclosures) |
| Trial | TBD (~2 weeks after pretrial conference) | TBD (~2 weeks after pretrial conference) |

DEFENDANT QUALCOMM INCORPORATED'S SUPPLEMENTAL CASE MANAGEMENT
STATEMENT - 5:17-CV-0220-LHK

## Exhibit B

| | |
|---|---|
| From: | Gary Bornstein/NYC/Cravath |
| To: | "Milici, Jennifer" <jmilici@ftc.gov> |
| Cc: | "'donn.pickett@morganlewis.com'" <donn.pickett@morganlewis.com>, "'gholtz@morganlewis.com'" <gholtz@morganlewis.com>, "Ansaldo, Alexander" <jansaldo@ftc.gov>, "Baker, Joseph" <jbaker1@ftc.gov>, "Sherwood, Kyle" <ksherwood@ftc.gov>, "Woodward, Mark" <mwoodward@ftc.gov>, "'Nicole Peles'" <npeles@cravath.com>, "'richard.taffet@morganlewis.com'" <richard.taffet@morganlewis.com>, "Carson, Wesley" <wcarson@ftc.gov>, "'wtom@morganlewis.com'" <wtom@morganlewis.com>, "'Yonatan Even'" <YEven@cravath.com> |
| Date: | 04/17/2017 04:48 PM |
| Subject: | RE: case schedule |

Jennifer:

Thank you for the response below. We believe the proposal below is a step in the right direction, but it does not address sufficiently the concerns we have and the current informational imbalance between the FTC and Qualcomm. Specifically:

- We still do not know which -- or even how many -- third parties produced documents to the FTC, or how voluminous those productions were. We asked for that information on Friday, and you indicated you would have to go back and check. Without that information, it is very hard to assess the feasibility of your proposal.

- Assessing your proposal is also difficult because we do not know what, in your view, would constitute "a substantial number of documents".

- More fundamentally, we do not believe that any third-party discovery should commence before Qualcomm has had an opportunity to review all third party documents -- documents that you have obtained and reviewed over the past two years, and that will undoubtedly help you shape the FTC's discovery strategy. Qualcomm should not be made to craft its discovery strategy on the basis of partial information. For Qualcomm's part, as we stated on Friday, we intend to complete our review promptly after you provide us with all third-party documents, so as not to delay discovery unnecessarily; all we ask is that we begin discovery on as level a playing field as practicable.

- Finally, we are concerned that your proposal would put in place a firm end-date for third-party fact discovery, but no firm start date for such discovery. Specifically, you propose a firm fact-discovery cutoff in a year from now (which we believe is too soon, given the scope of expected discovery), but do not commit to provide us any third-party documents (let alone all third-party documents) by a date certain. And while you have agreed to provide us with the documents early in the discovery process, the process you describe, which sequences the entry of a Protective Order, then the provision of notice to third parties, then the resolution of any objections by third parties (and then, potentially, the resolution of objections by Qualcomm to any attempt by the FTC to withhold third-party documents under a claim of privilege) could delay our access to third-party documents by months. In this context, we would request that you issue any required notices immediately, to the extent they were not yet issued. Regardless, without a date certain for the production of all third-party documents, we believe that any proposed schedule could end up denying Qualcomm a meaningful opportunity to conduct and fully participate in third-party discovery.

We understand, of course, that our proposed schedule might have to be tweaked to account for unforeseen circumstances, such as objections by third parties, and we will certainly be prepared to meet and confer on that as needed. But we cannot agree to a case schedule that contemplates, as a baseline, Qualcomm proceeding to third-party discovery without access (or with only limited access) to documents the FTC has, and has had for months, and with no certainty that Qualcomm will have adequate time to engage in third-party discovery after receiving those documents.

