# EXHIBIT L

## Oranges Are Not Securities And Neither Is SOL

🐿 **crowdfundinsider.com**/2022/07/193572-oranges-are-not-securities-and-neither-is-sol

July 12, 2022 @ 11:52 pm

Listen to this article
0:00 / 8:34
BeyondWords ⊗



**SOL**, the native token of the **Solana** public blockchain, is the latest victim of a scurrilous attack by plaintiffs' lawyers claiming that yet another blockchain token is an investment contract under the test famously set forth in *S.E.C. v. W.J. Howey*. The claims perpetuate the myth advanced by the **Securities and Exchange Commission** (the "SEC") in its Framework for "Investment Contract" Analysis of Digital Assets (which I will affectionately call the "Fallacious Framework") that any asset, item, or thing on a blockchain can be an investment contract and hence a security under the federal securities laws.

This myth flies in the face of *Howey*'s carefully crafted test for an investment contract. Instead, plaintiffs and the SEC created a test under which the oranges and orange groves in Howey would be securities, leading to all manner of absurd results. I implore the plaintiffs' bar and the SEC to stop the madness and return to *Howey*.

I implore the plaintiffs' bar and the SEC to stop the madness and return to Howey. Click to Tweet 🐦

## What *Howey* Actually Says

People constantly raise the fact that *Howey* was originally decided in 1946, as if that means it will have done a bad job setting a test that works today.  **Nonsense!**  Let's take a look at what the Supreme Court actually said.  These 3 quotes neatly summarize the case:

The legal issue, in this case, turns upon a determination of whether, under the circumstances, the land sales contract, the warranty deed, and the service contract together constitute an "investment contract" within the meaning of § 2(1).

In other words, an investment contract, for purposes of the Securities Act, means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party . . ..

The transactions in this case clearly involve investment contracts, as so defined.

The respondent companies are offering something more than fee simple interests in land, something different from a farm or orchard coupled with management services. They are offering an opportunity to contribute money and to share in the profits of a large citrus fruit enterprise managed and partly owned by respondents.

*It is the arrangement that is the investment contract*!

Or, to use the actual language from the opinion, the "contract, transaction or scheme."  It is not the oranges, the orange groves, the fee simple interests in land, or the management services viewed as individual assets, items, or things.  It is the sum total of those things, in other words, the arrangement as an entirety, that meets the definition of an investment contract.

**This makes sense!**

Oranges are fruits, orange groves are a series of trees that produce oranges, land is real estate, and management services are a commitment to manage something.  The Supreme Court does not conclude that any of those things is an investment contract and hence a security because that would be absurd and outside the reasonable understanding of a person in 1946, 1846, or 2020 (the year SOL was first sold).  Rather, it is the arrangement related to those things that meet the definition of investment contract.

## The Supreme Court Confirmed This Holding in 2004

For reasons I have never understood, no one recognizes that the Supreme Court confirmed *Howey* in 2004 in an opinion bearing the name *SEC v. Edwards.*



Once again, the Court recognized the need to scrutinize the *arrangement* to determine whether *it* was an investment contract, rather than the assets, items, or things that are the subject of the arrangement, which in *Edwards* was pay phones.  Of course, we know that pay phones are just telephones that people pay directly to use and that phone booths are places housing pay phones (or where Clark Kent can make a quick change into Superman).

The focus of the decision was whether the expected profits had to be variable under Howey for the arrangement to be an investment contract such that a promise of fixed return meant that the arrangement was not an investment contract.  The Court found that the fixed versus variable nature of the expected profits was irrelevant while emphasizing that the profits still must come "solely from the efforts of" others (a concept also mysteriously lost in the Fallacious Framework).

*Edwards* thus confirms *Howey*'s sensible holding and does so after the turn of the century.

## This Definition of Investment Contract Makes Sense

It is time for a list of reasons why the *Howey* definition makes sense.  The list is not exhaustive, so feel free to add your own points.  And it will not reiterate that oranges are fruits and pay phones are phones and on and on, as noted above.

