# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EMIN GÜN SIRER, <br><br> Plaintiff, <br><br> v. <br><br> EMRE AKSOY, <br><br> Defendant. | No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Emin Gün Sirer brings this action against Emre Aksoy and alleges as follows, based on his personal knowledge and on information and belief:

### INTRODUCTION

1. This dispute arises from the unlawful and defamatory remarks Defendant Emre Aksoy made in connection with a gross scheme motivated to publicly harm Plaintiff Emin Gün Sirer and Ava Labs—the market leading crypto-asset company that Sirer founded and leads.

2. Sirer is a professor at Cornell University and is one of the pioneers of peer-to-peer digital asset systems. Sirer is considered to be one of the most influential individuals in the cryptocurrency industry and Ava Labs has been widely lauded as one of the top innovators in the digital asset space.

3. Ava Labs built and launched the "Avalanche" ecosystem. Avalanche is a blockchain-based and open-source platform for launching decentralized applications. Transactions in the Avalanche ecosystem rely on the use of the "AVAX" crypto-asset.

4. Aksoy is paid by certain companies to promote the purchase of certain crypto-assets. Aksoy, through his YouTube and Telegram audiences, advises his followers to buy and sell

certain crypto-assets. Aksoy is paid to promote at least one of the projects that competes with Ava Labs in the digital asset space.

5. In February 2021, in an effort to cause reputational harm to Sirer and Ava Labs, Aksoy claimed that Sirer was a member of the Fethullah Terrorist Organization ("FETO"). Days later, Aksoy told his followers to "short $AVAX."

6. The statements concerning Sirer's affiliation with FETO are not only false and highly damaging, but also have the potential to pose a threat to Sirer's safety and the safety of his family. Sirer is from Turkey and travels there frequently to visit his family.

7. Sirer brings this seeking both damages arising from Aksoy's false and defamatory statements and order enjoining Aksoy from making the same defamatory statements in the future.

## PARTIES

8. Sirer is a resident of Brooklyn, New York.

9. Aksoy is currently a resident of Ankara, Turkey but he frequently travels to the United States and has lived in the country for extended periods of time in the past.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because Sirer is a citizen of New York and Aksoy is a citizen of Turkey, and the matter in controversy exceeds the value of $75,000.

11. Venue is proper in this District under 28 U.S.C. § 1391 because both Sirer and do business within the state of Florida, Ava Labs has an office in Florida and because the defamatory statements were disseminated in Florida.

12. This Court has personal jurisdiction over Aksoy because he has purposefully availed himself of the benefits of conducting business in Florida.

2

## FACTUAL ALLEGATIONS

13. Plaintiff Sirer is the founder and CEO of Ava Labs. Sirer is also a tenured professor at Cornell University where he teaches computer science. Sirer is a longstanding leader in the cryptocurrency space, having developed the first "proof-of-work" virtual currency in 2003—six years before Satoshi Nakamoto released the Bitcoin white paper.

14. Ava Labs built and launched the "Avalanche" ecosystem. Avalanche is a blockchain-based and open-source platform for launching decentralized applications. Transactions in the Avalanche ecosystem rely on the use of the "AVAX" crypto-asset.

15. Like many other crypto-assets, AVAX can be bought and sold on various crypto-asset exchanges such as Binance, Bitfinex, OKCoin, and Huobi.

16. Defendant Aksoy is a self-described "product marketing expert" and "crypto thought leader."

17. Aksoy maintains an active social media presence through both his YouTube and Telegram channels. On both of these channels, Aksoy promotes various crypto-assets and provides trade advice to his followers as to whether they should "buy" or "sell" various crypto-assets.

18. Aksoy has ~180,000 subscribers to his YouTube channel and ~100,000 subscribers to his Telegram channel.

19. Aksoy is paid by the issuers of some of the crypto-assets he promotes.

20. In February 2021, Aksoy posted a YouTube video to his Kripto Emre channel in which he accused Sirer of being a member of the Fethullah Terrorist Organization ("FETO"). FETO has been designated as a terrorist organization by numerous nations, including Turkey.

3

21. The statements concerning Sirer's affiliation with FETO were false and highly damaging. Sirer has never been affiliated with FETO, has never communicated with any member of FETO, and does not support FETO, its members, or its efforts.

