# EXHIBIT 1

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| TEMUJIN LABS INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>ARIEL ABITTAN, et al.,<br><br>        Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No.: 20CV372622<br><br>**ORDER CONCERNING (1) TEMUJIN LABS INC., A DELAWARE CORPORATION, TEMUJIN LABS INC., A CAYMAN ISLANDS CORPORATION, LILY CHAO, DAMIEN DING, AND DISCREET LABS LTD.'S MOTION TO DISQUALIFY ROCHE LLP, AND TO STAY, AND TO CLARIFY, THE COURT'S AUGUST 22, 2022 ORDER;** |

This action arises from the business dealings of: (1) Temujin Labs Inc., a Delaware corporation ("Temujin"); (2) a related Cayman Islands corporation; and (3) Temujin's co-founders, who go by the aliases of Lily Chao and Damien Ding.[1] These business dealings involve the development of Temujin as a financial technology company operating under the name "Findora."

---

[1] The Temujin entities, a related entity called Discreet Labs Ltd., Ms. Chao, and Mr. Ding are referred to collectively herein as the "Temujin Parties."

1

In Case No. 20CV372622 ("*Abittan*"), Temujin alleges that Defendants and Cross-Complainants Ariel Abittan, Benjamin Fisch, and Charles Lu conspired to: (a) assert a false claim of ownership of its business; (b) misappropriate its trade secrets; (c) usurp and interfere with control over its assets, such as social media accounts; and (d) interfere with its relationships with investors and business partners. Mr. Abittan, a former business partner of Ms. Chao and Mr. Ding, filed a cross-complaint alleging, among other things, that Ms. Chao and Mr. Ding stole from and defamed him. Mr. Fisch and Mr. Lu filed a separate cross-complaint, asserting that Ms. Chao and Mr. Ding misrepresented a host of important facts about their business and activities to induce Mr. Fisch and Mr. Lu to work for Temujin.

Currently at issue is the Temujin Parties' motion to disqualify Freedman Normand Friedland LLP, formerly known as Roche Freedman LLP (the "Freedman Firm"). The Court issued an order on November 21, 2022 ("November 2022 Order"), which conditionally denied the Temujin Parties' motion to disqualify, pending: a) the submissions of certain declarations from partners in the Freedman Firm (the firm representing Mr. Abittan); and b) modifications to the protective orders in these cases. The Court set a deadline of December 16 for the filing of both sets of documents.

1. <u>Declarations</u>: On December 6, the Court received seven declarations from the remaining partners of the Freedman Firm. In these declarations, these partners affirm under oath that they have not provided, and will never provide, another party's confidential information to Ava Labs in violation of a protective order or other court order. The Court finds that these declarations satisfy the concerns stated in its November 2022 Order.

2. <u>Protective Order Modifications</u>: The November 2022 Order asks the parties to modify the protective order in this case (and the related *Fu* case) that no confidential information of any party can be shared by any counsel with Ava Labs without the consent of that party. The parties have done so. (See 12/16/22 Notice of Modified Protective Order.)

Granted, the protective orders are not ready for signature due to changes in attorney representation for the Temujin Parties. (See 12/16/22 Notice of Modified Protective Order, at 1.)

But because counsel for the Freedman Firm have committed to following the terms of the modified protective order, the Court finds the modifications satisfactory.

In summary, counsel for the Freedman Firm have met the two conditions stated in the November 2022 Order. Therefore, as explained in detail in the Court's November 2022 Order, the Court now DENIES the Temujin Parties' motion for disqualification.

**IT IS SO ORDERED.**

Date:  December 19, 2022

The Honorable Sunil R. Kulkarni
Judge of the Superior Court