Eric B. Fastiff (State Bar No. 182260)
efastiff@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Counsel for Proposed Amicus Curiae
The American Antitrust Institute

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 5:17-cv-00220-LHK |
| Plaintiff, | **ADMINISTRATIVE MOTION OF THE AMERICAN ANTITRUST INSTITUTE TO FILE MEMORANDUM AS AMICUS CURIAE (LOCAL RULE 7-11)** |
| v. | |
| QUALCOMM, INCORPORATED, a Delaware Corporation, | Judge:   The Hon. Lucy H. Koh |
| Defendant. | |

## RELIEF REQUESTED

The American Antitrust Institute ("AAI") hereby moves the Court, pursuant to Local Rule 7-11, for leave to file a memorandum as amicus curiae to assist the Court in deciding defendant's motion to dismiss. The proposed brief is attached as Exhibit A to the accompanying Declaration of Richard M. Brunell ("Brunell Decl."). Counsel for the Federal Trade Commission (FTC) advises that the FTC does not oppose the filing an AAI amicus brief. Counsel for Qualcomm advises that "Qualcomm will defer to the Court's discretion on AAI's motion for leave to file an amicus brief but requests that, if the Court grants the motion, Qualcomm be given two additional pages in its reply brief on the motion to dismiss, to be used only if and as necessary to respond to statements or arguments made by AAI." Brunell Decl. ¶¶ 3, 4.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Court Has the Authority to Permit the AAI to Be Heard

"The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *Infineon Techs. N. Am. Corp. v. Mosaid Techs., Inc.*, C 02-5772 JF(RS), 2006 WL 3050849, at *3 (N.D. Cal. Oct. 23, 2006) (*quoting In re Roxford Foods Litig.*, 790 F.Supp. 987, 997 (E.D. Cal. 1991)). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005) (*quoting Cobell v. Norton*, 246 F.Supp.2d 59, 62 (D.D.C. 2003)).

### II. Good Cause Exists for Allowing the AAI to Be Heard

AAI is an independent nonprofit organization that serves the public through education, research, and advocacy on the benefits of competition and the use of antitrust as a vital

1348395.2 - 1 - ADMIN. MOTION OF THE AMERICAN ANTITRUST INSTITUTE TO FILE MEMO AS AMICUS CURIAE
CASE NO. 5:17-CV-00220-LHK

1  component of national and international competition policy.  AAI frequently appears as amicus

2  curiae in important antitrust cases in the Supreme Court and lower federal courts to promote the

3  development of sound legal doctrine that protects consumers, businesses, and society.  For a full

4  listing of AAI's amicus briefs and description of AAI's amicus program, see

5  http://www.antitrustinstitute.org/aai_activities/amicus-program.

6  AAI has a longstanding interest in ensuring that standard setting among competitors is not

7  abused and that FRAND commitments, which are central to preventing abuse, are not evaded.  It

8  has filed several amicus briefs on these matters.  *See, e.g.,* Brief of *Amicus Curiae* The American

9  Antitrust Institute in Support of Neither Party, *Apple, Inc. v. Motorola, Inc.*, 757 F.3d 1286 (Fed.

10  Cir. 2014); Brief *Amici Curiae* American Antitrust Institute & Consumer Federation of America

11  in Support of Neither Party, *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007).

12  AAI has also been active in advancing the development of monopolization law, the FTC's

13  "standalone" § 5 authority, and the law governing pleading requirements in antitrust cases.

14  Among other monopolization cases in which AAI has filed an amicus brief (and participated in

15  oral argument in the Supreme Court) is *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S.

16  438 (2009), a key case on which Qualcomm relies.

17  Qualcomm's motion to dismiss raises the kind of important antitrust questions of

18  widespread significance that are central to AAI's mission.  Qualcomm asks the Court to impose a

19  high bar for pleading raising rivals' costs and exclusive dealing theories in a monopoly

20  maintenance case under § 2 of the Sherman Act.  It also asks the Court to adopt an unduly

21  restrictive interpretation of *linkLine*.  And it questions the scope of the Federal Trade

22  Commission's "standalone" Section 5 authority in the standard-setting context, an area in which

23  the FTC has been highly active but where the case law is sparse.

24  AAI's memorandum assists the court by providing legal and other analysis that

25  supplements the parties' briefs.  *See Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus. State of*

26  *Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) ("classic role of amicus curiae" is "assisting in a case of

27  general public interest, supplementing the efforts of counsel, and drawing the court's attention to

28  law that escaped consideration"); *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 n.3

1  (9th Cir. 1987) (granting amicus status so court could avail itself of amicus's thorough legal
2  arguments).

3        Specifically, as to the FTC's monopolization theory, the AAI's brief provides additional
4  authority and analysis on, among other things: (1) the legal standard for establishing exclusionary
5  conduct under § 2 in general and specifically with respect to theories involving raising rivals'
6  costs and exclusive dealing; (2) the irrelevance of *linkLine* given the duty to deal created by
7  Qualcomm's FRAND commitment; and (3) pleading standards in § 2 cases.  And as to the FTC's
8  standalone Section 5 theory, the brief explains how the requisite harm to competition may be less
9  than or different from the competitive harm required for a § 2 violation and details how the
10  complaint satisfies the requirements for pleading a standalone § 5 violation, an issue that the
11  parties' briefs do not significantly address.  More generally, the brief highlights the importance of
12  using the antitrust laws to police anticompetitive abuse of standard setting.

### **CONCLUSION**

14        For the reasons set forth above, this Court should grant the AAI's request for leave to file
15  a memorandum as amicus curiae to assist the Court in deciding Defendant's Motion to Dismiss.

16  Dated: May 12, 2017         Respectfully submitted,

17                                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

19                                By:*/s/ Eric B. Fastiff*
20                                    Eric B. Fastiff

21  Eric B. Fastiff (State Bar No. 182260)
   efastiff@lchb.com
22  275 Battery Street, 29th Floor
   San Francisco, CA  94111-3339
23  Telephone:  415.956.1000
   Facsimile:  415.956.1008

24  Counsel for Proposed Amicus Curiae
   The American Antitrust Institute