CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (admitted *pro hac vice*)
Kevin J. Orsini (admitted *pro hac vice*)
Lauren M. Rosenberg (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel.: (212) 474-1000
Fax: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
lrosenberg@cravath.com

QUINN EMANUEL URQUHART & SULLIVAN LLP
Michael E. Liftik (CA Bar No. 232430)
1300 I Street, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
michaelliftik@quinnemanuel.com
Emily C. Kapur (CA Bar No. 306724)
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Telephone: (650) 801-5000
emilykapur@quinnemanuel.com

*Counsel for Defendants Dfinity USA Research LLC, Dfinity Foundation and Dominic Williams*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL VALENTI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DFINITY USA RESEARCH LLC, DFINITY FOUNDATION and DOMINIC WILLIAMS,<br><br>Defendants. | Case No.: 3:21-cv-06118-JD<br><br>**DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S MOTION TO SEAL AND THE FEBRUARY 24, 2023 DECLARATION OF EDWARD NORMAND IN SUPPORT THEREOF**<br><br>Date: April 6, 2023<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. James Donato |

**NOTICE OF MOTION AND MOTION**

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 6, 2023, at 10 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable James Donato, 450 Golden Gate Ave., San Francisco, CA 94102, Courtroom 11, 19th Floor, Defendants Dfinity USA Research, LLC, Dfinity Foundation, and Dominic Williams (together, "Defendants") will and do hereby move the Court for an order striking certain allegations in Plaintiff's Administrative Motion to Seal (Dkt. No. 102) and the Declaration of Edward Normand in Support thereof (Dkt. No. 102-1), as set forth in more detail in the accompanying motion. This motion is made pursuant to the Court's inherent powers to supervise and manage its affairs, and is based upon this Notice of Motion and the Memorandum of Points and Authorities in Support and such argument as may be heard.

**ISSUE TO BE DECIDED**

Whether allegations in Plaintiff's Administrative Motion to Seal (Dkt. No. 102) and the Declaration of Edward Normand in Support thereof (Dkt. No. 102-1) regarding Mr. Normand's wholly unsubstantiated "understanding"—based on no facts—that Defendants made alleged "threats" against Kyle Roche (who in the context of responding to his caught-on-video admissions published by Crypto Leaks, admitted he made "false" statements that "do not reflect [his] true views"), should be stricken from the Court's docket. Mr. Normand, as an attorney admitted to practice before this Court who is bound by ethical obligations, and who has represented to the Court that Mr. Roche has made "obviously inappropriate statements" that are "false" and has been excised out of FNF, should not be permitted to drop this type of slanderous hearsay allegation into his sworn Affidavit with no substantiation whatsoever.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Preliminary Statement**

In the context of opposing Defendants' underlying motion to disqualify FNF as interim class counsel, FNF strenuously represented to this Court, as FNF did to other federal district courts, that Kyle Roche's damning on-camera admissions, which were published by CryptoLeaks and resulted in Mr. Roche's expulsion from Roche Freedman (now FNF, with only Mr. Roche gone) and his withdrawal and/or disqualification from many unrelated cases, were "false."[1] Now, in their zeal to attack Dfinity and its founder while keeping the facts about FNF's involvement with Ava Labs from the putative class and the public, FNF—through named partner Edward Normand—submitted an affidavit that contains a wholly unsubstantiated and malicious allegation as Paragraph 5 in support of their motion to seal (Dkt. No. 102-1): "My understanding is that Defendants have made threats on Mr. Roche's life, which necessitated FBI involvement." The paragraph consists only of this single sentence, with no explanation of the basis for this "understanding." (Dkt. No. 102-1 ¶ 5.) FNF has previously made this allegation in other filings, and now has tried to create the imprimatur of legitimacy by placing the same fabrication in an affidavit.[2] This false claim is presumably premised on out-of-court statements by Kyle Roche

---

[1] In opposition to Defendants' pending Motion to Disqualify, Plaintiff stated unequivocally that Mr. Roche's on-camera statements were "false." *See, e.g.*, Dkt. No. 76 at 6. Plaintiff's counsel made similar representations to the Court during the February 2, 2023 hearing on Defendants' Motion to Disqualify. *See* Feb. 2, 2023 Hr'g Tr. 4:10-13. Plaintiff's counsel also told the Court that Mr. Roche's statements are "obviously inappropriate" and admitted that "the things [Mr. Roche] said were untrue." *Id.* at 5:3-6.

