1  CRAVATH, SWAINE & MOORE LLP
   Antony L. Ryan (admitted *pro hac vice*)
2  Kevin J. Orsini (admitted *pro hac vice*)
   Lauren M. Rosenberg (admitted *pro hac vice*)
3  Worldwide Plaza
4  825 Eighth Avenue
   New York, New York 10019
5  Tel.:  (212) 474-1000
   Fax:  (212) 474-3700
6  aryan@cravath.com
7  korsini@cravath.com
   lrosenberg@cravath.com
8

9  QUINN EMANUEL URQUHART & SULLIVAN LLP
   Michael E. Liftik (CA Bar No. 232430)
10 1300 I Street, Suite 900
   Washington, D.C. 20005
11 Telephone:  (202) 538-8000
12 michaelliftik@quinnemanuel.com
   Emily C. Kapur (CA Bar No. 306724)
13 555 Twin Dolphin Dr., 5th Fl.
   Redwood Shores, California 94065
14 Telephone:  (650) 801-5000
   emilykapur@quinnemanuel.com
15

16 *Counsel for Defendants Dfinity USA
   Research LLC, Dfinity Foundation and*
17 *Dominic Williams*

18                **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
19

| | |
|---|---|
| 20  DANIEL VALENTI, Individually and on Behalf of All Others Similarly Situated, | Case No.: 3:21-cv-06118-JD |
| 21                                           Plaintiff, | **DEFENDANTS' RESPONSE TO FNF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| 22  v. | |
| 24  DFINITY USA RESEARCH LLC, DFINITY FOUNDATION and DOMINIC WILLIAMS, | |
| 25                                           Defendants. | |

Pursuant to Local Civil Rule 79-5(f)(4), Defendants Dfinity USA Research, LLC, Dfinity Foundation and Dominic Williams (together, "Defendants") respectfully submit this Response to FNF's Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 105).

**PRELIMINARY STATEMENT**

FNF's submission is procedurally improper, and at its core constitutes a transparent effort to slip in a reply where no reply is permitted under the Local Rules. Specifically, FNF has styled its submission as a response to Defendants' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 99). However, rather than submit a "statement and/or declaration as described in subsection (c)(1)", as required under Local Rule 79-5(f)(3), FNF has effectively submitted a reply brief to Defendants' *separate* Opposition to *FNF's* Motion to Seal (ECF No. 103). Under Local Rule 7-11, which governs motions for administrative relief like FNF's Motion to Seal, "[u]nless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due". L. R. 7-11(c); *see also, e.g.*, *Erickson Prods. Inc. v. Kast*, No. 13-CV-05472-DMR, 2019 WL 8107869, at *1 n.1 (N.D. Cal. July 18, 2019) (declining to consider a reply brief because Local Rule 7-11 "does not authorize the filing of a reply brief"). FNF's filing should be disregarded for that reason alone.

In any event, FNF's submission further confirms that they are not fit to represent the putative class. While FNF's submission is rife with misstatements of fact and law, Defendants write to address two key points: (1) FNF fails meaningfully to address Defendants' primary argument: putative class members have a right to understand who is representing them, and to understand whether their counsel's ability to fairly and adequately represent the putative class has been compromised; (2) even though FNF has no doubt seen Defendants' Motion to Strike (ECF No. 104), FNF doubles down on its slanderous, unsubstantiated and irrelevant allegations of death threats while offering no new facts to support those accusations, thereby further suggesting that this litigation is not about the absent class members but instead an effort to smear Defendants (as Mr. Roche vividly described in his recorded statements).

*First*, FNF fails meaningfully to address Defendants' primary argument: "this is a putative class action, and the underlying motion is rooted in a fundamental conflict between FNF and the putative class members it seeks to represent. Putative class members have a right to know the details of FNF's entanglement with Ava Labs, which Mr. Roche admitted on tape drove this litigation and others." (ECF No. 103, at 3.)  In other words, members of the putative class have a right to understand who may be representing them, and the nature of their counsel's true loyalties. The public does as well.  *See, e.g.*, *Marsh v. First Bank of Delaware*, No. 11-cv-05226-WHO, 2014 WL 117086, at *1 (N.D. Cal. Jan. 13, 2014) ("In a class action, the public right of access to court documents is especially heightened.").  Missing the point entirely, FNF asserts that Defendants have not established such a right, notes that "[t]he agreements at issue are between non-parties . . . [and are] attorney-client agreements that expressly require confidentiality", suggests that the Court's review of the transcript affords sufficient protection to the putative class, generically claims that disclosure of the deposition will "cause prejudice and harm" and points to other judges in non-class actions in different states who purportedly sealed similar information. (ECF No. 105, at 3-4.)

