**FREEDMAN NORMAND FRIEDLAND LLP**
Edward Normand (admitted *pro hac vice*)
Richard Cipolla (admitted *pro hac vice*)
Stephen Lagos (admitted *pro hac vice*)
Ivy T. Ngo (SBN 249860)
99 Park Avenue, 19th Floor
New York, NY 10016
Telephone: (646) 350-0527
Facsimile: (646) 392-8842
Email: tnormand@fnf.law
Email: rcipolla@fnf.law
Email: slagos@fnf.law
Email: ingo@fnf.law

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VALENTI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DFINITY USA RESEARCH LLC, DFINITY FOUNDATION, and DOMINIC WILLIAMS,<br><br>Defendants. | Case No.: 3:21-cv-06118-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' MOTION TO SEAL AND THE FEBRUARY 24, 2023 DECLARATION OF EDWARD NORMAND IN SUPPORT THEREOF**<br><br>Date: April 6, 2023<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. James Donato |

Lead Plaintiff Henry Rodriguez and named Plaintiff Daniel Valenti, on behalf of themselves and all others similarly situated, respectfully submit this Opposition to Defendants' Motion to Strike Portions of Plaintiffs' Motion to Seal and the February 24, 2023 Declaration of Edward Normand in Support Thereof. (Dkt. No. 104.)

**ISSUE TO BE DECIDED**

Whether the Court should, pursuant to its inherent powers, strike statements made in Plaintiffs' Administrative Motion to Seal (Dkt. No. 102) and the Declaration of Edward Normand in support thereof (Dkt. No. 102-1), on the grounds that Defendants claim that those statements are irrelevant and false.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     PRELIMINARY STATEMENT**

Defendants and their counsel have moved to disqualify Plaintiffs' counsel, Freedman Normand Friedland LLP ("FNF"); accused FNF of being "unfit to be class counsel" (Dkt. No. 104 at 7); claimed, without irony, that FNF has engaged in unidentified "bad acts" (Dkt. No. 100 at 10 n.18)[1]; and repeatedly opposed Plaintiffs' requests to keep their attorneys' personal financial information non-public (Dkt. Nos. 99, 103). Defendants and their counsel now blithely come to the

---

[1] While insinuating that Plaintiffs' counsel has violated its duty of candor, Defendants' counsel neglect to inform the Court that the allegations they cite were recanted. *See* Mot. for Sanctions, *Humbl, Inc. v. Paysen*, Index No. 159867/2022 (N.Y. Sup. Ct. Jan. 3, 2023), NYSCEF No. 14. This is hardly the only example of Defendants and their counsel playing fast and loose with the facts in connection with their motion to disqualify. Seeking to try to show some connection between this litigation and the price of AVAX tokens, for example, Defendants argue that the filing of the complaint in this case *caused* the price of AVAX to "skyrocket[]." (Dkt. No. 100 at 11.) Defendants conspicuously fail even to acknowledge—let alone try to reconcile—the abundant evidence disproving any connection between significant events in this case and the price of AVAX, including that (i) a complaint based on the same publicly available factual evidence had *already been filed* in state court against Defendants weeks earlier; (ii) Plaintiffs' complaint was filed at a time where the price of AVAX, and crypto more generally, was increasing (a period that began weeks *before* Plaintiffs' complaint was filed); (iii) the price of Defendants' ICP also increased over that same time period; (iv) the price of AVAX remained essentially constant in the days after the complaint was filed and did not begin to increase significantly until *eight days later*; and (v) the price of AVAX has significantly *decreased* in the days after other filings that would presumably harm Defendants, like Plaintiffs' opposition to Defendants' motion to dismiss. In light of these facts, Defendants cannot truly believe their theory.

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE –
No. 3:21-cv-06118-JD

Court with this main complaint: "This litigation should focus on the securities law issues before this Court." (Dkt. No. 104 at 7.) Defendants' conduct, of course, makes clear that they would like nothing less than to litigate this case on the merits—an understandable position given the well-founded allegations against them and the Ninth Circuit's recent, on-point decision in *Pino v. Cardone Capital, LLC*, 55 F.4th 1253 (9th Cir. 2022). Defendants' motion to strike is simply their latest attempt to litigate everything *except* their fraudulent misconduct and violations of the securities laws.

