CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (admitted *pro hac vice*)
Kevin J. Orsini (admitted *pro hac vice*)
Lauren M. Rosenberg (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel.: (212) 474-1000
Fax: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
lrosenberg@cravath.com

QUINN EMANUEL URQUHART & SULLIVAN LLP
Michael E. Liftik (CA Bar No. 232430)
1300 I Street, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
michaelliftik@quinnemanuel.com
Emily C. Kapur (CA Bar No. 306724)
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Telephone: (650) 801-5000
emilykapur@quinnemanuel.com

*Counsel for Defendants Dfinity USA Research LLC, Dfinity Foundation and Dominic Williams*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL VALENTI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DFINITY USA RESEARCH LLC, DFINITY FOUNDATION and DOMINIC WILLIAMS,<br><br>Defendants. | Case No.: 3:21-cv-06118-JD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A NOTICE OF SUPPLEMENTAL EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY** |

At the argument on Defendants' motion to disqualify FNF, Mr. Normand told this Court that FNF had "concluded that what Mr. Roche said was self-aggrandizing; obviously profane; obviously inappropriate; obviously meant to make him look more important and bigger than he was" and argued that his statements were not a reflection of FNF and should not be imputed to the firm.  (Tr. at 5:3-6.)  The Court emphasized it was "happy to hear you say here today, Mr. Normand, that your former colleague was on the wrong side of the line, because . . . your brief was a little bit defensive about the situation, talking about entrapment and so on.  I don't buy that. . . . I'm not going to buy this idea that he was duped, drunk, and talkative.  He was completely inappropriate as lead counsel and Rule 23 and under the PSLRA." (*Id*. at 6:3-14.)

Yet, FNF now seeks to reverse course and submit an expert report *offered by Kyle Roche* to a different court in an unrelated case to argue that "many of the videos on which Defendants rely are the product of manipulation, are inauthentic, and contain indicators consistent with the use of deepfake technology". (ECF No. 109 at 1.)  In doing so, FNF has retreated to its old ways and seeks to minimize—and even contest—Kyle Roche's statements despite the fact that Roche himself does not deny that he made these statements.  FNF's latest effort further demonstrates why its continued participation in this case will lead to precisely the sideshow Judge Failla identified in *In re Tether and Bitfinex Crypto Asset Litigation*, 19-cv-9236 (S.D.N.Y.), and why this Court should disqualify FNF to protect both the judicial process and the absent class members.

*First*, noticeably absent from FNF's submission is a declaration from Roche denying that he made the statements captured on video.  To the contrary, Roche instead has submitted a sworn declaration to this Court to "acknowledge that, during the videos, I made statements that were highly inappropriate and that I deeply regret". (ECF No. 76-15 ¶ 5.)  While Roche has argued that the meetings "were recorded without my knowledge" and that the "video clips themselves are highly edited, spliced, cut, and otherwise taken into [sic] context", he has never denied being at these meetings or making these statements. (*Id*. ¶ 4.)  Yet FNF now submit without foundation that these videos hypothetically *could be* "deepfake" technology and asks the Court to take judicial notice of articles generally referencing "computer-generated avatars created by artificial

intelligence software". *See* ECF No. 109 at 3 (citing Adam Satariano & Paul Mozar, *The People Onscreen Are Fake. The Disinformation Is Real*, THE NEW YORK TIMES (Feb. 7, 2023)). This contradicts the representations FNF previously made to this Court (and others). A simple chart illustrates FNF's inconsistency:

| **FNF's Opposition to Disqualification** | **FNF's Leave to File Supplemental Evidence** |
|---|---|
| "I acknowledge that, during the videos, I made statements that were highly inappropriate and that I deeply regret." (Roche Decl., ECF No. 76-5, ¶ 5.) | "[M]any of the videos on which Defendants rely are the product of manipulation, are inauthentic, and contain indicators consistent with the use of deepfake technology." (ECF No. 109 at 3.) |
| "The foregoing factual background is not intended to offer an excuse for Mr. Roche's statements; the statements are not excusable" (ECF No. 76 at 6.) | "It would be far more rational for Defendants to incur these costs if they knew they could get their desires result with deepfake manipulation." (ECF No. 109 at 3.) |
| "To address those concerns, and considering his inappropriate statements, Mr. Roche is no longer with the firm. " (ECF No. 76 at 6.) | "[Roche] may well have been the intended target of a premeditated effort to undercut an existentially problematic and well-founded lawsuit against an extremely well-funded set of defendants". (ECF No. 109 at 4.) |

*Second*, even if this Court were to consider the newfound expert report—and it should not—FNF ignores that Mr. Kalat limits his opinions about alleged editing to the videos taken in the restaurant (the "Restaurant Videos") as opposed to those in the office ("the Office Videos").

