Jordan A. Goldstein (*pro hac vice*)
Oscar Shine (*pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
jgoldstein@selendygay.com
oshine@selendygay.com

Elizabeth Kramer (SBN 293129)
Kevin Osborne (SBN 261367)
ERICKSON KRAMER OSBORNE LLP
44 Tehama St.
San Francisco, CA 94105
Tel: 415-635-0631
elizabeth@eko.law
kevin@eko.law

*Attorneys for Lead Plaintiff Henry Rodriguez and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL VALENTI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DFINITY USA RESEARCH LLC, DFINITY FOUNDATION, and DOMINIC WILLIAMS,<br><br>Defendants. | Case No.: 3:21-cv-06118-JD<br><br>Hon. James Donato<br><br>**REQUEST TO APPOINT SELENDY GAY ELSBERG PLLC AS LEAD COUNSEL** |

This request to appoint Selendy Gay Elsberg PLLC ("SGE") as lead counsel is made pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v); the Court's Order of May 8, 2023 that provided lead plaintiff Henry Rodriguez the opportunity to propose alternative lead counsel for the Court's consideration, Dkt. No. 117; and the Court's Order of August 15, 2023 that SGE "file a request and proposed order for lead counsel appointment pursuant to the PSLRA," Dkt. No. 131. In support of his request, Rodriguez respectfully submits herewith this memorandum, the Declaration of Jordan A. Goldstein, and a proposed Order.

## I.   INTRODUCTION

The Court on December 20, 2021 appointed Henry Rodriguez lead plaintiff in this securities class action against defendants Dfinity USA Research LLC ("Dfinity USA"), Dfinity Foundation (the "Foundation," together with Dfinity USA, "Dfinity"), and Dominic Williams based on their unlawful sales of digital tokens called "ICP tokens." On February 3, 2022, Rodriguez and named plaintiff Daniel Valenti, through prior counsel Roche Freedman LLP ("Roche Freedman"), filed an amended complaint ("AC") in this action (Dkt. No. 45) on behalf of a proposed class of all persons who purchased ICP tokens from May 10, 2021 to the present (the "Class") and two proposed subclasses.[1]

Defendants have moved to dismiss the amended complaint, and their motion has been fully briefed since July 8, 2022. *See* Dkt. Nos. 62, 65, 68. However, the Court deferred consideration of this motion after Defendants moved to disqualify Roche Freedman as lead counsel. *See* Dkt. Nos. 72, 73. Following briefing and discovery on the disqualification issue, the Court on May 8, 2023 withdrew its appointment of Roche Freedman as lead counsel and determined that the law firm of Freedman Normand Friedland LLP ("Freedman Normand Friedland"), which had been formed by certain of the former partners from Roche Freedman, would not be appointed lead counsel. Dkt. No. 117, at 9. The Court's order reiterated that Rodriguez remained lead plaintiff and held that

---

[1] The first proposed subclass consists of all persons who purchased ICP tokens from May 10, 2021 to June 22, 2021. The second proposed subclass consists of all persons who purchased ICP tokens from May 10, 2021 to June 18, 2021. *See* AC ¶ 137.

Rodriguez could propose alternative lead counsel for the Court's consideration and approval by August 7, 2023. *See id.* at 9–10. Following the Court's order, Rodriguez retained SGE to represent him in this action and now requests that the Court appoint his selection of SGE as lead counsel.[2]

The PSLRA directs the most adequate plaintiff to select and retain counsel to represent the class subject to the Court's approval. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). Rodriguez has selected qualified, experienced counsel—SGE—who will provide the Class with the highest caliber representation against these sophisticated defendants and their counsel. SGE has extensive experience successfully prosecuting class actions and has been appointed as lead counsel in numerous digital asset-related disputes in federal courts across the country. Moreover, the firm has a track record of litigating complex financial disputes and obtaining favorable results for its clients. SGE is prepared to expeditiously move forward with oral argument on the pending motion to dismiss, in the event the Court grants argument, and perform all pretrial and trial activities on behalf of Rodriguez and the proposed class. For these reasons, Rodriguez respectfully requests that the Court appoint his selection of SGE as lead counsel.

