# Exhibit E

# CRAVATH

Kevin J. Orsini
korsini@cravath.com
T+1-212-474-1596
New York

August 14, 2023

*Valenti v. Dfinity USA Research LLC, et al.*, 3:21-cv-06118 (N.D. Cal.)

Dear Jordan:

I understand that you have recently been engaged in connection with the above-captioned action and write to alert you to several unreliable allegations that lack a Rule 11 basis and to request that you withdraw those allegations promptly, should you and your firm be appointed Lead Counsel under the Private Securities Litigation Reform Act ("PSLRA") by the Court.

Specifically, the "Arkham Report", on which Plaintiffs' "pump-and-dump" allegations are predicated, is not simply unreliable; at this point, Plaintiffs clearly lack the requisite good faith basis to continue asserting those allegations under the Rule 11 standard. (*See, e.g.*, ECF No. 45 ¶¶ 79-114, 171-245.) Miguel Morel, the founder and CEO of Arkham Intelligence, publicly admitted earlier this year that he (1) purposefully omitted from the Arkham Report cryptocurrency wallet addresses and related transaction data central to the Report's inflammatory statements; (2) may have lost or destroyed all alleged evidence of specific wallet and transaction data; and (3) in conducting their defamatory analysis, used a third-party blockchain "explorer" that others in the industry may not consider "legitimate" or "reputable" and that could be subject to tampering. (*See* Justin Bons (@Justin_Bons), *Twitter* (Feb. 24, 2023), https://twitter.com/Justin_Bons/status/1629241254255943681.).

Moreover, video recordings of Arkham Intelligence employees have made clear that the Arkham Report was paid for by undisclosed third parties seeking to harm Defendants. (*See* How the New York Times Promoted a Corrupt Attack on ICP by Arkham Intelligence, *Crypto Leaks* (June 9, 2022), https://cryptoleaks.info/case-no-2.) We reserve the right, at the conclusion of the case, to address with the Court whether the attorneys who initially filed the Amended Complaint ever had a good faith basis to assert the pump-and-dump allegations.

Rule 11(b) of the Federal Rules of Civil Procedure imposes upon counsel a duty to conduct a reasonable inquiry into the factual and legal bases for any pleading presented to the Court. If you are successful in being appointed Lead Counsel under the PSRLA in this action, and proceed to prosecute the action without modifying the Amended Complaint, you will be representing to the Court that, among other things, "the factual contentions have evidentiary support or, if

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery". (Fed. R. Civ. P. 11(b)(3).) Based on the inadequacies of the Amended Complaint, and on facts that have emerged since Plaintiff filed the Amended Complaint nearly two years ago, it is clear that, even assuming Plaintiffs and their counsel had a proper basis for relying on the Arkham Report at the time they filed the Amended Complaint, Plaintiffs no longer have a Rule 11 basis for relying on the Arkham Report. (*See* Fed. R. Civ. P. 11(b) & advisory committee's note to 1993 amendments (noting that Rule 11 is a continuing obligation).)

We therefore request that if you are appointed Lead Counsel, you immediately withdraw those allegations or, should you decline to do so, explain your Rule 11 basis for maintaining them.

Regards,

/s/ Kevin J. Orsini

Kevin J. Orsini

Jordan A. Goldstein, Esq.
    Selendy Gay Elsberg PLLC
        1290 Avenue of the Americas
            New York, NY 10104

Copy to:

Michael E. Liftik, Esq.
    Quinn Emanuel Urquhart & Sullivan LLP
        1300 I Street NW, Suite 900
            Washington, DC 20005

VIA EMAIL

# CRAVATH

Kevin J. Orsini
korsini@cravath.com
T+1-212-474-1596
New York

August 14, 2023

*Valenti v. Dfinity USA Research LLC, et al.*, 3:21-cv-06118 (N.D. Cal.)

Dear Jordan:

As you know, after Kyle Roche voluntarily withdrew as putative class counsel and Freedman Normand Friedland LLP (formerly known as Roche Freedman LLP) ("FNF") sought to be appointed as interim class counsel, Judge Donato removed FNF from the above-referenced matter, ECF Dkt. No. 117, because, among other reasons, (1) former named partner Kyle Roche stated on video that he weaponized class action litigation to benefit Ava Labs, Inc. ("Ava Labs"), a competing blockchain company in which Mr. Roche and other FNF attorneys have a substantial interest, *see id.* at 3; (2) Mr. Roche and FNF remain connected both personally and professionally, *id.* at 6-7; and (3) "FNF and its lawyers remain deeply immersed in a toxic perception of the defendants in this case," FNF has "extreme animosity towards defendants," and "[c]ountless . . . litigation decisions may be adversely influenced" by such animosity, *id.* at 8-9.

