# Exhibit F

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000



Jordan Goldstein
Partner
212.390.9008
jgoldstein@selendygay.com

August 25, 2023

**Via E-mail**

Kevin J. Orsini, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
korsini@cravath.com

Re:    *Valenti v. Dfinity USA Research LLC*, 3:21-cv-06118 (N.D. Cal.)

Dear Kevin:

We write in response to your two letters dated August 14, 2023 in the above-referenced matter ("*Dfinity*").

### I.    Arkham Report

With respect to your letter concerning the "Arkham Report," we are presently reviewing the materials you referenced to determine whether—in the event the Court appoints us Lead Counsel—any amendment to the Amended Complaint (Dkt. 45) is required in light of those materials. Based upon our initial review, your letter appears to overstate substantially the supposed doubt that Miguel Morel's February 24, 2023 interview cast on the Arkham Report. Mr. Morel made clear in numerous portions of that interview that he stands by his analysis in the Arkham Report, and he further noted Dfinity had not refuted the report's conclusions. Mr. Morel also stated several times that he has invited Dfinity to supply him with whatever data Dfinity purportedly believes undermines the conclusions in the Arkham Report, and that Dfinity had not done so.

In addition, at no point did Mr. Morel say he "destroyed" data or suggest that he was trying to conceal information. Moreover, contrary to your suggestion that Arkham Intelligence was hired by a third party to produce the Arkham Report, Mr. Morel expressly *denied* in this same interview that anyone paid him to produce the report. *See*   Justin Bons (@Justin_Bons), *Twitter* (Feb. 24, 2023), https://twitter.com/i/spaces/1kvJpmnjVObxE?s=20,    at    1:57:08–1:57:35 ("Literally on the day when we, when we actually published the report and have

Kevin J. Orsini, Esq.
August 25, 2023

said ever since as well, which is that nobody paid us to publish that report. Like, straightforwardly, I am willing to say that on the record, right here in front of all of these people, that's not what happened. And so it was something that we did out of our own volition to try to prove ourselves and to prove our ability to do the research and the analysis as an early-stage blockchain intelligence company.").

If you believe Defendants have information definitively refuting the conclusions of the Arkham Report, we request that you immediately provide us that information. We also request that you immediately provide us with the information requested by Mr. Morel during the interview, so that we can promptly evaluate his conclusions in light of those materials. We will then consider that information in good faith to determine whether the existing allegations in the Amended Complaint are appropriate or whether they should be modified in light of this information in the event the Court appoints us Lead Counsel.

Your August 14 letter also purports to rely on "video recordings of Arkham Intelligence employees" that you claim are hosted on an anonymously authored website with the URL https://cryptoleaks.info ("Crypto Leaks"). Although your letter states that these recordings "have made clear that the Arkham Report was paid for by undisclosed third parties seeking to harm Defendants," Mr. Morel vigorously disagreed with that conclusion in the same February 24, 2023 interview you rely upon in your letter, as noted above. So that we may evaluate the credibility of the information hosted on the website on which you rely, please disclose whether Defendants or their affiliates or agents have ever provided economic or other support for Crypto Leaks or any of its owners or agents, and/or whether Defendants or their affiliates have otherwise communicated with Crypto Leaks's owners or agents (and the nature of any such communications), including to encourage the creation of these recordings.

## II.    Kyle Roche; Roche Freedman LLP; Freedman Normand Friedland LLP

You have also asked about the nature of our communications and relationship with Kyle Roche; Roche Freedman LLP; Freedman Normand Friedland LLP; and those firms' past and present partners. As you know, Selendy Gay Elsberg PLLC ("SGE") was previously co-counsel with Roche Freedman LLP and its predecessor firm (Roche Cyrulnik Freedman LLP) in several class actions that were filed in the U.S. District Court for the Southern District of New York. After we learned on August 28, 2022 about Kyle Roche's "inflammatory remarks," we took immediate steps to seek the termination of him and his firm from every pending case in which we were co-counsel. In each case, the court granted our request.

Following the Court's May 8, 2023 "Order Re Lead Counsel" (Dkt. 117), we were retained by Lead Plaintiff Henry Rodriguez as potential Lead Counsel. Upon being retained, we informed Vel Freedman and Edward Normand of Freedman Normand Friedland LLP of this fact, and requested from them a copy of the client

Kevin J. Orsini, Esq.
August 25, 2023

files (the "Rule 11 Requests"), including evidentiary material supporting the factual allegations in the Amended Complaint (Dkt. 45). Our sole dealings with Freedman Normand Friedland LLP have been in connection with the Rule 11 Requests, which are intended to confirm, consistent with our duties under Rule 11, that "the factual contentions [in the Amended Complaint] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

With respect to your questions, we confirm the following:

- SGE has no fee or other financial agreement in connection with *Dfinity* with Freedman Normand Friedland LLP, any of its former or current partners, or Mr. Roche.

- Our only discussions with Freedman Normand Friedland LLP concerning *Dfinity* have been to inform Vel Freedman and Edward Normand that we have been retained as replacement counsel and to request the client files. Neither I nor any of my partners have had any discussions with Mr. Roche about any matter since September 2022.

- In response to our request for the client files, we have received from Freedman Normand Friedland LLP, following our Rule 11 Requests, factual support for certain of the allegations in the Amended Complaint. We are evaluating those materials to determine if any amendments are required to the Amended Complaint.

- Our only contact with Freedman Normand Friedland LLP, its former or current partners, and Mr. Roche in connection with *Dfinity* has been our notification of Freedman Normand Friedland LLP that we have been retained as counsel in this matter and to promulgate to them the Rule 11 Requests, and this contact was initiated by us only upon being retained by Plaintiffs.

- Roche Freedman LLP and SGE previously entered into a Joint Prosecution Agreement with respect to the prior matters on which Roche Freedman LLP served as co-counsel. The agreement does not apply to, and has no bearing on, *Dfinity*, which is materially different from any matter in which SGE acted as co-counsel with Roche Freedman LLP.

- SGE has no ongoing relationship with Freedman Normand Friedland LLP, any of its former or current partners, or Mr. Roche, in connection with *Dfinity* or otherwise.

- SGE has no equity interests in Ava Labs and holds no AVAX tokens.

Kevin J. Orsini, Esq.
August 25, 2023

     We request that you promptly provide the materials we have requested so that we can identify whether any allegations in the Amended Complaint should be modified as a result.

Sincerely,

*/s/ Jordan A. Goldstein*

Jordan A. Goldstein

cc:    Michael E. Liftik, Quinn Emanuel Urquhart & Sullivan LLP
       Elizabeth Kramer and Kevin Osborne, Erickson Kramer Osborne LLP