CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest
rvannest@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

Attorneys for Defendant
QUALCOMM INCORPORATED

*Additional counsel in the signature block.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED,<br>a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK<br><br>**DEFENDANT QUALCOMM INCORPORATED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF QUALCOMM AND NON-PARTY APPLE INC.'S JOINT DISCOVERY STATEMENT AND EXHIBITS THERETO**<br><br>Courtroom: 7, 4th Floor<br><br>Judge: Hon. Nathanael M. Cousins |
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-MD-02773-LHK-NMC |

1  Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendant Qualcomm
2  Incorporated ("Qualcomm") hereby moves the Court, with the consent of non-party
3  Apple Inc. ("Apple"), to issue an administrative order authorizing the filing under seal
4  portions of the Joint Discovery Statement, dated October 9, 2017, and all or portions of
5  Exhibits 1 to 10, 13, 14, 17-22, and 24 (the "Confidential Exhibits") to the Declaration of
6  Gary A. Bornstein ("Bornstein Decl."), dated October 9, 2017. In accordance with the
7  Court's Local Rules, public, redacted versions of the Confidential Exhibits have been
8  filed using the ECF system for the Northern District of California.

## LEGAL STANDARD

Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). A party seeking to seal a document generally must overcome the "strong presumption in favor of access" that applies to court documents other than those that are traditionally kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). However, the "public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related to the underlying cause of action.'" *Id.* at 1179 (the policy of public access does "not apply with equal force to nondispositive motions") (citations omitted). Instead, a "'good cause' showing under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 WL 3014144, at *1 (N.D. Cal. Jun. 17, 2013). A party seeking to seal such material must make a "particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court, N.*

*Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing requests must also be "narrowly tailor[ed]." Civ. L.R. 79-5(b).

## ARGUMENT

The Joint Discovery Statement and Confidential Exhibits contain information that Apple has designated as "CONFIDENTIAL" ("Confidential") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Highly Confidential") under the Protective Orders entered in *Federal Trade Commission v. Qualcomm Incorporated*, No. 17-cv-00220-LHK-NMC (N.D. Cal.) (the "FTC Action") and *In re: Qualcomm Antitrust Litigation*, No. 17-md-02773-LHK-NMC (N.D. Cal.) (the "MDL Action") (collectively, the "Actions"). On the basis of Apple's designations, Qualcomm respectfully requests, with Apple's consent, that the Joint Discovery Statement and the following exhibits be sealed in the following manner:

- Joint Discovery Statement, Redact terms as indicated in the document;
- Exhibit 1, Seal in its entirety;
- Exhibit 2, Seal in its entirety;
- Exhibit 3, Seal in its entirety;
- Exhibit 4, Seal in its entirety;
- Exhibit 5, Seal in its entirety;
- Exhibit 6, Seal in its entirety;[1]
- Exhibit 8, Seal in its entirety;
- Exhibit 9, Seal in its entirety;
- Exhibit 10, Seal in its entirety;
- Exhibit 13, Redact terms on lines 12 and 14 on page 8;

---

[1] Exhibit 7 is intentionally omitted.

- Exhibit 14, Redact terms on lines 12 and 14 on page 8;
- Exhibit 16, Redact the last three words of the first paragraph of page 2;
- Exhibit 16, Redact the last sentence of page 4, continuing onto page 5;
- Exhibit 16, Redact the first, second, fourth, fifth and the last sentence of the bulleted paragraph on page 6;
- Exhibit 17, Seal in its entirety;
- Exhibit 18, Seal in its entirety;
- Exhibit 19, Seal in its entirety;
- Exhibit 20, Seal in its entirety;
- Exhibit 21, Seal in its entirety;
- Exhibit 22, Seal in its entirety;
- Exhibit 24, Redact terms as indicated in the document.

(*See* Bornstein Decl. at ¶¶ 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 20, 22, 23, 24, 25, 26, 27, 28, 30, 31.)

The Joint Discovery Statement concerns search terms for Apple's review of documents in response to subpoenas served by Qualcomm. Because this motion is non-dispositive, only "'good cause' under Federal Rule of Civil Procedure 26(c)" is needed to seal the Joint Discovery Statement and the Confidential Exhibits. *In re NCAA*, 2013 WL 3014144, at *1.

In the present circumstances, Qualcomm does not contest Apple's ability to show good cause to keep sealed the relevant information in the Joint Discovery Statement and the Confidential Exhibits. Exhibits 1 to 10, 18, 19 and 20 include proposed search terms that Apple has designated as Highly Confidential because they include information relating to internal Apple projects, including information about its product development and relationships with various third parties. Exhibits 13, 14 and 16 refer to internal Apple projects and code names, as well as information derived from a

document that Apple has designated as Highly Confidential. Exhibit 21 is a document produced by Apple to the FTC, which it designated as Confidential. Exhibits 17 and 22 are documents produced by Apple to the FTC, which it subsequently designated as "INTEL HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" ("Intel Highly Confidential") under the supplemental protective order entered by this Court on June 28, 2017. (FTC Action, ECF No. 137.)[2] By email dated October 9, 2017, Apple requested that this information be filed under seal. The Joint Discovery Statement itself references Confidential or Highly Confidential material appearing in the Confidential Exhibits.

This request is particularized and narrowly tailored to sealing only specific areas in the Joint Discovery Statement and the Confidential Exhibits reflecting information that Apple has designated as Confidential or Highly Confidential. *Id.* at *1. Therefore, to comply with this Court's Protective Orders, Qualcomm respectfully moves this Court, with Apple's consent, to keep sealed the Joint Discovery Statement and the Confidential Exhibits by way of the proposed redactions filed via ECF.

---

[2] Qualcomm does not concede that Apple is entitled to designate material as "Intel Highly Confidential".

4

CASE NO. 17-CV-00220-LHK-NMC
CASE NO. 17-MD-02773-LHK-NMC
DEFENDANT QUALCOMM INCORPORATED'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Dated: October 9, 2017

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

*/s/ Gary A. Bornstein*
Gary A. Bornstein

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com

Robert A. Van Nest
Asim M. Bhansali
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Tel: (415) 676-2289
Fax: (415) 397-7188
rvannest@keker.com
abhansali@keker.com
epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

5

CASE NO. 17-CV-00220-LHK-NMC
CASE NO. 17-MD-02773-LHK-NMC
DEFENDANT QUALCOMM INCORPORATED'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

6

CASE NO. 17-CV-00220-LHK-NMC
CASE NO. 17-MD-02773-LHK-NMC
DEFENDANT QUALCOMM INCORPORATED'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL