**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br>Defendant. | Case No. 5:17-cv-00220-LHK<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND RELATED DISCOVERY MATTERS |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and

production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree to take steps to preserve potentially relevant ESI that are reasonable and proportionate. The parties furthermore agree to meet and confer to the extent either party seeks further limitations on the scope of its preservation duties.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods and protocols, including the use of search terms and/or other automated search and review technology, to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree as follows:

a. The form or forms in which ESI should be produced.

i. *Format for production of documents – documents existing in electronic format*. The parties agree that all documents existing in electronic format shall be produced in single page, Group IV tagged image file format ("TIFF"), or equivalent, at a resolution of at least 300 dpi in accordance with the following:

1. Image files shall be produced along with Concordance/Opticon image load files linking the images to the corresponding document that indicate the beginning and ending of each document. Each image file shall be named according to a unique corresponding Bates number associated with the document. Each image file shall be branded according to the Bates number

and the agreed-upon confidentiality designation. Image files shall show all text and images that would be visible in the original electronic format (native format), including redlines and speaker notes.

2. Notwithstanding the foregoing, all documents that the producing party received from Third Parties or reproduces in whole or in part from the production files of a historical litigation should be produced in the same manner and form, including native files and all metadata, as the producing party received from the producing Third Party or originally produced in the relevant historical litigation.

3. Extracted text, to the extent it exists, should be provided in document-level text files.

ii. *Format for production of documents – hardcopy or paper documents*. All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format in accordance with the following:

1. In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, hardcopy documents should be logically unitized). The parties will use reasonable efforts to unitize documents correctly.

iii. *Production media and encryption of productions*. Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives, or via FTP as appropriate. If the producing party so desires, it can encrypt the production data using an industry acceptable encryption method. In such a case, the producing party shall forward the password to decrypt the

production data separately from the CD, DVD, or external drive on which the production data is saved.

iv. *Deduplication.* Data may be deduplicated on a global level. Names of custodians of copies of files eliminated due to global deduplication shall be provided in the Alternative Custodian field accompanying the original file.

v. *Parent and child emails.* The parties shall produce email attachments sequentially after the parent email. With respect to an email chain, the parties are permitted to produce the longest unique chain and the parties do not need to separately produce the lesser-included emails unless those lesser-included emails include unique attachments not included in the longest chain. If a lesser-included email includes a unique attachment, then the lesser-included email must be separately produced with the attachment.

vi. *Native files.* The parties agree to produce Microsoft Excel or other spreadsheet files, and Microsoft PowerPoint files in native format, and agree to respond to additional reasonable and specific requests for the production of files or file types in native format where appropriate. If a dispute arises with regard to requests for the production of files or file types in native format, the parties will meet and confer in good faith to try to resolve it. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Notwithstanding the foregoing, a party may produce a document in a non-native format where production in native format would result in the production of privileged or otherwise non-discoverable information. The parties will meet and confer regarding reasonable requests for production of documents described in the foregoing sentence in a native or other appropriate format.

vii. *Color documents*. The parties agree that color documents should be produced as color images (JPEGs) or in native format.

viii. *Images with Poor Legibility*. If a document is originally produced in an illegible or difficult to read form, the producing party shall have the option of responding by producing a native-file version of the document or producing a replacement image of legible quality. If a dispute arises with regard to requests for legible images, the parties will meet and confer in good faith to try to resolve it.

ix. *Culling and Filtering*. Each party will use reasonable efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of system file types based on file extension may include, but are not limited to: WINNT, LOGS, DRVS, C++ Program File (c), C++ Builder 6 (cpp), MP3, MP4, WAV, M4a, Channel Definition Format (cdf), Creatures Object Sources (cos), Dictionary file (dic), Executable (exe), Hypertext Cascading Style Sheet (css), JavaScript Source Code (js), Label Pro Data File (IPD), Office Data File (NICK), Office Profile Settings (ops), Outlook Rules Wizard File (rwz), Scrap Object, System File (dll), temporary files (tmp), Windows Error Dump (dmp), Windows Media Player Skin Package (wmz), Windows NT/2000 Event View Log file (evt), Python Script files (.py, .pyc, .pud, .pyw), Program Installers. The parties agree to meet and confer regarding which file types may be appropriate to cull or filter in an effort to preserve files relevant to this litigation.

b. Metadata

The parties agree that load files should include, where applicable, the information listed in the Table of Metadata Fields, set forth below. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original.

