CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com
Donn P. Pickett (SBN 72257)
donn.pickett@morganlewis.com
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Asim M. Bhansali (SBN 194925)
abhansali@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Justina Sessions (SBN 270914)
jsessions@keker.com
David W. Rizk (SBN 284376)
drizk@keker.com
Alexander Dryer (SBN 291625)
adryer@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFF FEDERAL TRADE COMMISSION'S COMPLAINT FOR EQUITABLE RELIEF** |

Defendant Qualcomm Incorporated ("Qualcomm"), upon knowledge and/or upon information and belief, answers Plaintiff Federal Trade Commission's Complaint for Equitable Relief (the "Complaint"), filed January 17, 2017, as follows.  Unless otherwise stated, Qualcomm uses the defined terms and phrases set forth in the Complaint.  In doing so, however, Qualcomm does not admit that the definitions set forth in the Complaint are proper.

1.    Defendant denies the allegations set forth in paragraph 1 of the Complaint, except admits that Plaintiff purports to assert the claims described in paragraph 1.

2.    Defendant denies the allegations set forth in paragraph 2 of the Complaint, except admits that (i) Qualcomm supplies baseband processors; (ii) Qualcomm licenses its patents, many of which Qualcomm has disclosed as potentially essential to widely adopted cellular standards; (iii) all cell phones and cellular-enabled tablets practice Qualcomm's patents; and (iv) Qualcomm has committed to certain standard-setting organizations ("SSOs") responsible for cellular standards that it will license its standard-essential patents consistent with SSOs' intellectual property rights policies.

3.    Defendant denies the allegations set forth in paragraph 3 of the Complaint.

4.    Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5.    Defendant denies the allegations set forth in paragraph 5 of the Complaint.

6.    Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7.    Defendant denies the allegations set forth in paragraph 7 of the Complaint.

8.    Defendant denies the allegations set forth in paragraph 8 of the Complaint.

9.    Defendant denies the allegations set forth in paragraph 9 of the Complaint, except admits that cellular technologies are expanding to new and varied applications.

10.    Defendant states that the allegations set forth in paragraph 10 of the Complaint are a legal conclusion to which no response is required, except admits that this is a civil action brought by an agency of the United States.

11.    Defendant admits the allegations set forth in paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in paragraph 12 of the Complaint, except states that whether Qualcomm's general business practices are activities in or affecting "commerce" within the meaning of Section 4 of the FTC Act, 15 U.S.C. § 44, is a legal conclusion to which no response is required.

13. Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. Defendant states that the allegations set forth in paragraph 14 of the Complaint are a legal conclusion to which no response is required, except admits that Qualcomm is headquartered in San Diego, California, and has offices in the Northern District of California.

15. Defendant states that the allegations set forth in paragraph 15 of the Complaint are a legal conclusion to which no response is required, except admits that (i) Qualcomm is headquartered in San Diego, California and has offices in Santa Clara, California and San Jose, California; and (ii) at least one OEM and at least one Qualcomm competitor have offices in Santa Clara County.

16. Defendant admits the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint, except admits and further states that (i) Qualcomm is a publicly traded, for-profit corporation, incorporated under Delaware law, with its principal place of business in San Diego, California; (ii) Qualcomm's businesses involve the development and commercialization of digital communications technologies; (iii) Qualcomm conducts business through reportable segments including Qualcomm CDMA Technologies ("QCT"), which develops and supplies integrated circuits and system software for use primarily in voice and data communications, and Qualcomm Technology Licensing ("QTL"), which grants licenses or otherwise provides rights to use portions of Qualcomm's intellectual property portfolio; and (iv) on November 2, 2016, Qualcomm filed its 2016 Form 10-K and refers to that document for its contents.

