| | |
|---|---|
| Jennifer Milici, D.C. Bar No. 987096<br>J. Alexander Ansaldo, Va. Bar No. 75870<br>Joseph R. Baker, D.C. Bar No. 490802<br>Wesley G. Carson, D.C. Bar No. 1009899<br>Elizabeth A. Gillen, Cal. Bar No. 260667<br>Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20580<br>(202) 326-2912; (202) 326-3496 (fax)<br>*jmilici@ftc.gov* | Lin W. Kahn, Cal. Bar No. 261387<br>Federal Trade Commission<br>901 Market Street, Suite 570<br>San Francisco, CA 94103<br>(415) 848-5115; (415) 848-5184 (fax)<br>*lkahn@ftc.gov* |

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein (*pro hac vice*)<br>gbornstein@cravath.com<br>Yonatan Even (*pro hac vice*)<br>yeven@cravath.com<br>825 Eighth Avenue<br>New York, New York 10019-7475<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Richard S. Taffet (*pro hac vice*)<br>richard.taffet@morganlewis.com<br>101 Park Avenue<br>New York, NY 10022-4689<br>Telephone: (212) 705-7000<br>Facsimile: (212) 752-5378 | MORGAN, LEWIS & BOCKIUS LLP<br>Willard K. Tom (*pro hac vice*)<br>willard.tom@morganlewis.com<br>1111 Pennsylvania Avenue NW<br>Washington, DC 20004-2541<br>Telephone: (202) 739-3000<br>Facsimile: (202) 739 3001<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Donn P. Pickett (SBN 72257)<br>Geoffrey T. Holtz (SBN 191370)<br>geoffrey.holtz@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile: (415) 442-1001 |

Attorneys for Defendant
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>                Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: July 19, 2017<br>TIME: 2:00 PM PDT<br>CTRM: Courtroom 8, 4th Floor<br>JUDGE: Hon. Lucy H. Koh |

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rule 16-10(d), and the Court's April 19, 2017 Case Management Order (ECF No. 75), Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") and Defendant Qualcomm Incorporated ("Defendant" or "Qualcomm") have met and conferred and hereby submit this Joint Case Management Statement.

## I.   CASE MANAGEMENT CONFERENCE

The parties are prepared to appear and participate in the case management conference currently scheduled for July 19, 2017 at 2:00 PM PDT. However, the parties have met and conferred and agree that there are no material issues that need to be presented to the Court at the present time, and that a continuance of the scheduled case management conference for approximately six weeks would be appropriate as, by that time, the discovery process will have progressed such that the parties will be able to more comprehensively apprise the Court of issues that may have arisen and remain unresolved at that time.

The parties therefore jointly propose that the Court continue the July 19, 2017 case management conference until September 6, 2017, or as soon thereafter as the Court's calendar permits. The parties have concurrently filed a stipulated proposed order continuing the hearing. The parties do not anticipate that the proposed continuance will affect any other scheduled date in this matter.

## II.   PROTECTIVE ORDER

On April 27, 2017, pursuant to the Court's April 19, 2017 Case Management Order (ECF No. 75) (the "Case Management Order"), the parties filed a joint stipulated Protective Order Governing Confidential Material (ECF No. 80), which was entered by the Court on May 1, 2017 (ECF No. 81).

On May 23, 2017, non-party Intel Corporation filed a motion for entry of a Supplemental Protective Order governing the production of the highly confidential information of Intel to Qualcomm Inc. (ECF No. 110).  On June 28, 2017, following a hearing on Intel's motion, Magistrate Judge Cousins entered a Supplemental Protective Order Governing Production of Non-Party Intel Corporation's Protected Materials (ECF No. 137).

### III. ESI STIPULATION

On June 30, 2017, the parties filed a joint Stipulated Order Re: Discovery of Electronically Stored Information and Related Discovery Matters (ECF No. 141). On July 3, 2017, Magistrate Judge Cousins signed and entered the Stipulated Order Re: Discovery of Electronically Stored Information and Related Discovery Matters (ECF No. 142).

### IV. MOTIONS

On June 26, 2017, the Court issued an Order denying Qualcomm's Motion to Dismiss. Qualcomm subsequently answered the complaint on July 10, 2017. With the exception of a joint discovery statement to be submitted by the parties to Magistrate Judge Cousins (described in part VII below), there are no other motions currently pending or contemplated.

### V. CASE SCHEDULE

The Court's April 19, 2017 Case Management Order (ECF No. 75) sets forth the major deadlines for the litigation. There are no case scheduling disputes at this time. As part of their ongoing meet-and-confer efforts, the parties are discussing a potential interim deadline for completion of document fact discovery. On July 7, 2017, the FTC proposed to Qualcomm that the parties complete their document productions by no later than October 6, 2017. Qualcomm is considering that proposal in light of the volume of documents to be reviewed and the parties' continuing meet-and-confer discussions about potential additional documents.

### VI. COORDINATION WITH RELATED CASES

The parties agree that discovery in this action and in *In re: Qualcomm Antitrust Litigation*, No. 5:17-md-02773- LHK-NMC (N.D. Cal.) (the "MDL Litigation") should be coordinated, and the parties are working on a form of Coordination Order to be proposed to the Court. On June 21, 2017, Counsel for the MDL plaintiffs provided to Qualcomm a draft discovery coordination order for discussion among MDL plaintiffs, the FTC, and Qualcomm. The FTC is agreeable to coordination along the lines proposed by the MDL plaintiffs. Qualcomm is considering the proposed draft.

