UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL VALENTI, et al.,

    Plaintiffs,

v.

DFINITY USA RESEARCH LLC, et al.,

    Defendants.

Case No. 21-cv-06118-JD

**ORDER RE MOTION TO DISMISS**

In this securities action, defendants' motion to dismiss, Dkt. No. 143, is granted, and plaintiffs' second amended complaint, Dkt. No. 139 (SAC), is dismissed with leave to amend.

## I.    SECURITIES ACT CLAIMS

Defendants seek the dismissal of plaintiffs' claims under Sections 12(a)(1) and 15 of the Securities Act as "time-barred under Section 13's three-year statute of repose." Dkt. No. 143 at 4. Defendants say that the "three-year period begins when the security is first bona fide offered," *id*. (quoting *P. Stolz Fam. P'ship L.P. v. Daum*, 355 F.3d 92, 99-100 (2d Cir. 2004)), and that here, plaintiffs themselves have alleged that "Dfinity first offered ICP to the public shortly after February 2017," outside of the three-year period. Dkt. No. 143 at 5.

Defendants highlight the SAC's allegations that "[i]n February 2017, Williams announced that the Foundation would fundraise for the blockchain's development by collecting donations in public 'seed' and 'main' rounds, in which Ethereum-based smart contracts would record contributions (donations) to the Foundation." SAC ¶ 29 (cleaned up); Dkt. No. 143 at 5. While "[n]o actual tokens were sold through this fundraising," Williams is alleged to have explained that, "once the blockchain was 'sufficiently mature,' the Foundation would . . . recommend that donors eventually receive ICP tokens in proportion to their donations." SAC ¶ 29 (emphases omitted). The SAC goes on to allege that on May 10, 2021, the date of the ICO (initial coin offering), "ICP

1   tokens [were] allocated to individual donors who participated in the Foundation's February 2017
2   'seed' fundraiser." *Id*. ¶ 53.
3       Plaintiffs say they have alleged that "no ICP tokens were issued, sold, or otherwise made
4   available for trading more than three years before this action was filed, *i.e.*, before August 8,
5   2018." Dkt. No. 145 at 5 (citing SAC ¶¶ 29-32). That may be, but they offer no response to
6   defendants' argument that even under plaintiffs' own allegations in the SAC, ICP was genuinely
7   offered to the public in February 2017. *See Zakinov v. Ripple Labs, Inc.*, No. 18-cv-06753-PJH,
8   2020 WL 922815, at *9 (N.D. Cal. Feb. 26, 2020) ("courts may find a first bona fide offer based
9   upon a defendant's 'clear objective attempts to secure purchasers'") (quoting *Stolz*, 355 F.3d at
10  104 n.7).
11      On the current state of the pleadings and motion to dismiss briefing, dismissal of plaintiffs'
12  Section 12(a)(1) and Section 15 claims as time-barred is consequently warranted.

## II.   EXCHANGE ACT CLAIMS

14      For the Exchange Act claims, plaintiffs' Section 10(b) claim is dismissed as inadequately
15  pleaded. "To plead a claim under Section 10(b) and Rule 10b-5, [plaintiff] must allege: (1) a
16  material misrepresentation or omission; (2) scienter; (3) a connection between the
17  misrepresentation or omission and the purchase or sale of a security; (4) reliance; (5) economic
18  loss; and (6) loss causation." *Purple Mountain Trust v. Wells Fargo & Co.*, 432 F. Supp. 3d 1095,
19  1101 (N.D. Cal. 2020) (citations omitted). In this securities fraud action, the circumstances
20  constituting the alleged fraud must be stated with particularity under Federal Rule of Civil
21  Procedure 9(b). In addition, pursuant to the Private Securities Litigation Reform Act of 1995
22  (PSLRA), the complaint must "specify each statement alleged to have been misleading [and] the
23  reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). For each alleged
24  misstatement or omission, the complaint must also "state with particularity facts giving rise to a
25  strong inference that the defendant acted with the required state of mind." *Id.* § 78u-4(b)(2)(A).
26      Defendants contest the adequacy of plaintiffs' pleadings on the falsity, scienter, and loss
27  causation elements. *See* Dkt. No. 143 at 8. The Court agrees that the falsity and scienter
28  allegations are insufficient, and declines to take up the loss causation arguments at this time.

Among other issues, on falsity, defendants have rightly pointed out that "transfers" are not necessarily sales. *See id.* at 9; Dkt. No. 146 at 6; *and compare with* SAC, Ex. A at 1-2 ("Reasons Why False & Misleading When Made" for Statements Nos. 1-4). In addition, plaintiffs' complaint allegations that were made "[a]ccording to a June 28, 2021 report by Arkham Intelligence," SAC ¶¶ 58-59, and "[a]ccording to a group of Dfinity employees," *id.* ¶ 60, are insufficient. Plaintiffs have pleaded no particularized facts establishing why these sources are reliable.

Plaintiffs' scienter pleadings are also impermissibly conclusory, as they lead with the assertion that "[a]s the founder and Chief Scientist of the Foundation and CEO of Dfinity USA, Williams necessarily had knowledge of Dfinity's decisions regarding the issuance and sale of billions of dollars in ICP, as well as any lock-up or vesting restrictions applicable to ICP tokens." SAC, Ex. A at 1 ("Facts giving Rise to Strong Inference of Scienter" for Statement Nos. 1-7) (citations omitted). For securities fraud scienter, "the ultimate question is whether the defendant knew his or her statements were false, or was consciously reckless as to their truth or falsity." *Gebhart v. SEC*, 595 F.3d 1034, 1042 (9th Cir. 2010). Plaintiffs' conclusory, "he must have known" allegations are insufficient to meet their burden under the PSLRA to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A).

Because plaintiffs have not adequately pleaded a predicate violation of the securities laws, plaintiffs' Section 20A claim and Section 20(a) control person claims are also dismissed.

For all claims dismissed in this order, plaintiffs will have a final opportunity to amend. An amended complaint may be filed by April 8, 2025. A failure to meet that deadline without express approval will result in a dismissal of the case under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 25, 2025

JAMES DONATO
United States District Judge

3