-Gary

| From: | "Milici, Jennifer" <jmilici@ftc.gov> |
| To: | "'Gary Bornstein'" <GBornstein@cravath.com> |
| Cc: | "'donn.pickett@morganlewis.com'" <donn.pickett@morganlewis.com>, "gholtz@morganlewis.com'" <gholtz@morganlewis.com>, "Ansaldo, Alexander" <jansaldo@ftc.gov>, "Baker, Joseph" <jbaker1@ftc.gov>, "Woodward, Mark" <mwoodward@ftc.gov>, "'Nicole Peles" <npeles@cravath.com>, "'richard.taffet@morganlewis.com'" <richard.taffet@morganlewis.com>, "Carson, Wesley" <wcarson@ftc.gov>, "'wtom@morganlewis.com'" <wtom@morganlewis.com>, "'Yonatan Even'" <YEven@cravath.com>, "Sherwood, Kyle" <ksherwood@ftc.gov> |
| Date: | 04/17/2017 07:10 AM |
| Subject: | RE: case schedule |

Gary:

Thank you for the scheduling proposal that you communicated to us Friday evening. As we understand it, you propose that we agree not to serve discovery on any third party until two or three months after the FTC has produced to Qualcomm third-party materials from its investigation; that the overall fact discovery schedule would extend one year from the start of third-party discovery; and that FTC discovery of Qualcomm would proceed immediately (i.e., not be subject to the same delay as third-party discovery).

We expect to produce non-privileged third-party documents produced to us during our investigation early in the discovery process, following entry of a protective order and after we have been able to satisfy our obligations to provide third parties with notice and an opportunity to seek protection of their confidential materials and to resolve disputes (if any).

As a general matter, we are always willing to meet and confer with Qualcomm about any reasonable proposal to minimize the discovery burdens imposed on third parties. In this spirit, your proposal to defer third-party discovery may be reasonable as applied to a third party that has produced a substantial number of documents to the FTC. For any such party, we would be willing to defer service of additional discovery for a short period to provide Qualcomm an opportunity to review documents previously produced to the FTC. We would be happy to meet and confer with you about the appropriate length of deferral for any such third-party.

We see no reason, however, to delay seeking discovery from third parties who have not made substantial productions to the FTC until two to three months after the FTC has made its production. We also see no reason to key the entire discovery schedule off of any deferral periods that we may agree upon regarding particular third parties.

Thus, we would agree:

(1)    to defer service, by the FTC and Qualcomm, of any third-party discovery until 7 days after entry of a protective order provided, however, that the parties jointly move the Court for entry of a stipulated protective order by no later than April 27; and

(2)    to promptly meet and confer with Qualcomm after the entry of a protective order to discuss an appropriate time period to further defer service, by the FTC and Qualcomm, of discovery on any particular third party, so that Qualcomm may have a reasonable opportunity to review that third party's document production.

We believe that this arrangement can be implemented without modification to the discovery schedule proposed by the FTC in the Joint Case Management Statement.

Best,


**Jennifer Milici** | Federal Trade Commission
Senior Trial Counsel, Bureau of Competition
400 7th Street SW, Washington, DC 20024
Tel:  202-326-2912 | Email: jmilici@ftc.gov



**From:** Milici, Jennifer
**Sent:** Friday, April 14, 2017 2:12 PM
**To:** 'Gary Bornstein'
**Cc:** donn.pickett@morganlewis.com; gholtz@morganlewis.com; Ansaldo, Alexander; Baker, Joseph; Woodward, Mark; 'Nicole Peles'; richard.taffet@morganlewis.com; Carson, Wesley; wtom@morganlewis.com; Yonatan Even
**Subject:** RE: case schedule

Gary:

We are generally available between 4 and 6 EST today.

thanks

-Jennifer
**From:** Gary Bornstein [mailto:GBornstein@cravath.com]
**Sent:** Friday, April 14, 2017 2:01 PM
**To:** Milici, Jennifer
**Cc:** donn.pickett@morganlewis.com; gholtz@morganlewis.com; Ansaldo, Alexander; Baker, Joseph; Woodward, Mark; 'Nicole Peles'; richard.taffet@morganlewis.com; Carson, Wesley; wtom@morganlewis.com; Yonatan Even
**Subject:** case schedule

Jennifer -- we would like to discuss with you revisions to the proposed case schedule in light of Judge Koh's order.  Please let us know if you would be available between now and Monday morning, as well as times that would work.  Thanks.

-Gary