1. The term is "investment contract," and the inclusion of the word "contract" cries out that we must look for an arrangement that is a security, not just an asset, item, or thing related to that arrangement.
2. There are many investments that are not securities.  While this conclusion is common sense, the Commodity Exchange Act is one codification of this point, and its creation of the **Commodity Futures Trading Commission** clearly establishes that the federal securities laws and the SEC do not have jurisdiction over every investment.
3. A blockchain is just like the orange grove in Howey, and the native token is just like the orange.  Neither is an investment contract.
4. If the Howey test really applies to any asset, item or thing, have some fun by applying it to frequent flyer miles and other loyalty points programs, smartphones, and their app stores, productivity software used by your organization, crowdfunded boardgames, and coffee.  There are lots of other fun things to try it on.  They all yield absurd results.

5. The nice thing about arrangements is that we can tell when they end or have been terminated. We do not need the mental gymnastics of trying to determine if an asset, item or thing has stopped being an investment contract, has become an investment contract after years of not being one, or keeps flip-flopping at the whim of some plaintiff's lawyer. If the arrangement is done, then so is the investment contract. But the subject of the investment contract never was a security.

6. Just because money changed hands does not mean that an item is an investment contract or that an investment has been made. The wide world of commerce includes all kinds of transactions. Those transactions might relate to physical goods, they might relate to services, and they might relate to digital items like blockchain tokens. That does not make them investment contracts. Nor should inventory of blockchain tokens be treated differently from inventory, or oranges, or anything else.

7. Just because an asset, item, or thing is on a blockchain does not make it an investment contract. The blockchain is simply a shared, programmable database. Its programmability allows people to offer goods and services to customers, no different from the internet. Blockchain tokens simply allow us to track these goods and services. There is no magic to a blockchain token that automatically makes it a security.

The fact that *Howey*, properly read, results in difficult work is just fine. They taught us legal analysis in law school. Figure out what the arrangement is and apply *Howey* to the entirety. It might be an investment contract. If it is, then apply the full force of the securities laws to that investment contract. Leave the subject of the investment contract, the asset, item, or thing, alone. **It is not a security.**

Sure, it is easier to just say that a blockchain token (or any other asset, item, or thing) is an investment contract. But that is not what *Howey*, confirmed by *Edwards*, says, that is not what common sense says, that is not what the Commodity Exchange Act says, and that is not what reality says.

Let's restore sanity to *Howey* by actually reading it, and rejecting the silly theory advanced by the plaintiffs' bar and the Fallacious Framework. **Leave SOL (and lots of other tokens) alone.**

SOL, the native token of the Solana public blockchain, is the latest victim of a scurrilous attack by plaintiffs' lawyers claiming that yet another blockchain token is an investment contract under the test famously set forth in S.E.C. v. W.J. Howey Click to Tweet 🐦

---

**Lee A. Schneider** is a financial services and technology lawyer with extensive experience in blockchain. Lee co-hosts the *Appetite for Disruption* podcast with **Troy Paredes** and is the contributing editor for the Chambers and Partners Fintech Practice Guide. He co-founded Global Blockchain Convergence and is active with a number of other organizations. Lee serves as General Counsel for **Ava Labs** and is the father of two wonderful college students.

He learns about Japanese art history from his wife.  This article is written in his personal capacity and reflects only his personal views and not those of Troy, Chambers, GBC or Ava Labs, or its directors, officers or employees, or anyone else.  His views do not constitute legal, investment, tax, or any other type of advice.



---

[1] 328 U.S. 293 (1946).

[2] 328 U.S. at 297.

[3] *Id.* at 298-99.

[4] *Id.* at 299.

[5] 540 U.S. 389 (2004). I dispense with citations for the particulars of the opinion because I do not quote it.

[6] https://www.supermanhomepage.com/last-phone-booth-removed-from-new-york-city/

© 2022 Crowded Media Group. All Rights Reserved.

© 2022 Crowded Media Group. All Rights Reserved.