22. In addition to being false and highly damaging, Aksoy's public statements have the potential to pose a threat to Sirer's safety and the safety of his family. Sirer is from Turkey and travels there frequently to visit his family. The Turkish government has aggressively prosecuted members of FETO, and Recep Tayyip Erdoğan, the President of Turkey, has publicly urged Turkish citizens "to turn in FETO members, even offering rewards."[1]

23. Aksoy was aware, when he published his February 2021 YouTube video, that his statements concerning Sirer's affiliation with FETO were false. Nonetheless, Aksoy proceeded to publish the false and defamatory statements knowing that they would cause substantial harm to Sirer.

24. Aksoy made these defamatory remarks as part of a gross scheme depress the price of AVAX in favor of the other crypto-assets he promotes. Indeed, on February 13, 2021, just days after he published the defamatory statements to his YouTube channel, Aksoy told his Twitter followers to "short $AVAX":



---

[1] Suzy Hansen, *Inside Turkey's Purge*, NEW YORK TIMES (April 13, 2017), available at https://www.nytimes.com/2017/04/13/magazine/inside-turkeys-purge.html.

4

25. Shortly after Aksoy posted his February 2021 YouTube video, one of the crypto-asset companies Aksoy is paid to promote requested that he remove the video.

26. While Aksoy initially complied with the request, on February 19, 2021, Aksoy caused the same YouTube clip to be reposted on Twitter.

27. On February 20, 2021, Sirer's counsel wrote to Mr. Aksoy and requested a public retraction of the false and defamatory statements. In that letter, Sirer's counsel wrote:

> The need for a public retraction is grave and urgent. Mr. Sirer is not just concerned about reputational damage, but of the danger created by your false accusations. Specifically, Mr. Sirer fears that your statements threaten not only his ability to visit Turkey, but also his family's safety.

28. Mr. Aksoy ignored Sirer's request.

29. A month later, on March 17, 2021, Aksoy told his Telegram followers that American layers had threatened him to remove content relating to market manipulation. In that same post, Aksoy told his followers that it was a "good idea to short AVAX."

## CAUSES OF ACTION

### COUNT ONE
### DEFAMATION

30. Sirer realleges and incorporates by this reference the allegations in Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. The statements by Aksoy set forth in Paragraph 20 herein were false.

32. The false statements were of and concerning Sirer.

33. Aksoy made the false statements either knowing that the statements were false or with reckless disregard for the truth.

34. The false statements are not protected by any privilege or authorization.

5

35. Sirer has been damaged as a direct and proximate result of Aksoy's publication of the false statements, the full amount of which will be proven at trial, but believed to be in the millions of dollars. Further, the false statements constitute defamation *per se* because they impugn the basic integrity, creditworthiness and/or competence of Sirer.

36. Aksoy's conduct was willful, malicious, and oppressive, in that he knew full well that the false statements would harm Sirer. As such, in addition to compensatory damages and/or presumed damages, Sirer demands punitive damages relating to Aksoy's publication and maintenance of the above-referenced false statements, in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Sirer respectfully prays for relief as follows:

i. An award of compensatory damages in an amount to be determined attrial;

ii. An award of punitive damages in an amount to be determined at trial;

iii. An order granting permanent injunctive relief to prevent Aksoy from making the same defamatory statements about Sirer, and requiring Aksoy to permanently remove the defamatory statements from all social media channels;

iv. An award of all costs of suit; and

v. An award of such other and further relief as the Court deems proper.

### JURY TRIAL DEMAND

Sirer demands a trial by jury for all claims.

Dated: June 22, 2021

                              ROCHE FREEDMAN LLP

                              */s/ Devin (Velvel) Freedman*
                              Devin (Velvel) Freedman, Esq.
                              200 S. Biscayne Blvd.
                              Suite 5500 Miami, Florida 33131
                              Tel: (305) 753-3675
                              Email: vel@rcfllp.com

Kyle Roche (*pro hac vice forthcoming*)
Joseph Delich (*pro hac vice forthcoming*)
99 Park Avenue, Suite 1910
New York, NY 10016
Email: kyle@rcfllp.com
Email: jdelich@rcfllp.com

*Counsel for Plaintiff, Emin Gün Sirer*

7