Mr. Roche submitted a declaration in this case stating that his on-camera statements "do not reflect [his] true views." Roche Decl. (Oct. 25, 2022) Dkt. No. 76-15 ¶ 5. In a New York case, in which the court ended up removing FNF as counsel for the putative class, Mr. Roche acknowledged more forthrightly that "some of the statements were false." Roche Decl. (Sept. 2, 2022), *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19-cv-9236 (KPF) (S.D.N.Y.), Dkt. No. 232-1 ¶ 3.

[2] *See* Letter from Edward Normand Regarding Rule 30(b)(6) Deposition of Freedman Normand Freedland LLP (Feb. 13, 2023) (Dkt. No. 93); Letter from Edward Normand Regarding Protective Order (Feb. 22, 2023) (Dkt. No. 98).

(who remains friends with FNF partner Velvel Freedman and is still FNF's co-counsel in numerous matters). This claim that Defendants made a threat on Mr. Roche's life would be actionable as defamation if made outside of court filings.

As counsel for the putative class—rather than litigants themselves—FNF and Mr. Normand ought to understand that litigation cannot and should not be used to sling such accusations with no substantiation. Litigation before this Court should not be used to facilitate a vendetta against Mr. Williams under the cloak of public filings. Dfinity USA Research, LLC, Dfinity Foundation, and Dominic Williams (together, "Defendants") accordingly move to strike the allegations in the Administrative Motion to Seal at Page 4 and Lines 21-22 (Dkt. No. 102) ("Motion to Seal") and Paragraph 5 of the Declaration of Edward Normand in Support thereof (Dkt. No. 102-1) ("Normand Decl.").

## II. Argument

This Court has inherent authority to strike "inappropriate materials" that are "improperly part of the public record." *Jones v. Metro. Life Ins. Co.*, No. 08-cv-03971-JW-DMR, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010). This discretion extends to striking filings for being "legally and factually meritless" and "having no possible bearing on the subject matter of the litigation." *MST Mgmt. LLC v. Chicago Doughnut Franchise Co., LLC*, No. 21-cv-00360-JAD-DJA, 2022 WL 2275186, at *2 (D. Nev. June 23, 2022); *see also Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 405 (9th Cir. 2010) (holding that striking document was within district court's inherent powers to "rein in abusive conduct" as well as to "determine what appears in the court's records"). This Court should exercise its discretion to strike these allegations.

*First*, Mr. Normand's false and unsubstantiated accusations about "threats" to Mr. Roche are irrelevant to Plaintiff's Motion. Mr. Normand makes no effort to explain what these alleged "threats" have to do with Plaintiff's misplaced concerns about potential "misuse" (Mot. at 5) of the litigation agreements between FNF lawyers and Ava Labs and related AVA token transactional information Plaintiff seeks to seal. Reading Plaintiff's Motion, the Court and Defendants are left

to guess at how Defendants might purportedly "misuse" the information at issue, much less why Mr. Normand's accusations justify Plaintiff's alleged concerns. Nor does Plaintiff cite any authority for the proposition that otherwise non-sensitive or unprotected information warrants sealing merely due to vague and speculative "concerns" over how that information may be used once it is public. Mr. Normand's unsubstantiated accusations are thus irrelevant and serve no purpose in the record other than to slander Defendants. On this basis alone, the Court should strike Mr. Normand's allegations. *Cf. Harkey v. U.S. Bank, N.A*, No. 2:14-cv-00177-RFB, 2015 WL 300271, at *2 (D. Nev. Jan. 21, 2015) (exercising inherent power to strike allegations in declaration concerning opposing counsel's past misconduct, noting that the filings "had[d] no bearing" on the issue before the court and "their only purpose in th[at] action [was] to cast Plaintiff's counsel in a negative light"); *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 962 (N.D. Cal. 2019) (striking allegations under Rule 12(f) where those allegations were immaterial and scandalous, and the allegations served "solely to prejudice [the defendant] by painting it as a bad actor").