FNF turns the standard on its head:  it is *FNF* that "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted".  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). FNF cannot meet this burden by simply proclaiming that the agreements referenced in the transcript were executed by non-parties.  To be sure, FNF is not a *party*; instead, it is proposed class counsel and therefore is held to a *higher* standard of ethics and disclosure than a mere party. Trying to minimize their role in this case as simple non-parties is yet the latest attempt by FNF—after claiming to be an "open book"—to minimize their problems and hide their conflicted financial interests from the very people they ask to represent.  Absent putative class members have a right to know about FNF's conflicts.  Indeed, *the lead plaintiff in the parallel state court action has already served discovery requests on Defendants seeking the FNF transcript for exactly this reason*.  Moreover, even if FNF remains as counsel in this action and a class is certified, absent

class members will be entitled to review the record—including FNF's deposition—to determine whether to opt out; the Court cannot make this determination for them.[1]

FNF also fails to identify any "prejudice and harm" that disclosure of the deposition transcript will cause—beyond FNF's own embarrassment about the degree to which it is beholden to Ava Labs. But such embarrassment should not be cloaked in secrecy, particularly because the deposition transcript reveals no wallet addresses. Rather, the extent to which FNF is beholden to Ava Labs, as reflected in the deposition transcript, relates directly to the existence of a conflict with the putative class. Further, FNF's references to other judges who have sealed similar information in other cases is nothing more than deflection and obfuscation. Those other cases concerned a contract dispute between FNF and a former partner, and the public therefore had far less interest in the information. In this class action, however, as Defendants have emphasized, the putative class and the public have a powerful interest in understanding how putative class counsel's loyalty to a third party may impact its representation of the putative class.

*Second*, Defendants have moved to strike the allegations in FNF's Motion to Seal (ECF No. 102) and the Declaration of Edward Normand in Support thereof (ECF No. 102-1) that some unspecified "Defendants" threatened Mr. Roche's life. These accusations have nothing to do with a simple sealing motion and are plainly designed to smear Defendants under the protection of court filings. (*See* ECF No. 104, at 6-7.) FNF pretends that Defendants' Motion to Strike was not filed, never mentioning it once in their submission. Instead, FNF yet again doubles down, regurgitating its accusations in its improper reply brief. (ECF No. 105, at 5-6.) Notably, for the first time, FNF now asserts that it was *FNF* who reported these unspecified death threats to the FBI. (*Compare, e.g., id.* (referring to "evidence" of alleged "threats on Mr. Roche's life . . . which FNF reported to

---

[1] As its own case makes clear, FNF also cannot meet its burden by simply asserting a third-party confidentiality concern without meaningfully substantiating it. *See Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, No. 2:18-cv-00585-RFB, 2022 WL 17668678, at *3, *7 (D. Nev. Dec. 14, 2022) (noting that "[t]o the extent that the confidentiality of the exhibit has been requested by third parties, Plaintiff fails to meaningfully explain why the third parties' interests support sealing the exhibit" and requiring that "[t]o the extent a renewed motion is based on confidentiality concerns of third parties, [it] must contain a declaration from the third party explaining why they believe the exhibit should be sealed").

the FBI"), *with* ECF No. 102-1, at 2 ("My understanding is that Defendants have made threats on Mr. Roche's life, which necessitated FBI involvement.").) If FNF actually possesses "evidence" of these alleged death threats (ECF No. 105, at 5), and if FNF actually reported these alleged death threats to the FBI (*id.* at 5-6), then FNF and its partners should submit *evidence* to support such extreme allegations even if they are going to raise them in irrelevant contexts such as this. Yet, once again, FNF provides no facts and no details, and instead simply asserts—implausibly, and yet again—that these fabricated accusations constitute a basis for sealing. Defendants respectfully submit that this Court should not tolerate such tactics.

Dated: March 7, 2023

CRAVATH, SWAINE & MOORE LLP

/s/ Kevin J. Orsini
Antony L. Ryan (admitted *pro hac vice*)
Kevin J. Orsini (admitted *pro hac vice*)
Lauren M. Rosenberg (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel.: (212) 474-1000
Fax: (212) 474-3700
korsini@cravath.com

*Counsel for Defendants*

QUINN EMANUEL URQUHART & SULLIVAN LLP

/s/ Michael E. Liftik
Michael E. Liftik (CA Bar No. 232430)
Sarah Heaton Concannon (*pro hac vice*)
1300 I Street, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
michaelliftik@quinnemanuel.com
sarahconcannon@quinnemanuel.com

Emily C. Kapur (CA Bar No. 306724)
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Telephone: (650) 801-5000
emilykapur@quinnemanuel.com

4

Brenna D. Nelinson (*pro hac vice*)
51 Madison Avenue, 22nd Fl.
New York, New York 10010
Telephone: (212) 849-7000
brennanelinson@quinnemanuel.com

*Counsel for Defendants*