Defendants seek to strike the following statement from Plaintiffs' counsel: "My understanding is that Defendants have made threats on Mr. Roche's life, which necessitated FBI involvement." (Dkt. No. 102-1 ¶ 5.) Defendants may not like the statement, and Mr. Normand does not currently know if they made the threat (although he reasonably believes they did), but those are no bases for granting a motion to strike, as court after court has found. And Mr. Normand's statement is true.

Aware of these hurdles, Defendants argue that the allegation is *irrelevant* to Plaintiffs' motion to seal, which concerned whether the public, *including Defendants*, should be given access to FNF attorneys' sensitive financial information and the identity of the individual who suggested that Mr. Roche investigate Defendants' conduct. But Mr. Normand's understanding of the threats—especially when coupled with the other evidence cited in Plaintiffs' motion to seal—support Plaintiffs' argument that Defendants are highly motivated, and willing to take extreme measures, to harm and retaliate against FNF and anyone who has helped it pursue this case. And that shows that FNF reasonably believes that its attorneys and others will be harmed if Plaintiffs' motion to seal is denied, a showing that Plaintiffs were *required* to make under applicable law and Local Civil Rule 79-5(c).

Defendants nevertheless attack FNF's motives, again without any intended irony, claiming that FNF is attempting to "smear Defendants under the protection of court filings" (Dkt. No. 104 at 7), and that "this litigation is not about the absent class members but instead an effort to smear Defendants" (Dkt. No. 106 at 2). That is nonsense. FNF sincerely and reasonably believes that

Defendants are dangerous, violent, and want to cause harm to FNF's attorneys. Plaintiffs were *required* to substantiate that belief to the Court to prevent Defendants from obtaining information that FNF reasonably believes Defendants can and will use to harm FNF attorneys and others. There is nothing improper about that. The Court should deny Defendants' motion.

## II. FACTUAL BACKGROUND

On October 4, 2022, Defendants moved to disqualify Plaintiffs' counsel, Freedman Normand Friedland LLP ("FNF"). (Dkt. No. 72.) On February 2, 2023, the Court held a hearing on that motion and authorized Defendants to depose a representative of FNF on or before February 17, 2023. (Dkt. No. 86.) The Court directed the parties to submit supplemental briefs by February 24, 2023. (*Id.*)

After the parties conducted the deposition on February 16, FNF moved for a protective order to designate the transcript as attorneys' eyes only. (Dkt. No. 98.) FNF explained that it was concerned that Defendants would use highly confidential and personal information from the deposition transcript to harm FNF attorneys, FNF's former client, and the individual who suggested that Mr. Roche investigate Defendants' conduct. (*Id.* at 2-3.) FNF explained the bases for those concerns, which included, among other things, FNF's understanding that Defendants "hired a 'conflict management' specialist to lure Mr. Roche to London under false pretenses, secretly record him, and illegally distribute those recordings via an anonymous website," and FNF's understanding that Defendants "made threats on Mr. Roche's life, necessitating FBI involvement." (*Id.* at 3.) These facts, FNF argued, demonstrated that FNF's belief that Defendants would "either publicize the deposition testimony or otherwise use it to harm FNF and others" was "reasonable" and that attorneys' eyes only treatment "over and above ordinary confidentiality" was justified. (*Id.* at 2.)

On February 24, the parties submitted their supplemental briefs. At the same time, Plaintiffs moved to seal certain portions of their supplemental brief, as well as excerpts from the deposition transcript attached to that brief. (Dkt. No. 102.) As required by Local Civil Rule 79-5(c)(1), Plaintiffs' motion included "an explanation" of "the injury that will result if sealing is denied."

In that portion of their brief, Plaintiffs argued that, if the information were disclosed, the public and Defendants could identify FNF attorneys' crypto addresses, which would "potentially

3
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE –
No. 3:21-cv-06118-JD

expose those attorneys to theft, cybercrime, and physical violence, a known tactic used by malicious actors seeking cryptoassets." (*Id.* at 5.) Plaintiffs further argued that "disclosure of the identity of the individual who suggested that Mr. Roche investigate Defendants' conduct could subject that individual to harassment from Defendants." (*Id.*) Plaintiffs then explained "that the likelihood of the foregoing injuries is significantly increased by Defendants' animosity toward Plaintiffs' counsel" and Defendant Williams' apparent "pattern of vindictive and dangerous behavior." (*Id.*)

Plaintiffs substantiated those claims with evidence, as required under applicable law and by Local Civil Rule 79-5(c)(2). That evidence included the same information on which FNF relied in moving for a protective order—among other things, FNF's understanding that Defendants "made threats on Mr. Roche's life, necessitating FBI involvement." (*Id.*) Plaintiffs cited a declaration from their counsel, Edward Normand, who stated: "My understanding is that Defendants have made threats on Mr. Roche's life, which necessitated FBI involvement." (Dkt. No. 102-1 ¶ 5.)