-2-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A NOTICE OF SUPPLEMENTAL EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY REPLY ISO MOTION TO DISQUALIFY
CASE NO. 3:21-CV-06118-JD

*See* ECF No. 109-3 ¶ 47 ("[I]n contrast to the observations of the Office Videos . . . the apparent resolution of the Restaurant Videos does not appear consistent across the frame."); *see also id*. ¶ 62. Accordingly, the report does not suggest that Mr. Roche's statements in the Office Videos— including that he uses strategic litigation as a "tool to competition" and files lawsuits against Ava Labs' competitors in order to redirect regulators' attention from Ava Labs to "other magnets,"[1] considers "litigation [] an underused tool,"[2] and uses the discovery process to "see[] the insides" of his clients' competitors[3]—had anything to do with "deepfake technology".  As Judge Failla emphasized, "the degree to which the Roche Freedman [now FNF] firm has attempted to minimize Mr. Roche's statements gives me concern that they don't appreciate the seriousness of those statements."  *In re Tether and Bitfinex Crypto Asset Litigation*, 19-cv-9236 (S.D.N.Y.), Decision ("Failla Decision") at 11:14-16.

FNF's latest motion further demonstrates why FNF's disqualification is necessary to allow the putative class to be represented by a firm without these conflicts. "Allowing the Roche Freedman [now FNF] firm to continue as interim class counsel with the metaphorical baggage they now carry is not in the best interests of the class."  Failla Decision at 11:20-22.

For the foregoing reasons, Defendants respectfully request that this Court disqualify FNF from representing Lead Plaintiff and the putative class in this Action.

---

[1] Video 10 (https://d33wubrfki0l68.cloudfront.net/1edf92baa6d2ec8203a8568c7869ef5e4b326a71/428f7/videos/c3-09-magnets-for-sec-and-competitive-attacks.mp4).

[2] Video 6 (https://d33wubrfki0l68.cloudfront.net/a799bb8bcde3170c313e3ad7662a41148621c4d1/2fbf3/videos/c3-05-office-litigation-is-a-strategic-instrument.mp4).

[3] Video 8 (https://d33wubrfki0l68.cloudfront.net/68e1d6812f6e7b039402f74be62f625271142a20/73af8/videos/c3-07-office-i-sue-crypto-companies-to-see-inside.mp4).

-3-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A
NOTICE OF SUPPLEMENTAL EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION TO
DISQUALIFY REPLY ISO MOTION TO DISQUALIFY
CASE NO. 3:21-CV-06118-JD

| | | |
|---|---|---|
| Dated: | March 20, 2023 | CRAVATH, SWAINE & MOORE LLP |

 */s/ Kevin J. Orsini*
Antony L. Ryan (admitted *pro hac vice*)
Kevin J. Orsini (admitted *pro hac vice*)
Lauren M. Rosenberg (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel.: (212) 474-1000
Fax: (212) 474-3700
korsini@cravath.com

*Counsel for Defendants*

QUINN EMANUEL URQUHART & SULLIVAN LLP

 */s/ Michael E. Liftik*
Michael E. Liftik (CA Bar No. 232430)
Sarah Heaton Concannon (*pro hac vice*)
1300 I Street, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
michaelliftik@quinnemanuel.com

Emily C. Kapur (CA Bar No. 306724)
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Telephone: (650) 801-5000
emilykapur@quinnemanuel.com

Brenna D. Nelinson (*pro hac vice*)
51 Madison Avenue, 22nd Fl.
New York, New York 10010
Telephone: (212) 849-7000
brennanelinson@quinnemanuel.com

*Counsel for Defendants*

-4-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A NOTICE OF SUPPLEMENTAL EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY REPLY ISO MOTION TO DISQUALIFY
CASE NO. 3:21-CV-06118-JD