## II. STATEMENT OF FACTS[3]

This case concerns the sale of crypto-assets, which are digital assets that rely on the blockchain. AC ¶¶ 25, 27. The blockchain is a digital ledger of transactions that allows for the secure transfer of digital assets between users across the internet. *Id.*

Williams is the founder and CEO of Dfinity USA and the founder, President, and Chief Scientist of the Foundation. *Id.* ¶¶ 1, 18–19. Dfinity operates the "Internet Computer" network and promotes and sells ICP tokens to build that network. *Id.* ¶¶ 34–36. ICP tokens are unregistered securities as defined by federal securities laws. *Id.* ¶¶ 115–35.

---

[2] Named plaintiff Daniel Valenti has also retained SGE as counsel. The firm of Erickson Kramer Osborne LLP has been retained by SGE solely as local counsel, with the assent of plaintiffs, and is not seeking to be appointed lead counsel.

[3] The below statement of facts are based upon the Amended Complaint. As discussed further in Part VI below, if SGE is appointed lead counsel, it intends to seek leave of the Court to amend certain allegations in the Amended Complaint that SGE has been unable to verify, consistent with SGE's duties under Fed. R. Civ. P. 11(b).

      Beginning in 2017, Defendants started marketing a predecessor to ICP tokens (which did not yet exist at the time), privately selling over $60 million of such predecessor tokens to well-known investors and providing tokens to Dfinity personnel and the Foundation. *Id.* ¶¶ 36–40. Defendants widely promoted their Internet Computer network, and on May 10, 2021, they launched the network and first offered ICP tokens for sale to the public on several prominent cryptocurrency exchanges. *Id.* ¶¶ 41–50. Demand for ICP tokens soared, and it became one of the top-10 crypto assets by market cap. *Id.* ¶ 50.

      Soon after these listings, the price of ICP tokens crashed: after reaching $730 per token in its first hours of trading, it fell to $45 by late June 2021. *Id.* ¶¶ 79–81. Dfinity and its insiders took steps to control the supply of ICP tokens in the lead-up to the listing on cryptocurrency exchanges, did not impose vesting restrictions on itself or its insiders, and made deposits to cryptocurrency exchanges in the weeks after ICP began trading. *Id.* ¶¶ 59–89. Defendants did not disclose such actions, and in fact repeatedly made statements to the contrary, such as implying that Dfinity and its insiders would be subject to vesting schedules and would not be able to "flip their positions for a quick profit." *Id.* ¶¶ 90–114.

      Defendants' sale of ICP tokens violated federal securities laws. *First*, Defendants violated Section 5 and 12(a)(1) of the Securities Act of 1933 ("Securities Act") because they offered and/or sold ICP Tokens and failed to register such tokens with the U.S. Securities and Exchange Commission. *Id.* ¶¶ 152–62. *Second*, Defendants violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder by knowingly or recklessly making materially false or misleading statements in connection with the sale of ICP tokens. *Id.* ¶¶ 171–96. *Third*, Defendants violated Section 20A of the Exchange Act because they engaged in insider trading of ICP tokens. *Id.* ¶¶ 204–12. *Fourth*, Defendants violated Section 10(b) of the Exchange Act and Rule 10(b)(5) thereunder because they engaged in market manipulation of the ICP Tokens. *Id.* ¶¶ 221–38. *Finally*, Williams is liable for each of these violations as a controlling person under Section 15 of the Securities Act and Section 20(a) of the Exchange Act. *Id.* ¶¶ 163–70, 197–203, 213–220, 239–45.