From public sources, including Kyle Roche's current website for his law firm, the Selendy firm's website, numerous joint press releases put out by Mr. Roche and your firm, court dockets, and news articles, your firm has a long history of working closely with FNF (including when that firm was called "Roche Cyrulnik Freedman" and when it was called "Roche Freedman," prior to the departures of certain former named partners), including with Mr. Roche. For example, you served as co-counsel alongside FNF in eleven different actions against blockchain-related defendants—all of which were filed *on the same day*, and each of which was signed by Mr. Roche himself.[1] Indeed, as of the date of this letter, your firm's website characterizes this

---

[1] *See Lee et al. v. Binance et al.*, No. 1:20-cv-02803 (S.D.N.Y.); *Clifford et al. v. Tron Foundation et al.*, No. 1:20-cv-02804 (S.D.N.Y.); *Williams et al. v. HDR Global Trading Ltd. et al.*, No. 1:20-cv-02805 (S.D.N.Y.); *Williams v. KuCoin et al.*, No. 1:20-cv-02806 (S.D.N.Y.); *In re Bibox Grp. Holdings Ltd. Sec. Litig.*, No. 1:20-cv-02807 (S.D.N.Y.); *Williams et al. v. Block.One et al.*, No. 1:20-cv-02809 (S.D.N.Y.); *Holsworth v. BProtocol Foundation et al.*, No. 1:20-cv-02810 (S.D.N.Y.); *Zhang v. Civic Technologies et al.*, No. 1:20-cv-02811 (S.D.N.Y.);

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

joint undertaking with FNF in favorable terms, describing it as "the first coordinated effort" to subject major blockchain companies to the federal and state securities laws.[2]

I also understand that the Southern District of New York has granted the defendants' motions to dismiss in three of those cases,[3] and that your clients have withdrawn from several others.[4] Moreover, I understand that you served as co-counsel alongside FNF in *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19-cv-9236 (S.D.N.Y) and in *Messieh v. HDR Global Trading Limited*, No. 20-cv-3232 (S.D.N.Y.), and that you remained lead counsel in both matters after FNF was removed. In the *Tether* matter, you remained lead counsel after Judge Failla removed FNF as a result of Mr. Roche's well-publicized and inflammatory remarks, *see, e.g.*, No. 19-cv-9236 (ECF No. 253), and in the *HDR* and *Tron* matters, you remained lead counsel after FNF consented to withdraw, *see, e.g.*, No. 20-cv-3232 (ECF Nos. 109, 133), No. 1:20-cv-02804 (ECF No. 97).

In light of the concerns that formed the stated basis for Judge Donato's decision to remove FNF from any role in this case, and in light of your firm's extensive partnership and close business relationship with FNF and Mr. Roche, please confirm the following in writing before the August 17 hearing:

- Selendy Gay Elsberg PLLC ("SGE") does not have any fee (or other financial) agreement in place with FNF (including any of its former or current partners) or with Mr. Roche in connection with the above-captioned matter.

- SGE has not discussed, and will not discuss, the above-captioned matter with FNF (including any of its former or current partners) or with Mr. Roche.

- SGE has not received any documents, case file, memoranda or other work product from FNF or Mr. Roche.

- SGE was not contacted by anyone associated with FNF (including any of its former or current partners) or with Mr. Roche in connection with SGE's involvement in the above-captioned matter.

- SGE has no ongoing relationship with FNF (including any of its former or current partners) or with Mr. Roche, in connection with this litigation or otherwise.

- SGE has no equity interests in Ava Labs and holds no AVAX tokens (*i.e.*, the cryptocurrency tokens issued by Ava Labs).

---

*Clifford v. KayDex Pte. Ltd. et al.*, No. 1:20-cv-02812 (S.D.N.Y.); *Williams v. Quantstamp Inc. et al.*, No. 1:20-cv-02813 (S.D.N.Y.); *Clifford v. Status Research & Development GmbH et al.*, No. 1:20-cv-02815 (S.D.N.Y.).

[2] *See* Investors Accuse Crypto Firms of Illicit Token Sales, *Selendy Gay Elsberg PLLC* (Apr. 7, 2020), https://www.selendygay.com/news/general/2020-04-07-investors-accuse-crypto-firms-of-illicit-token-sales.

[3] *See Binance*, No. 1:20-cv-02803 (ECF No. 77); *In re Bibox*, No. 1:20-cv-02807 (ECF No. 90); *BProtocol*, No. 1:20-cv-02810 (ECF No. 66).

[4] *See HDR*, No. 1:20-cv-02805 (ECF No. 78); *Civic Technologies*, No. 1:20-cv-02811 (ECF No. 60); *KayDex*, No. 1:20-cv-02812 (ECF No. 60); *Quantstamp*, No. 1:20-cv-02813 (ECF No. 52); *Status Research*, No. 1:20-cv-02815 (ECF No. 95).

I look forward to your prompt response.

                                            Regards,

                                            /s/ Kevin J. Orsini

                                            Kevin J. Orsini

Jordan A. Goldstein, Esq.
    Selendy Gay Elsberg PLLC
        1290 Avenue of the Americas
            New York, NY 10104

Copy to:

Michael E. Liftik, Esq.
    Quinn Emanuel Urquhart & Sullivan LLP
        1300 I Street NW, Suite 900
            Washington, DC 20005

VIA EMAIL