**Table of Metadata Fields**

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| Bates Begin | Bates number | Text | The Bates number associated with the first page of an email | The Bates number associated with the first page of a document |
| Bates End | Bates number | Text | The Bates number associated with the last page of an email | The Bates number associated with the last page of a document |
| Confidential Designation | | Text | The confidentiality designation endorsed on the document. If no designation is present, a default value of "None" will be coded. | The confidentiality designation endorsed on the document. If no designation is present, a default value of "None" will be coded. |
| Email Date Received | | Date (MM/DD/YYYY format) | The date the email was received | For email attachments, the date the parent email was received |
| Email Date Sent | | Date (MM/DD/YYYY format) | The date the email was sent | For email attachments, the date the parent email was sent |
| Email Time Received | | Time (HH:MM:SS AM/PM) | The time the email was received | For email attachments, the time the parent email was received |

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| Email Time Sent | | Time (HH:MM:SS AM/PM) | The time the email was sent | For email attachments, the time the parent email was sent |
| Email From | Sender | Text | The display name of the sender of an email | N/A |
| Email To | Recipient | Text | The display name of the recipient(s) of an email | N/A |
| Email CC | CC | Text | The display name of the copyee(s) of an email | N/A |
| Email BCC | BCC | Text | The display name of the blind copyee(s) of an email. | N/A |
| Email Subject | Subject (e-mail) | Paragraph | The subject line of an email | N/A |
| Custodian | Custodian | Paragraph | The custodian of an email | The custodian of a document. |
| Alternate Custodian | Alternate Custodian | Paragraph | Custodians that possess the same email in their files. | Custodians that possess the same document in their files. |
| Date Created | | Date (MM/DD/YYYY format) | N/A | Date the file was created |
| Date Modified | | Date (MM/DD/YYYY format) | N/A | Date the file was last modified |
| Time Created | | Time (HH:MM:SS AM/PM) | N/A | Time the file was created |
| Time Modified | | Time (HH:MM:SS AM/PM) | N/A | Time the file was last modified |
| File Name | | Paragraph | N/A | Original file name |

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| HASH | Unique ID | | A calculated value unique to each identical file - the file "fingerprint" | A calculated value unique to each identical file-the file "fingerprint" |
| Parent ID | Parent Documents BatesBegin | Text | The Bates number associated with the first page of the Parent email | The Bates number associated with the first page of the Parent document |
| Text Link | | | Full path to the supplied text (to be left blank when no text file is supplied). | Full path to the supplied text (to be left blank when no text file is supplied) |
| Native Link | | | Full path to the supplied native (to be left blank when no Native Format file is supplied) | Full path to the supplied native (to be left blank when no Native Format file is supplied) |

c. If particular documents warrant a different format from that described in subparts a-b above, then the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. DOCUMENTS PROTECTED FROM DISCOVERY**

a. The inadvertent production of privileged or otherwise protected ESI shall be governed by Section 12 of the Protective Order Governing Confidential Material [Dkt. 81].

b. The following types of information relating to this matter shall not be the subject of discovery and need not be placed on a privilege log: email, notes, drafts, communications, memoranda, or other work product produced by or exchanged solely among and between

(i) FTC Counsel[1] responsible for this litigation (the "Action") or the FTC's pre-Complaint investigation (FTC File No. 141-0199) (the "Investigation").

(ii) FTC Counsel responsible for the Action or the Investigation, on the one hand, and any FTC employee(s), on the other hand, provided such information relates to the Action or Investigation and was created, sent, or received after the Commission vote authorizing the filing of the Complaint [Dkt. 1] (the "Vote");

(iii) any FTC employees, provided such information relates to the Action or the Investigation and was created, sent, or received prior to the Vote;

(iv) Qualcomm's outside Counsel;

(v) Qualcomm's outside Counsel responsible for the Action, the Investigation, or the related actions listed in Exhibit B to the Joint Case Management and Federal Rule of Civil Procedure 26(f) Conference Statement [Dkt. 71], subsequently filed related litigations, or any investigations of Qualcomm conducted by foreign competition agencies (collectively, the "Related Matters"), on the one hand, and employees of Qualcomm, on the other hand, provided such information directly relates to the representation of Qualcomm in any such action or investigation; and

(vi) In-house Counsel in Qualcomm's Corporate Legal Department that are responsible for the representation of Qualcomm in the Action, the Investigation, or the Related Matters, provided such information directly relates to the representation of Qualcomm in any such action or investigation.