18. Defendant admits the allegations set forth in paragraph 18 of the Complaint.

19. Defendant admits the allegations set forth in the first sentence of paragraph 19 of

the Complaint.

a.    Defendant admits the allegations set forth in paragraph 19(a) of the Complaint.

b.    Defendant denies the allegations set forth in paragraph 19(b) of the Complaint, except admits that (i) 2G standards were first deployed commercially in the early 1990s and support encoding of voice calls; (ii) 2G cellular technology included the GSM standard and a 2G Code Division Multiple Access ("CDMA") standard; and (iii) in the United States, AT&T and T-Mobile operate legacy GSM networks, while Verizon and Sprint operate legacy CDMA networks.  Defendant further states that 2G standards had multiple increasingly advanced iterations.

c.    Defendant denies the allegations set forth in paragraph 19(c) of the Complaint, except admits and further states that (i) 3G cellular standards were first deployed commercially in the late 1990s and support higher data-transmission speeds than 2G cellular standards; and (ii) 3G cellular technology included (x) the Universal Mobile Telecommunications System ("UMTS") standard, which implemented a CDMA-based technology referred to as "wideband CDMA" or WCDMA, and (y) cdma2000. Defendant further states that 3G standards had multiple increasingly advanced iterations.

d.    Defendant denies the allegations set forth in paragraph 19(d) of the Complaint, except admits that (i) "Long-Term Evolution" ("LTE") was a 4G standard first deployed commercially in late 2009 that supports higher data-transmission speeds compared to 3G standards; and (ii) LTE is the leading 4G standard.  Defendant further states that the 4G LTE standard has had multiple increasingly advanced iterations.

20.    Defendant denies the allegations set forth in paragraph 20 of the Complaint, except admits that a baseband processor performs a subset of the functions necessary for a handset to communicate with an operator's cellular network.

21.    Defendant denies the allegations set forth in paragraph 21 of the Complaint,

1    except admits that to communicate with a particular cellular network, the handset must contain a

2    baseband processor that supports compliance of a complete device with the cellular

3    communications standard that network utilizes.

4         22.    Defendant denies the allegations set forth in paragraph 22 of the Complaint,

5    except admits that baseband processors may be configured to support compliance of complete

6    devices with more than one cellular communications standard.

7         23.    Defendant denies the allegations set forth in paragraph 23 of the Complaint,

8    except admits that (i) LTE network infrastructure has historically supported data transmissions

9    rather than voice transmissions; and (ii) in areas where an operator has not yet deployed

10   sufficient LTE network infrastructure, communications on that operator's network might be

11   possible using 2G or 3G cellular standards.

12        24.    Defendant denies the allegations set forth in paragraph 24 of the Complaint,

13   except admits that (i) certain carriers have at different times deployed networks implementing

14   the 2G CDMA and cdma2000 standards, including Verizon and Sprint in the United States; and

15   (ii) handsets that operate on these networks require baseband processors that support compliance

16   of a complete device with these standards.

17        25.    Defendant denies the allegations set forth in paragraph 25 of the Complaint,

18   except admits that smartphones that provide advanced computing capabilities are alternatives to

19   feature phones that do not offer such capabilities.

20        26.    Defendant denies the allegations set forth in paragraph 26 of the Complaint,

21   except admits that (i) smartphones generally include features such as cameras, high-resolution

22   touch-screen displays, applications processors, graphics processors, memory and storage; and

23   (ii) smartphones typically offer consumers connectivity over cellular and Wi-Fi networks.

24   Defendant states that it is without knowledge or information sufficient to form a belief as to the

25   truth of the allegations set forth in the third sentence of paragraph 26, and on that basis denies

26   them.

27

28

27.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and on that basis denies them, except admits that flagship handsets typically include more advanced features and technologies than less expensive handsets from the same OEM.

28.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and on that basis denies them.

29.     Defendant denies the allegations set forth in paragraph 29 of the Complaint, except admits that in recent years, average selling prices for handsets in North America have been higher than the global average, and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 29 concerning the relative importance of the United States to OEMs, and on that basis denies it.

30.     Defendant admits the allegations set forth in paragraph 30 of the Complaint.

31.     Defendant denies the allegations set forth in paragraph 31 of the Complaint, except admits that Qualcomm supplies baseband processors that support compliance of complete devices with, among others, CDMA and LTE standards.