With respect to *Apple Inc. v. Qualcomm Incorporated*, No. 3:17-cv-00108-GPC-MDD (S.D. Cal.) (the "Apple Litigation"), the FTC is also prepared to meet and confer with Qualcomm

and with Apple, as this Court and the court hearing Apple's case find appropriate, in an effort to identify and implement any appropriate means of coordinating discovery activities between this action and the Apple Litigation without unduly impairing or delaying proceedings in this action. To that end, the FTC is preparing and intends to propose to Qualcomm a draft discovery coordination order that would encompass the Apple Litigation. Qualcomm is amenable to reasonable and equitable coordination, to the extent feasible given the differing timelines in this action and the Apple Litigation, and has agreed to consider the FTC's proposal. The parties agree that the terms of potential coordination among related cases, or any dispute about such terms, are not yet ripe for determination by the Court.

## VII.   PARTY DISCOVERY

The FTC served its first set of requests for production of documents on Qualcomm on April 25, 2017. Qualcomm served its responses and objections to these requests on May 19, 2017. In addition to the over 1.7 million documents produced over the course of the FTC's pre-complaint investigation, Qualcomm has, to date, produced over 41,000 documents in response to the FTC's requests for production. As part of their ongoing meet-and-confer efforts, the parties are negotiating a final list of custodians and date ranges. Qualcomm has substantially completed its collection of documents from the currently agreed custodians. Given the number of documents, Qualcomm is employing a technology-assisted review model to identify potentially responsive documents for manual review. Manual review of the potentially responsive documents identified by the model is currently being conducted by a team of over 100 review attorneys, as well as a number of more senior attorneys. While the final scope of review is not yet known because the model should continue to learn as review proceeds, the most recent iteration of the model predicts based on the currently agreed custodians that Qualcomm will have to manually review approximately 3 million documents. Qualcomm will continue producing responsive documents on a rolling basis.

Qualcomm served its first set of requests for production of documents on the FTC on April 19, 2017, and it served a second set of requests for production of documents on the FTC on April 24, 2017. The FTC served its responses and objections to the first set of requests on May 19, 2017,

and served its responses and objections to the second set of requests on May 24, 2017. In response to Qualcomm's requests, the FTC has made five productions to Qualcomm totaling over 370,000 documents, comprising substantially all of the ordinary-course business documents produced to it by third parties during the FTC's pre-complaint investigation, along with the transcripts of 18 investigational hearings of third parties conducted by FTC staff during the investigation. The FTC is reviewing its investigative file for additional documents responsive to Qualcomm's requests, and expects to make its sixth production of responsive documents to Qualcomm on or before July 14, 2017. The FTC will continue producing responsive documents on a rolling basis. As part of their ongoing meet-and-confer efforts, the parties are negotiating the scope of any additional collection, review, and production by the FTC.

The parties have reached impasse on one issue and are in the process of finalizing a joint discovery statement pursuant to Magistrate Judge Cousins' Civil Standing Order. The dispute relates to whether the government informant's privilege and principles of international comity protect certain categories of documents from production to Qualcomm.

## VIII.   STATUS OF MEET & CONFER DISCUSSIONS

The parties have met and conferred by telephone at least six times regarding various discovery issues. Topics that remain under discussion between the parties include the following: (1) the scope and methodology of Qualcomm's and the FTC's respective searches for documents responsive to requests for production (including custodians and relevant time periods); (2) the parties' respective objections to each other's requests for production; (3) the establishment of interim deadlines for exchanging privilege logs and completing document discovery; and (4) coordination of discovery with the MDL Litigation and, potentially, the Apple Litigation. The parties have made substantial progress in these areas and intend to continue to meet and confer in an effort to resolve remaining differences. With the exception of the one issue described above that the parties are preparing to submit to Magistrate Judge Cousins, there are no discovery disputes ripe for judicial determination at this time.

## IX. THIRD-PARTY DISCOVERY

Beginning on June 1, 2017, the FTC served subpoenas on 24 third parties and is meeting and conferring with those third parties regarding the scope of their responses.

Beginning on May 18, 2017, Qualcomm served subpoenas on 26 third parties and is meeting and conferring with those third parties regarding the scope of their responses.

Pursuant to the terms of the May 1, 2017 protective order entered by the Court (ECF No. 81), third parties have submitted confidentiality designations with respect to the FTC's production to Qualcomm of third-party documents produced during the FTC's pre-complaint investigation. To date, no third party has produced additional documents in response to a subpoena in this action.

## X. ADR

On June 5, 2017, the parties engaged in an ADR Phone Conference. A further ADR Phone Conference is scheduled for September 12, 2017 at 10:00 AM.

Dated:  July 12, 2017

Respectfully submitted,

FEDERAL TRADE COMMISSION,


 */s/ Jennifer Milici*
Jennifer Milici
Wesley G. Carson
J. Alexander Ansaldo
Joseph R. Baker
Elizabeth A. Gillen
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2912; (202) 326-3496 (fax)
jmilici@ftc.gov

*Attorneys for Federal Trade Commission*

CRAVATH, SWAINE & MOORE LLP,


_/s/ *Gary A. Bornstein*_
Gary A. Bornstein
Yonatan Even

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

**FILER'S ATTESTATION**

I, Jennifer Milici, am the ECF user whose identification and password are being used to file this Joint Case Management Conference Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

                                                */s/ Jennifer Milici*