**Second**, even if Mr. Normand's statements based purely on information and belief were relevant to Plaintiff's Motion (and they are not), the unsubstantiated allegations are based on vapor, can be accorded no weight and should be stricken for that additional reason. Courts routinely disregard attorney declarations—in various procedural contexts—where the stated facts are supported by nothing more than information and belief and outside the attorney's personal knowledge. *See, e.g.*, *Yoon v. Gap, Inc.*, No. 08-cv-5712-SVW-AJWx, 2010 WL 11597620, at *2 (C.D. Cal. July 15, 2010) (denying motion to seal, disregarding "declaration of outside counsel" where "[t]here [was] no evidence showing that counsel ha[d] personal knowledge of the stated facts"); *United States v. Al-Shawaf*, No. 516-cv-01539-ODW (SPx), 2017 WL 6001273, at *4 (C.D. Cal. Nov. 8, 2017) (on motion to compel, disregarding attorney affidavits where "the attorney-declarants ha[d] no personal knowledge" of the disputed issues); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (affirming summary judgment, holding that "information and belief declarations from [party's] counsel" "were entitled to no weight because

the declarant did not have personal knowledge"); *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1025 (N.D. Cal. 2006) ("The objected-to portion of paragraph two is not based on the personal knowledge of [Attorney] Boyd, thus she is not competent to testify to it.") The sum total of Mr. Normand's allegation is one sentence averring, based only on Mr. Normand's "understanding," that some unspecified combination of "Defendants" made an unspecified number of "threats" to Mr. Roche, on some unspecified dates, which supposedly "necessitated" some unspecified "FBI involvement." Normand Decl. ¶ 5.

*Finally,* while Mr. Normand leaves his sourcing for these admittedly "apparent[]" (Mot. at 4) threats unexplained, the allegations almost certainly come from Mr. Roche—whose statements Mr. Normand himself has strongly urged this Court to *disregard* in opposition to Defendants' pending motion to disqualify. Plaintiff cannot have it both ways. *See MST Mgmt.*, 2022 WL 2275186, at *2; *see also Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PA, 2010 WL 3910072, at *3 (D. Nev. Sept. 30, 2010) (noting district courts' inherent authority to strike "fugitive document[s]," as any other result would "cripple the Court's ability to manage its docket or regulate insubordinate attorney conduct").

Mr. Normand and others at FNF have conceded to this Court and others that Mr. Roche should not be believed when ***recorded on video making explosive statements and admissions***. Simply repeating in court filings what Mr. Normand may have heard from Mr. Roche does not make it reliable, never mind true. These serious and baseless accusations come not from a litigant, but from a licensed attorney who ought to understand the law cited above as well as the duty of candor to this tribunal. "[A]n assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer" may "properly be made only when the lawyer *knows the assertion is true* or believes it to be true *on the basis of a reasonably diligent inquiry*." Model Rules of Pro. Conduct r. 3.3 cmt. [3] (emphasis added). Paragraph 5 of Mr. Normand's declaration contains ***no facts* and should be stricken from the record**.

At bottom, Plaintiff's improper and unsupported references to these alleged "threats" through proposed class counsel, FNF, serve no purpose other than to unfairly impugn Defendants to this Court without any basis, and in particular to inflict reputational harm on Mr. Williams outside of these proceedings. This litigation should focus on the securities law issues before this Court, not serve as a vehicle for interim class counsel to take gratuitous "pot shots" at the opposing party in an effort to smear Defendants under the protection of court filings. The fact that counsel made this scandalous claim, without even bothering to provide a factual basis or explain why it is relevant, further underscores that FNF is unfit to be class counsel in this case.

Defendants respectfully request that the Court strike Mr. Normand's testimony and the corresponding reference to that testimony in Plaintiff's Motion, and award any further relief it deems necessary to ensure the integrity of these proceedings and deter similar impropriety going forward.

| | | |
|---|---|---|
| Dated: | February 27, 2022 | CRAVATH, SWAINE & MOORE LLP |

 */s/ Kevin J. Orsini*
Antony L. Ryan (admitted *pro hac vice*)
Kevin J. Orsini (admitted *pro hac vice*)
Lauren M. Rosenberg (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel.:  (212) 474-1000
Fax:  (212) 474-3700
korsini@cravath.com

*Counsel for Defendants*

QUINN EMANUEL URQUHART & SULLIVAN LLP

 */s/ Michael E. Liftik*
Michael E. Liftik (CA Bar No. 232430)
Sarah Heaton Concannon (*pro hac vice*)
1300 I Street, Suite 900
Washington, D.C. 20005
Telephone:  (202) 538-8000
michaelliftik@quinnemanuel.com
sarahconcannon@quinnemanuel.com

Emily C. Kapur (CA Bar No. 306724)
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Telephone:  (650) 801-5000
emilykapur@quinnemanuel.com

Brenna D. Nelinson (*pro hac vice*)
51 Madison Avenue, 22nd Fl.
New York, New York 10010
Telephone:  (212) 849-7000
brennanelinson@quinnemanuel.com

*Counsel for Defendants*