On February 27, Defendants moved pursuant to the Court's inherent powers to strike that statement from Plaintiffs' counsel's declaration, as well as a statement in Plaintiffs' motion to seal citing that portion of the declaration. (Dkt. No. 104.)

### III. ARGUMENT

#### A. Defendants' Threats Are Plainly Relevant to Plaintiffs' Motion to Seal

Plaintiffs' statements regarding Defendants' threats were plainly relevant to Plaintiffs' motion to seal. As Defendants' own cited authority recognizes, "[m]otions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Bealey v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 962 (N.D. Cal. 2019); *see also Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1131-32 (N.D. Cal. 2011) ("Motions to strike are not favored and 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991))). Although Defendants claim (at 4) that Plaintiffs' statements were "irrelevant," that argument approaches frivolous.

Indeed, for Plaintiffs' motion to seal to be granted, Plaintiffs were not only required to explain "the injury that will result if sealing is denied," Local Civ. R. 79-5(c)(1), but were also required to substantiate that claim, *see Software Rights Archive, LLC v. Facebook, Inc.*, 485 F. Supp. 3d 1096, 1113 (N.D. Cal. 2020) ("unsubstantiated" allegations of harm "will not suffice"). To satisfy these burdens, Plaintiffs argued that, among others, the following injuries would result if their motion were denied: (1) Defendants or members of the public could identify FNF attorneys' crypto wallet addresses, which would "potentially expose those attorneys to theft, cybercrime, and physical violence"; and (2) the identity of the individual who suggested that Mr. Roche investigate Defendants would become public, which "could subject that individual to harassment from Defendants." (Dkt. No. 102 at 5.) To show that the risk of these injuries was not speculative, Plaintiffs pointed to Defendants' "animosity toward Plaintiffs' counsel" and apparent "pattern of vindictive and dangerous behavior"—as demonstrated by, among other things, Defendants' apparent threat to Mr. Roche. (*Id.*) The statements that Defendants seek to strike, reflecting Plaintiffs' counsels' state of mind, were thus an important and necessary part of Plaintiffs' motion to seal.

Defendants nevertheless claim (at 5) that they are "left to guess at how Defendants might purportedly 'misuse' the information at issue, much less why Mr. Normand's accusations justify Plaintiff's alleged concerns." Defendants, represented by sophisticated counsel, are not actually confused about why a threat from Defendants on Mr. Roche's life would cause FNF to be concerned about providing information to Defendants that could be used to identify the individual who suggested that Mr. Roche investigate Defendants. *See, e.g.*, *In re BofI Holding, Inc. Securities Litig.*, 2021 WL 3700744, at *1 (S.D. Cal. Aug. 18, 2021) (sealing information relating to identity of former employees, where concerns about "retaliation and potential harassment" were substantiated with allegation that those former employees "complained of a 'fear-based' culture" that was "rife with threats of retaliation"). Nor are Defendants confused about why such a threat would cause FNF to be concerned about providing information to Defendants that could be used to target FNF attorneys' crypto wallet addresses, especially where Plaintiffs have cited specific examples of how such information can be and has been misused. (Dkt. No. 102 at 4; Dkt. No. 105 at 6.)

Defendants, in short, cannot demonstrate that Plaintiffs' statements regarding Defendants' threats were irrelevant to Plaintiffs' motion. That fact alone warrants denying Defendant's motion.

### B. <u>Defendants Cannot Suppress Evidence That They Dislike</u>

Defendants further argue (at 5-6) that their motion should be granted based on their speculation that (i) Plaintiffs' counsel's statements are baseless and (ii) Mr. Roche fabricated the allegations. The argument is meritless and should be rejected.

As a threshold matter, the fact that Defendants deny that they made a threat on Mr. Roche's life is not a basis for striking the statements. *See, e.g.*, *Blakely v. Jones*, 2019 WL 2343814, at *2 (W.D. Wash. May 15, 2019) ("But plaintiff's assertion that the declarations contain false information does not warrant striking the declaration."); *Martin v. Litton Loan Servicing LP*, 2016 WL 4943832, at *10 n.6 (E.D. Cal. Sept. 15, 2016) ("Plaintiff's disagreement with Ms. Freezer's statements does not provide a basis for striking her declaration."). Of course they would deny this. Defendants may not like the statements, but they cannot remove them from the record simply because they say those statements are false.