## III. PROCEDURAL BACKGROUND

On November 10, 2021, the Court named Rodriguez as lead plaintiff and Roche Freedman as lead counsel under the PSLRA. Dkt. No. 42. Lead plaintiff Rodriguez and named plaintiff Valenti, through Roche Freedman, subsequently filed an amended complaint on behalf of the proposed class and subclasses described above. Dkt. No. 45. Defendants moved to dismiss, Dkt. No. 62, but before the Court heard oral argument on the motion, Defendants moved to disqualify Roche Freedman, Dkt. No. 72. The Court received substantial briefing, directed the parties to engage in targeted discovery concerning the issue of Roche Freedman's disqualification, and heard oral argument on Defendants' motion to disqualify. Dkt. No. 117, at 1–2. The Court ultimately disqualified Roche Freedman as lead counsel pursuant to Federal Rule of Civil Procedure 23(g)(4). *Id.* The Court further concluded that representation in this action of Rodriguez by Freedman Normand Friedland—a new firm consisting of many attorneys who had previously worked for Roche Freedman—would not be in the best interest of the Class. *Id.* The Court's ruling did not affect Rodriguez's status as lead plaintiff, and the Court provided Rodriguez until August 7, 2023 to propose alternative lead counsel. *Id.* at 10. On August 7, 2023, SGE filed a letter with the Court stating that Rodriguez had retained SGE to serve as lead counsel in this action, and that the law firm of Erickson Kramer Osborne LLP ("Erickson Kramer Osborne") would act solely as local counsel. Dkt. No. 120. On August 10 and 11, 2023, the Court granted *pro hac vice* motions for the undersigned counsel from SGE to appear in this action, Dkt. Nos. 126, 128, who have also filed certifications pursuant to Civil Local Rule 3-7(d), Dkt. Nos. 129, 130. Counsel from Erickson Kramer Osborne have likewise filed notices of appearance and Rule 3-7(d) certifications. Dkt. Nos. 118, 119, 132, 133.

## IV. SGE SHOULD BE APPOINTED AS LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to "select lead counsel for the class," "subject to approval by the Court." *Sundaram v. Freshworks Inc.*, 2023 WL 1819158, at *5 (N.D. Cal. Feb. 8, 2023). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. Of California,* 586 F.3d 703, 712 (9th Cir. 2009). Courts approve the selection of counsel where a lead plaintiff

1  "provide[s] evidence demonstrating that its counsel has extensive prior experience in prosecuting
2  similar actions." *Westley v. Oclaro, Inc.*, 2011 WL 4079178, at *3 (N.D. Cal. Sept. 12, 2011).

3        SGE is qualified, experienced, and capable of effectively prosecuting this class action on
4  behalf of Rodriguez and the Class.

5        SGE has substantial experience in cases involving crypto-assets, complex financial
6  transactions, and class actions. SGE's attorneys have litigated the entire spectrum of complex
7  financial matters—from residential mortgage-backed securities to reinsurance contracts to credit
8  default swaps—securing trial and appellate victories and numerous favorable settlements for their
9  clients.

10        In the last decade, SGE lawyers have recovered tens of billions of dollars for their clients
11  and have served as class counsel in several high-profile actions. For example, SGE recently
12  obtained a $145 million settlement on behalf of a class of investors in Allianz mutual funds, *Knox*
13  *County Pension & Retirement Board v. Allianz Global Investors U.S. LLC*, Index No. 651233/2021
14  (Sup. Ct. N.Y. Cty.). SGE also represented a class of public servants against loan servicer Navient
15  and successfully defended the district court's final approval of settlement from objections on
16  appeal through a denial of certiorari to the U.S. Supreme Court. *See Hyland v. Navient Corp.*, No.
17  18-cv-9031-DLC, 2020 WL 6554826 (S.D.N.Y. Oct. 9, 2020), *aff'd*, 48 F.4th 110 (2d Cir. 2022),
18  *cert. denied sub nom.*, 143 S. Ct. 1747. That settlement delivered better and more accurate
19  information to borrowers and provided for the creation of a nonprofit organization to counsel
20  borrowers. *See id.*

21        SGE has also been appointed under the PSLRA as lead counsel in multiple matters
22  involving crypto-assets. Those cases include *Underwood v. Coinbase Global, Inc.*, No. 1:21-cv-
23  8353 (S.D.N.Y.); *Anderson v. Binance*, No. 1:20-cv-02803-ALC (S.D.N.Y); *Hardin v. Tron*, No.
24  1:20-cv-02804-VSB (S.D.N.Y.); and *Williams v. KuCoin*, No. 1:20-cv-02806-GBD (S.D.N.Y.)—
25  all of which, like this action, alleged violations of securities laws based on the sale of unregistered
26  crypto-securities.