(vii) In-house Counsel in Qualcomm's Corporate Legal Department that are responsible for the representation of Qualcomm in the Action, the Investigation, or the Related Matters, on the one hand, and Qualcomm employees, on the other hand, provided such information directly relates to the representation of Qualcomm in any such action or investigation.

---

[1] "Counsel," whether used to describe FTC attorneys or Qualcomm's outside and in-house attorneys, includes such attorneys' administrative and paralegal staff.

c. A document family (email and attachments) may be logged as a single entry so long as the Description of that entry includes a reference to the privileged attachments.

d. The parties agree to further meet and confer regarding the format, content, and timing of production of privilege logs.

**8. PROPOSED MODIFICATIONS OR LIMITATIONS TO THE DISCOVERY RULES**

a. *Previously Produced Qualcomm Documents*. The parties agree that all documents and associated privilege logs previously produced by Qualcomm to the FTC in the course of the FTC's investigation of Qualcomm, FTC File No. 141-0199, shall be deemed to have been produced in this action upon entry of the Protective Order in this action.

b. *Document Subpoenas to Non-Parties*. The parties agree as follows with respect to non-parties producing materials in response to Fed. R. Civ. P. 45 document subpoenas in this action. The issuing party shall request that non-parties simultaneously produce materials to both Plaintiff and Defendant. If, notwithstanding such request, the non-party does not produce the materials to both sides, the issuing party shall provide a copy of all materials to the other side within five (5) calendar days after receipt of the materials from the non-party. Any party that does not have access to substantially all materials that have been provided by a non-party for at least thirty (30) calendar days before any deposition of that non-party may elect to have the deposition postponed until the party has had access to the materials for at least thirty (30) calendar days. If a party modifies or extends the time to respond to a Fed. R. Civ. P. 45 document subpoena in writing, it shall simultaneously provide that written extension, modification, or explanation to the other party.

c. *Authenticity Presumptions*. Documents produced by non-parties from the non-parties' files shall be presumed to be authentic within the meaning of Fed. R. Evid. 901. Documents produced by Qualcomm either in response to document

requests in this action or in the course of the FTC's pre-Complaint investigation, FTC File No. 141-0199, shall be presumed to be authentic within the meaning of Fed. R. Evid. 901. If a party serves a specific good-faith written objection to the authenticity of a document that it did not produce from its files, the presumption of authenticity will no longer apply to that document. Any objection to a document's authenticity must be provided with (or prior to) the exchange of objections to trial exhibits. The parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

d. *Expert Discovery*. The parties agree that expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein. Neither side must preserve, disclose (including in expert deposition testimony), or place on a privilege log the following documents or materials: (i) any form of communication or work product shared between any of the parties' in-house or outside litigation counsel and such party's expert(s) or consultant(s), or between any of such party's experts or consultants themselves; (ii) any form of communication or work product shared between an expert and persons assisting the expert; (iii) expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact; or (iv) drafts of expert reports, analyses, or other work product. The parties shall disclose the following materials in connection with all expert reports: (a) a list by Bates number of all documents relied upon by the testifying expert(s); (b) copies of any materials relied upon by the expert not previously produced; and (c) for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

DATED: June 30, 2017 /s/ Jennifer Milici

Attorney for Plaintiff Federal Trade Commission

DATED: June 30, 2017 /s/ Gary A. Bornstein

Attorney for Defendant Qualcomm Incorporated

PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

DATED: July 3, 2017

Honorable Nathanael M. Cousins
United States Magistrate Judge

UNITED STATES DISTRICT COURT
GRANTED
Judge Nathanael M. Cousins
NORTHERN DISTRICT OF CALIFORNIA