32.     Defendant denies the allegations set forth in paragraph 32 of the Complaint, except admits that (i) certain carriers have at different times deployed networks implementing the 2G CDMA and cdma2000 standards, including Verizon and Sprint in the United States; and (ii) handsets that operate on these networks require baseband processors that support compliance of complete devices with these standards.

33.     Defendant denies the allegations set forth in paragraph 32 of the Complaint, except admits that Qualcomm has supplied baseband processors that support compliance of complete devices with the 2G CDMA and cdma2000 standards.

34.     Defendant denies the allegations set forth in paragraph 34 of the Complaint, except admits that (i) Via is a Taiwan-based semiconductor company; (ii) Via has offered

5

baseband processors that support compliance of complete devices with the 2G CDMA or cdma2000 standards; and (iii) in 2015, Intel Corporation has announced that it acquired certain CDMA-related assets from Via.

35.    Defendant denies the allegations set forth in paragraph 35 of the Complaint, except admits that (i) MediaTek is a Taiwan-based semiconductor company; and (ii) MediaTek offers baseband processors that support compliance of complete devices with the 2G CDMA and cdma2000 standards; and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning (i) whether and/or when MediaTek licensed technology from Via; and (ii) the size of MediaTek's sales of modem chips that comply with the 2G CDMA and cdma2000 standards, and on that basis denies them.

36.    Defendant denies the allegations set forth in paragraph 36 of the Complaint, except admits that (i) an email string referenced in the first sentence of paragraph 36 exists and refers to the referenced document for its contents; and (ii) admits that an email string referenced in the second sentence of paragraph 36 exists and refers to the referenced document for its contents.

37.    Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38.    Defendant denies the allegations set forth in paragraph 38 of the Complaint, except admits that Verizon, AT&T, T-Mobile and Sprint have deployed cellular networks that implement some LTE standards.

39.    Defendant admits the allegations set forth in the first and second sentences of paragraph 39 of the Complaint.  Defendant denies the allegations in the third sentence of paragraph 39 of the Complaint, except admits that (i) each category of LTE has defined peak uplink and downlink speeds; (ii) Category 1 supports downlink speeds of 10 megabits per second (Mbps) and uplink speeds of 5 Mbps; (iii) Category 6 supports downlink speeds of 300 Mbps and uplink speeds of 50 Mbps; and (iv) Category 12 supports downlink speeds of 600 Mbps and uplink speeds of 100 Mbps.

40.     Defendant denies the allegations set forth in paragraph 40 of the Complaint, except admits that there are LTE baseband processors that support complete devices capable of varying data download and upload speeds, carrier aggregation, MIMO, or advanced power saving features.

41.     Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42.     Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43.     Defendant denies the allegations set forth in paragraph 43 of the Complaint, except admits that on November 2, 2016, Qualcomm filed its 2016 Form 10-K, and refers to that document for its contents.

44.     Defendant denies the allegations set forth in paragraph 44 of the Complaint, except admits that Qualcomm has supplied baseband processors that support compliance of complete devices with the LTE standard.

45.     Defendant denies the allegations set forth in paragraph 45 of the Complaint, except admits that (i) other manufacturers have offered baseband processors that support compliance of complete devices with the LTE standard, including MediaTek, Intel, Spreadtrum, Samsung and Huawei; (ii) Intel supplies baseband processors that support compliance of complete devices with the LTE standard and are used in certain Apple iPhone 7 devices; and (iii) Samsung and Huawei have self-supplied baseband processors for certain Samsung and Huawei LTE handsets, respectively.

46.     Defendant denies the allegations set forth in paragraph 46 of the Complaint, except admits that the email string referenced in the second and third sentences of paragraph 46 exists and refers to that email string for its contents; and (ii) the email string referenced in the fourth sentence of paragraph 46 exists and refers to that email string for its contents.

47.     Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48.     Defendant admits the allegations set forth in the first sentence of paragraph 48 of the Complaint.  Defendant denies the allegations in the second and third sentences of paragraph

48 of the Complaint, except admits that the cellular standardization process involves a variety of industry participants and that standardization can provide important benefits.