The statements actually at issue, moreover, are true. As Plaintiffs' counsel stated, his "understanding is that Defendants have made threats on Mr. Roche's life, which necessitated FBI involvement." (Dkt. No. 102-1.) That understanding is *based in part*, as Defendants surmised, on information that Mr. Roche provided to FNF, which indicated that he was genuinely concerned for his safety. But it is also based on *an independent source*: FNF's General Counsel, a former AUSA, corroborated Mr. Roche's information by speaking with a third party, a member of the Bar with no affiliation with FNF or Mr. Roche, that also heard threats being discussed. (Declaration of Eric Rosen ("Rosen Decl.") ¶¶ 4-7.) In light of the information provided by Mr. Roche and that third party, FNF's General Counsel concluded that he should report the threats to the FBI. (*Id.* ¶ 8.)

Defendants bizarrely contend (at 6) that the statements in Plaintiffs' counsel's declaration *cannot* be true because they are based on information from Mr. Roche, and Plaintiffs have argued that some of Mr. Roche's previous statements were false. Setting aside that the premise of Defendants' argument (*i.e.*, that Plaintiffs' counsel's statements were based solely on information

provided by Mr. Roche) is wrong, Plaintiffs have never argued, and there is no basis to conclude, that everything Mr. Roche has ever said and will ever say is false. Plaintiffs' counsel concluded that Mr. Roche was telling the truth, including because his concerns appeared genuine, because FNF's General Counsel had obtained corroborating information, and because FNF had already obtained significant evidence that Defendants had gone to great lengths to harm Mr. Roche through CryptoLeaks. Defendants do not provide any basis for concluding that Plaintiffs' counsel or anyone at FNF could or should have believed otherwise under the circumstances. *See Perrotte v. Johnson*, 2019 WL 175284, at *7 (E.D. Cal. Jan. 11, 2019) ("Plaintiff's unsubstantiated belief that Mr. Lyon was not present on the call is also insufficient to strike his declaration.").

Defendants' assertion (at 5) that Mr. Normand's statements are "based on vapor" is likewise meritless. Mr. Normand has firsthand knowledge of Mr. Roche's statements regarding the threat, FNF's consideration of the veracity of those statements, FNF's conclusion that the threat was credible, and FNF's decision to report that threat to the FBI. That Mr. Normand did not hear or see the threat does not, moreover, preclude him from competently testifying about *his reasonable belief* that Defendants in fact made the threat, *see* Fed. R. Evid. 803(3), a belief that informed Plaintiffs' argument that Defendants would, to the extent possible, use information contained in FNF's deposition transcript to harm FNF attorneys and the individual who suggested that Mr. Roche investigate Defendants' conduct (Dkt. No. 102 at 5-6). If Defendants want to dispute the weight to be afforded to Mr. Normand's statement, and argue that Mr. Roche did not submit an affidavit (in a context in which it would have been eminently reasonable for him to hesitate to do so), they are entitled to make those arguments. None of Defendants' cited authority suggests that *striking* Mr. Normand's statement would be appropriate here. *See Yoon v. Gap, Inc.*, 2010 WL 11597620, at *2 (C.D. Cal. July 15, 2010) (no motion to strike); *United States v. Al-Shawaf*, 2017 WL 6001273, at *4 (C.D. Cal. Nov. 8, 2017) (same); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (same); *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1025 (N.D. Cal. 2006) (same).

## IV. CONCLUSION

Plaintiffs respectfully submit, for the foregoing reasons, that the Court should deny the Defendants' motion to strike.

Dated: March 13, 2023

Respectfully Submitted,

**FREEDMAN NORMAND FRIEDLAND LLP**

/s/ Edward Normand
Edward Normand (admitted *pro hac vice*)
Richard Cipolla (admitted *pro hac vice*)
Stephen Lagos (admitted *pro hac vice*)
Ivy T. Ngo (SBN 249860)
99 Park Avenue, 19th Floor
New York, NY 10016
Telephone: (646) 350-0527
Facsimile: (646) 392-8842
Email: tnormand@fnf.law
Email: rcipolla@fnf.law
Email: slagos@fnf.law
Email: ingo@fnf.law

*Counsel for Plaintiffs and the Class*