27        In addition, SGE has been appointed as interim class co-counsel in another large crypto-
28  asset class action, *In re Tether and Bitfinex Crypto Asset Litigation,* No. 1:19-cv-09236-KPF

(S.D.N.Y.), in which the district court selected SGE over numerous other counsel, and—like this Court—terminated Roche Freedman as class counsel. In that litigation, SGE represents the plaintiffs in alleging that Bitfinex, a prominent crypto-exchange, and Tether, a prominent crypto-asset issuer, worked with major crypto-exchanges Bittrex and Poloniex to manipulate the market for crypto-assets in violation of various federal and state laws. On September 28, 2021, the district court in *Tether* denied a motion to dismiss the plaintiffs' claims, and SGE is litigating the matter in discovery.

And, most recently, SGE has filed a class action against Jump Trading and the president of its cryptocurrency arm, alleging that those defendants engaged in a billion dollar-plus scheme to manipulate the market price of the crypto-assets UST and aUST. *See Kim v. Jump Trading, LLC*, No. 1:23-cv-02921 (N.D. Ill.).

Accordingly, Rodriguez respectfully submits that SGE, by virtue of its expertise and success in litigating complex matters, and crypto matters in particular, is uniquely qualified to act as lead counsel in this litigation and will provide the Class with the highest caliber of representation. A further description of SGE's qualifications is set forth at Exhibit A to the accompanying Declaration of Jordan A. Goldstein ("Goldstein Decl.").

### V. SGE's PAST ROLE AS CO-COUNSEL WITH ROCHE FREEDMAN IN OTHER ACTIONS SHOULD NOT DISQUALIFY SGE FROM SERVING AS LEAD COUNSEL HERE, AND IN FACT SGE HAS DEMANDED ROCHE FREEDMAN'S REMOVAL IN ALL CASES WHERE IT HAD ACTED AS CO-COUNSEL WITH SGE

Prior to the filing of this action, and prior to SGE first becoming aware on August 28, 2022 of Kyle Roche's inappropriate and shocking statements that led to his termination as counsel in this action, SGE had acted as co-counsel with Roche Freedman in several crypto-related class actions[4] in the Southern District of New York pursuant to a Joint Prosecution Agreement (as

---

[4] Those actions are the following: *In re Tether and Bitfinex Crypto Asset Litigation*, 19-cv-09236 (S.D.N.Y.); *Lee v. Binance*, No. 20-cv-02803 (S.D.N.Y.); *Clifford v. Tron Foundation*, No. 20-cv-02804 (S.D.N.Y.); *Zhang. v. HDR Global Trading Limited*, No. 20-cv-02805 (S.D.N.Y.); *Williams v. KuCoin*, No. 20-cv-02806 (S.D.N.Y.); *Clifford v. Bibox Group Holdings Limited*, No. 20-cv-02807 (S.D.N.Y.); *Williams v. Block.One*, No. 20-cv-02809 (S.D.N.Y.); *Zhang v. BProtocol Foundation*, No. 20-cv-02810 (S.D.N.Y.); *Zhang v. Civic Technologies*, No. 20-cv-02811 (S.D.N.Y.); *Clifford v. KayDex Pte. Ltd.,* No. 20-cv-02812 (S.D.N.Y.); *Williams v. Quantstamp*,

amended) ("JPA"). Goldstein Decl. ¶ 9.[5] When the revelations about Mr. Roche came to light, SGE requested that Roche Freedman voluntarily withdraw as counsel in all active cases in which Roche Freedman had appeared with SGE. When Roche Freedman refused, SGE sought for the district court to terminate Roche Freedman as class co-counsel in those cases.[6]