49.     Defendant denies the allegations set forth in paragraph 49 of the Complaint, except admits that SSOs' participants may hold patents covering standardized technologies, and states that SSOs often develop intellectual property rights policies related to the disclosure and licensing of SEPs and refers to those policies for their contents.

50.     Defendant denies the allegations set forth in paragraph 50 of the Complaint, except states that SSOs often develop intellectual property rights policies related to the licensing of SEPs and refers to those policies for their contents.

51.     Defendant admits the allegations set forth in the first sentence of paragraph 51 of the Complaint.  Defendant denies the allegations in the second and third sentences of paragraph 51 of the Complaint.  Defendant states that SSOs often develop intellectual property rights policies related to the licensing of SEPs and refers to those policies for their contents.

52.     Defendant denies the allegations set forth in paragraph 52 of the Complaint, except admits that (i) ETSI, TIA and ATIS are among the SSOs that have adopted cellular telecommunications standards; (ii) 3GPP has published specifications related to GSM, WCDMA, and LTE standards; and (iii) 3GPP2 has published specifications related to 2G CDMA and cdma2000 standards.

53.     Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54.     Defendant denies the allegations set forth in paragraph 54 of the Complaint, except admits that (i) Qualcomm has participated in the cellular standard-setting processes through ETSI, TIA and ATIS and has participated in 3GPP and 3GPP2; (ii) Qualcomm was a leading developer and proponent of CDMA technology, which underlies the 2G CDMA and cdma2000 standards; and (iii) Qualcomm has disclosed patents as potentially essential to the 2G CDMA standard.

55.     Defendant denies the allegations set forth in paragraph 55 of the Complaint,

except admits that (i) Qualcomm has participated in standard-setting processes for 3G; and (ii) Qualcomm has disclosed patents as potentially essential to the WCDMA and cdma2000 standards.

56.    Defendant denies the allegations set forth in paragraph 56 of the Complaint, except admits that (i) Qualcomm introduced a potential 4G technology called Ultra Mobile Broadband; (ii) Qualcomm supported and contributed to the development of LTE standards; and (iii) Qualcomm has disclosed patents as potentially essential to the LTE standard.  Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of paragraph 56 of the Complaint, and on that basis denies them.

57.    Defendant denies the allegations set forth in paragraph 57 of the Complaint, except admits that Qualcomm has committed to certain SSOs that promulgate cellular standards that it will license its standard-essential patents consistent with the respective SSOs' intellectual property rights policy.

58.    Defendant denies the allegations set forth in paragraph 58 of the Complaint, except admits that Qualcomm has licensed its cellular SEPs to many OEMs, and refers to the terms of the relevant license agreements for their contents.

59.    Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60.    Defendant denies the allegations set forth in paragraph 60 of the Complaint, except admits that the document referenced in the third sentence of paragraph 60 exists and refers to that document for its contents.

61.    Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62.    Defendant denies the allegations set forth in paragraph 62 of the Complaint, except admits that Qualcomm enters into supply agreements with OEMs that purchase baseband processors from Qualcomm and refers to those agreements for their contents.

63.    Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint, and on that basis denies them.

65.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint, and on that basis denies them.

66.     Defendant states that the allegations set forth in paragraph 66 are a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 66 of the Complaint, except admits that the doctrine of patent exhaustion exists under the laws of the United States.

67.     Defendant states that the allegations set forth in paragraph 66 are a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint, and on that basis denies them.

68.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint, and on that basis denies them.

69.     Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70.     Defendant denies the allegations set forth in paragraph 70 of the Complaint.

71.     Defendant denies the allegations set forth in paragraph 71 of the Complaint, except admits that the district court opinions cited in paragraph 71 exist, and refers to those opinions for their contents.