SGE is not co-counsel with Kyle Roche; Roche Freedman; Freedman Normand Friedland; nor any of their current or former partners in any matter. Goldstein Decl. ¶ 10. SGE has had no dealings with Mr. Roche since September 2022 (*i.e.*, immediately after the video recordings came to light), and SGE's only dealings since then with Roche Freedman and Freedman Normand Friedland have been in connection, respectively, with seeking their withdrawal from prior matters and seeking the client files in this action after SGE was retained by Messrs. Rodriguez and Valenti. Goldstein Decl. ¶ 11.

## VI.   SGE'S RULE 11 OBLIGATIONS

Immediately upon being retained by Messrs. Rodriguez and Valenti, SGE requested their client files from Freedman Normand Friedland. Goldstein Decl. ¶ 11. Since that time, SGE has continued to request the full client files, including evidentiary support for the allegations in the Amended Complaint. To date, SGE has received support for some, but not all, of the allegations in the Amended Complaint. Goldstein Decl. ¶ 12. In the event SGE is appointed lead counsel, SGE will make a final attempt to obtain whatever remaining evidentiary support Freedman Normand Friedland will provide, and then SGE will make a good faith determination as to which allegations

---

*Inc.*, No. 20-cv-02813 (S.D.N.Y.); *Clifford v. Status Research & Development GmbH*, No. 20-cv-02815 (S.D.N.Y.); and *Messieh v. HDR Global Trading Ltd.*, 20-cv-3232 (S.D.N.Y.).

[5] SGE believes that the JPA, to which Freedman Normand Friedland is not a party, does not apply to and has no bearing on this matter, which is materially different from any matter in which SGE acted as co-counsel with Roche Freedman. If the Court wishes to review the terms of the JPA, SGE respectfully seeks leave to provide the JPA to the Court *in camera*.

[6] A copy of SGE's requests to the district court seeking the termination of Roche Freedman as class counsel in all active cases in which SGE had appeared with Roche Freedman is annexed to the Goldstein Declaration as Exhibits B–D. At the time Mr. Roche's remarks came to light, the *Binance* case was on appeal to the U.S. Court of Appeals for the Second Circuit. *Lee v. Binance,* No. 22-0972. Only SGE was counsel of record on appeal and Roche Freedman did not enter a notice of appearance. Accordingly, SGE did not submit a letter to the Circuit concerning the removal of Roche Freedman in that appeal, which remains pending.

in the Amended Complaint should be modified based upon that factual record and will seek leave of the Court to amend the Amended Complaint accordingly.[7]

In addition, SGE has closely reviewed the briefing of legal issues in Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' MTD Opposition") (Dkt. No. 65) to determine whether "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). If appointed lead counsel, and consistent with SGE's obligations under Rule 11, SGE intends promptly to seek the Court's leave to withdraw certain legal arguments in Plaintiffs' MTD Opposition.

## VII. CONCLUSION

For the above reasons, Rodriguez respectfully requests that this Court appoint SGE as lead counsel for the Class.

---

[7] SGE presumes that Defendants will not oppose the filing of such an amendment, as counsel for Defendants on August 14, 2023 contacted SGE to demand that SGE, if appointed lead counsel, withdraw any allegations in the Amended Complaint for which SGE lacks a Rule 11 basis. A copy of Defendants' letters and Plaintiffs' response is annexed as Exhibits E–F to the Goldstein Declaration.

Dated: August 25, 2023          Respectfully submitted,

By: /s/ *Jordan A. Goldstein*
Jordan A. Goldstein (*pro hac vice*)
Oscar Shine (*pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
jgoldstein@selendygay.com
oshine@selendygay.com

Elizabeth Kramer
Kevin Osborne
ERICKSON KRAMER OSBORNE LLP
44 Tehama St.
San Francisco, CA 94105
Tel: 415-635-0631
elizabeth@eko.law
kevin@eko.law

*Attorneys for Henry Rodriguez and the Proposed Class*