72.     Defendant denies the allegations set forth in paragraph 72 of the Complaint.

73.     Defendant denies the allegations set forth in paragraph 73 of the Complaint.

74.     Defendant denies the allegations set forth in paragraph 74 of the Complaint.

75.     Defendant denies the allegations set forth in paragraph 75 of the Complaint.

76. Defendant denies the allegations set forth in paragraph 76 of the Complaint.

77. Defendant denies the allegations set forth in paragraph 77 of the Complaint, except as stated below:

   a. Defendant denies the allegations set forth in paragraph 77(a) of the Complaint.

   b. Defendant denies the allegations set forth in paragraph 77(b) of the Complaint, except refers to its license agreements with OEMs for their contents.

   c. Defendant denies the allegations set forth in paragraph 77(c) of the Complaint, except refers to its license agreements with OEMs for their contents and to patent offices such as the United States Patent and Trademark Office for the number and content of its patents.

   d. Defendant denies the allegations set forth in paragraph 77(d) of the Complaint, except refers to its license agreements with OEMs for their contents.

78. Defendant denies the allegations set forth in paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth in paragraph 79 of the Complaint.

80. Defendant denies the allegations set forth in paragraph 80 of the Complaint.

81. Defendant denies the allegations set forth in paragraph 81 of the Complaint.

82. Defendant denies the allegations set forth in paragraph 82 of the Complaint, except admits that Qualcomm enters into supply agreements with OEMs who purchase baseband processors from Qualcomm, and refers to those agreements for their contents.

83. Defendant denies the allegations set forth in paragraph 83 of the Complaint.

84. Defendant denies the allegations set forth in paragraph 84 of the Complaint.

85. Defendant denies the allegations set forth in paragraph 85 of the Complaint, except admits that email strings containing the language quoted in paragraph 85 exist and refers to those documents for their contents.

86. Defendant denies the allegations set forth in paragraph 86 of the Complaint.

87.    Defendant denies the allegations set forth in paragraph 87 of the Complaint.

88.    Defendant denies the allegations set forth in paragraph 88 of the Complaint.

89.    Defendant denies the allegations set forth in paragraph 89 of the Complaint.

90.    Defendant denies the allegations set forth in paragraph 90 of the Complaint.

91.    Defendant denies the allegations set forth in paragraph 91 of the Complaint.

92.    Defendant denies the allegations set forth in paragraph 92 of the Complaint.

93.    Defendant denies the allegations set forth in paragraph 93 of the Complaint.

94.    Defendant denies the allegations set forth in paragraph 94 of the Complaint.

95.    Defendant denies the allegations set forth in paragraph 95 of the Complaint.

96.    Defendant denies the allegations set forth in paragraph 96 of the Complaint.

97.    Defendant denies the allegations set forth in paragraph 97 of the Complaint, except admits that a document, dated June 2015, referenced in paragraph 97 exists, and refers to the referenced document for its contents.

98.    Defendant denies the allegations set forth in paragraph 98 of the Complaint, except admits that a document, dated June 2015, referenced in paragraph 98 exists, and refers to the referenced document for its contents.

99.    Defendant denies the allegations set forth in paragraph 99 of the Complaint, except admits that, beginning in late 2014, Qualcomm engaged in a high-level review to consider strategic options, including whether to separate Qualcomm's chip and licensing divisions into separate companies.

100.    Defendant denies the allegations set forth in paragraph 100 of the Complaint, except admits that the document referenced in paragraph 100 exists, and refers to that document for its contents.

101.    Defendant denies the allegations set forth in paragraph 101 of the Complaint, except admits that on December 16, 2015, Qualcomm announced the completion of its strategic review, and refers to that announcement for its contents.

102.    Defendant denies the allegations set forth in paragraph 102 of the Complaint.

103.    Defendant denies the allegations set forth in paragraph 103 of the Complaint, except admits that it has offered to certain OEMs funds to be used for strategic or marketing purposes ("strategic funds") that in some cases have accrued based on OEMs' purchase of Qualcomm's baseband processors.

104.    Defendant denies the allegations set forth in paragraph 104 of the Complaint.

105.    Defendant denies the allegations set forth in paragraph 105 of the Complaint, except admits that Qualcomm has accounted for its strategic funds in compliance with generally accepted accounting principles.

106.    Defendant denies the allegations set forth in paragraph 106 of the Complaint.

107.    Defendant denies the allegations set forth in paragraph 107 of the Complaint, except admits that ETSI, TIA and ATIS have intellectual property rights policies.

108.    Defendant denies the allegations set forth in paragraph 108 of the Complaint.

109.    Defendant denies the allegations set forth in paragraph 109 of the Complaint, except admits that on October 6, 1998, Qualcomm filed a Motion for Partial Summary Judgment in *Ericsson Inc. v. Qualcomm Inc.*, No. 96-cv-183 (E.D. Tex. 1996) referenced in the second sentence of paragraph 109, and refers to that document for its contents.

110.    Defendant denies the allegations set forth in paragraph 110 of the Complaint, except admits that on November 2, 2016, Qualcomm filed its 2016 Form 10-K, and refers to that document for its contents.

111.    Defendant denies the allegations set forth in paragraph 111 of the Complaint, except refers to its license agreements with OEMs for their contents.

112.    Defendant denies the allegations set forth in paragraph 112 of the Complaint, except admits that (i) Intel and MediaTek previously have sought a license from Qualcomm to manufacture and sell baseband processors; (ii) Samsung has previously sought a patent agreement from Qualcomm to manufacture and sell baseband processors; and (iii) Qualcomm

13

1  has not entered into an exhaustive license agreement with Intel, MediaTek or Samsung to make

2  and sell baseband processors.

3      113.    Defendant denies the allegations set forth in paragraph 113 of the Complaint.

4      114.    Defendant denies the allegations set forth in paragraph 114 of the Complaint,

5  except admits that some modem chip suppliers that compete with Qualcomm do not purchase

6  baseband processors from Qualcomm.

7      115.    Defendant denies the allegations set forth in paragraph 115 of the Complaint.

8      116.    Defendant denies the allegations set forth in paragraph 116 of the Complaint.

9      117.    Defendant denies the allegations set forth in paragraph 117 of the Complaint,

10  except admits that (i) Apple is not a direct Qualcomm licensee; (ii) Apple employs contract

11  manufacturers; and (iii) at least some of Apple's contract manufacturers are Qualcomm

12  licensees; and states that it is without knowledge or information sufficient to form a belief as to

13  the truth of the allegations regarding the precise contractual arrangements between Apple and its

14  contract manufacturers, and on that basis denies them.

15      118.    Defendant denies the allegations set forth in paragraph 118 of the Complaint,

16  except admits that Apple has filed a complaint in *Apple Inc. v. Qualcomm Incorporated*, No. 17-

17  cv-0108 (S.D. Cal. 2017), in which Apple alleges that Qualcomm has not complied with its

18  FRAND commitments.

19      119.    Defendant denies the allegations set forth in paragraph 119 of the Complaint,

20  except admits that Qualcomm and Apple entered into agreements in 2007, 2011 and 2013, and

21  refers to those agreements for their contents.

22      120.    Defendant denies the allegations set forth in paragraph 120 of the Complaint,

23  except admits that Qualcomm entered into the Marketing Incentive Agreement with Apple, with

24  an effective date of January 8, 2007, and refers to that agreement for its contents.

25      121.    Defendant denies the allegations set forth in paragraph 121 of the Complaint,

26  except admits that Qualcomm entered into the Transition Agreement, with an effective date of

27

28

February 11, 2011, and the First Amendment to the Transition Agreement, with an effective date of January 1, 2013, with Apple, and refers to those agreements for their contents.

122.    Defendant denies the allegations set forth in paragraph 122 of the Complaint, except admits that Qualcomm entered into the Transition Agreement, with an effective date of February 11, 2011, with Apple, and refers to that agreement for its contents.

123.    Defendant denies the allegations set forth in paragraph 123 of the Complaint, except admits that Qualcomm entered into the First Amendment to the Transition Agreement, with an effective date of January 1, 2013, and the Business Cooperation and Patent Agreement, with an effective date of January 1, 2013, with Apple, and refers to those agreements for their contents.

124.    Defendant denies the allegations set forth in paragraph 124 of the Complaint, except admits that Qualcomm entered into the Transition Agreement, with an effective date of February 11, 2011, the First Amendment to the Transition Agreement, with an effective date of January 1, 2013, and the Business Cooperation and Patent Agreement, with an effective date of January 1, 2013, with Apple, and refers to those agreements for their contents.

125.    Defendant denies the allegations set forth in paragraph 125 of the Complaint and further avers:

        a.    Defendant denies the allegations set forth in paragraph 125(a) of the Complaint.

        b.    Defendant denies the allegations set forth in paragraph 125(b) of the Complaint.

        c.    Defendant states that the allegations set forth in paragraph 125(c) of the Complaint are a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph 125(c) of the Complaint.

126.    Defendant denies the allegations set forth in paragraph 126 of the Complaint,

1   except admits that Apple sourced baseband processors exclusively from Qualcomm for certain

2   iPhone and iPad products.

3       127.    Defendant denies the allegations set forth in paragraph 127 of the Complaint.

4       128.    Defendant denies the allegations set forth in paragraph 128 of the Complaint.

5       129.    Defendant denies the allegations set forth in paragraph 129 of the Complaint,

6   except as stated below:

7           a.      Defendant denies the allegations set forth in paragraph 129(a) of the

8       Complaint, except admits that Apple sells large volumes of handsets.

9           b.      Defendant denies the allegations set forth in paragraph 129(b) of the

10      Complaint.

11          c.      Defendant denies the allegations set forth in paragraph 129(c) of the

12      Complaint.

13          d.      Defendant states that it is without knowledge or information sufficient to

14      form a belief as to the truth of the allegations set forth in paragraph 129(d) of the

15      Complaint, and on that basis denies them.

16          e.      Defendant denies the allegations set forth in paragraph 129(e) of the

17      Complaint.

18      130.    Defendant denies the allegations set forth in paragraph 130 of the Complaint.

19      131.    Defendant denies the allegations set forth in paragraph 131 of the Complaint.

20      132.    Defendant states that the second sentence of paragraph 132 of the Complaint is a

21   legal conclusion to which no response is required; to the extent a response is required,

22   Qualcomm denies the allegations set forth in the second sentence of paragraph 132 of the

23   Complaint.  Defendant denies the remaining allegations set forth in paragraph 132 of the

24   Complaint.

25      133.    Defendant denies the allegations set forth in paragraph 133 of the Complaint.

26      134.    Defendant denies the allegations set forth in paragraph 134 of the Complaint.

27

28

135.    Defendant states that the allegations set forth in paragraph 135 of the Complaint state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm admits the allegations set forth in paragraph 135 of the Complaint.

136.    Defendant denies the allegations set forth in paragraph 136 of the Complaint.

137.    Defendant denies the allegations set forth in paragraph 137 of the Complaint.

138.    Defendant denies the allegations set forth in paragraph 138 of the Complaint.

139.    Defendant denies the allegations set forth in paragraph 139 of the Complaint, except admits that certain former modem chip suppliers have sold or exited their modem chip supply businesses and that Intel and MediaTek, among others, continue to compete against Qualcomm for the sale of baseband processors.

140.    Defendant states that the allegations set forth in paragraph 140 are hypothetical allegations to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 140 of the Complaint.

141.    Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint, and on that basis denies them, except admits that competition (among other things) drives Qualcomm to innovate.

142.    Defendant denies the allegations set forth in paragraph 142 of the Complaint, except admits that innovation in mobile technologies offers substantial consumer benefits.

143.    Defendant denies the allegations set forth in paragraph 143 of the Complaint, except admits that (i) Qualcomm is entitled to compensation when others practice its patented inventions; and (ii) the prospect of fair compensation induces risk taking that produces innovation and economic growth.

144.    Defendant denies the allegations set forth in paragraph 144 of the Complaint.

145.    Defendant denies the allegations set forth in paragraph 145 of the Complaint.

146.    Defendant repeats and incorporates by reference its answer to paragraphs 1-145 of the Complaint as if fully set forth herein.

17

147.    Defendant denies the allegations set forth in paragraphs 147, 147(a), 147(b) and 147(c) of the Complaint.

148.    Defendant denies the allegations set forth in paragraph 148 of the Complaint, except admits that Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to issue permanent injunctions against violations of the FTC Act.

## PRAYER FOR RELIEF

Defendant states that the unnumbered wherefore clause and the paragraphs following paragraph 148 of the Complaint are a prayer for relief to which no response is required.  Defendant avers, however, that Plaintiff is entitled to no relief, and that judgment should be entered in Defendant's favor on all Counts of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Qualcomm asserts the following affirmative and other defenses.  In asserting these defenses, Qualcomm does not assume the burden with respect to any issue as to which applicable law places the burden on the Plaintiff.

Qualcomm reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery, and expressly reserves the right to amend its answer to assert such additional defenses.

### First Defense

The Complaint, and each and every claim stated therein, fails to state a claim on which relief can be granted.

### Second Defense

The FTC's claims are barred in whole or in part because Qualcomm's alleged conduct did not lead to the acquisition or maintenance of monopoly power and was lawful, pro-competitive, and based on legitimate business and economic justifications.

**Third Defense**

The FTC's claims are barred in whole or in part because Qualcomm's alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and based on legitimate business and economic justifications.

**Fourth Defense**

The FTC's claims are barred in whole or in part because Qualcomm's alleged conduct has not harmed competition or the competitive process, and was lawful, pro-competitive, and based on legitimate business and economic justifications.

**Fifth Defense**

The FTC's claims are barred in whole or in part because its complaint fails to allege any legally cognizable product market.

**Sixth Defense**

The FTC is not entitled to injunctive relief on conduct that occurred solely in the past.

**Seventh Defense**

The contemplated relief would not be in the public interest because it would, among other things, harm consumers.

**Eighth Defense**

Section 5 of the FTC Act does not prohibit any conduct that is not also prohibited by the Sherman Act.

**Ninth Defense**

Any requested relief that would apply to the licensing of patents issued by a jurisdiction other than the United States would be barred as beyond the reach of the U.S. antitrust laws, including the FTC Act, and/or as an improper application of those laws due to principles of international comity.

1    Dated: July 10, 2017

2                                      CRAVATH, SWAINE & MOORE LLP

3
                                                    /s/ Gary A. Bornstein
4                                              Gary A. Bornstein
                                               Yonatan Even
5
                                       Worldwide Plaza
6                                          825 Eighth Avenue
                                           New York, NY 10019-7475
7                                          Tel:  (212) 474-1000
                                               Fax:  (212) 474-3700
8                                                  gbornstein@cravath.com
                                                   yeven@cravath.com
9
                                       Richard S. Taffet
10                                     Willard K. Tom
                                       Donn P. Pickett
11                                     Geoffrey T. Holtz
                                       MORGAN, LEWIS & BOCKIUS LLP
12                                         One Market, Spear Street Tower
                                           San Francisco, CA  94105-1126
13                                         Tel:  (415) 442-1000
                                               Fax:  (415) 442-1001
14                                                 richard.taffet@morganlewis.com
                                                   willard.tom@morganlewis.com
15                                                 donn.pickett@morganlewis.com
                                                   geoffrey.holtz@morganlewis.com
16
                                       Robert A. Van Nest
17                                     Asim M. Bhansali
                                       Eugene M. Paige
18                                     Justina Sessions
                                       David W. Rizk
19                                     Alexander B. Dryer
                                       KEKER, VAN NEST & PETERS LLP
20                                         633 Battery Street
                                           San Francisco, CA 94111-1809
21                                         Tel: (415)391-5400
                                               Fax: (415) 397-7188
22                                                 rvannest@keker.com
                                                   abhansali@keker.com
23                                                 epaige@keker.com
                                                   jsessions@keker.com
24                                                 drizk@keker.com
                                                   adryer@keker.com
25
                                       Attorneys for Qualcomm Incorporated
26

27
                                               20
28                                                                      Answer
                                                        Case No. 5:17-CV-00220-LHK-NMC